1  Douglas R. Hart, SBN 115673
   dhart@sidley.com
2  Geoffrey D. DeBoskey, SBN 211557
   gdeboskey@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
4  Los Angeles, California 90013
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  **Attorneys for Defendants**



FILED
CLERK, U.S. DISTRICT COURT

JAN 2 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7

8         **UNITED STATES DISTRICT COURT**
     **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9  JOE BRAUN, JEFF HAILPERN,          Case No. CV13-00607-GW
10 YOLANDA GARCIA, EFREN                        (JCx)
   GARCIA, LONNIE COX, AARON
11 DANCHIK, HAITHAM BIBI, JOLENE      **DEFENDANTS' NOTICE OF**
   COFFMAN, and JESSICA               **REMOVAL**
12 PICKERING,
                                      State Action Filed:    April 5, 2011
13       Plaintiffs,
                                      First Amended Complaint
14       v.                           Filed: January 18, 2013

15 SAFECO INSURANCE COMPANY
   OF AMERICA, LIBERTY MUTUAL
16 INSURANCE COMPANY and DOES 1
   through 50, inclusive,
17
         Defendants.
18

19

20

21

22

23

24

25

26

27

28

LA1 2596569v.5

# NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company hereby remove the action captioned *Joe Braun, et al. v. Safeco Insurance Company of America, et al.*, Case No. BC458779 (the "State Court Action"), from the California Superior Court for the County of Los Angeles to this court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and Federal Rules of Civil Procedure, Rule 81(c), on the grounds that the First Amended Complaint, filed January 18, 2013, has now and for the first time made this case removable.  In support of this Notice, Defendants state as follows:

## REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

1.    The Class Action Fairness Act ("CAFA") amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction where the following factors are met:

a.    the aggregate amount in controversy exceeds $5,000,000;

b.    any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

c.    the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

d.    the number of members of the plaintiff class is 100 or more.

§ 1332(d)(2); *see also Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

2.     Under § 1453, a defendant may remove a class action to federal court in accordance with the requirements set forth in § 1446. [1]

**A.     Minimal Diversity**

3.     Plaintiff Joe Braun is a member of the putative class and is a citizen of the State of California.  Am. Compl. ¶ 4.

4.     Defendant Safeco Insurance Company of America is a citizen of the State of New Hampshire, which is its state of incorporation, and the State of Massachusetts, which is its state of principal place of business.  Declaration of Brian Duval ("Duval Decl.") ¶ 4.

5.     Defendant Liberty Mutual Insurance Company is a citizen of the State of Massachusetts, which is its state of incorporation and the state of its principal place of business.  Duval Decl. ¶ 4.

6.     Because Joe Braun is a citizen of California and Defendant Safeco Insurance Company of America is a citizen of New Hampshire and Massachusetts, and Liberty Mutual Insurance Company is a citizen of Massachusetts, the minimal diversity requirement of the CAFA is met.

7.     Additionally, Defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief.

**B.     Class Size and Amount in Controversy**

8.     On or about April 5, 2011, plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia and Efren Garcia filed the State Court Action.  Their initial Complaint ("Original Complaint" or "Compl.") alleged certain California law wage-and-hour

---

[1] The one-year limitation for removal under § 1446(c)(1) does not apply to the removal of class actions under § 1453.  *See* 28 U.S.C. § 1453(b).

LA1 2596569v.5

claims on behalf of a putative class of allegedly "low-level" automobile insurance claim investigators and adjusters employed by Safeco Insurance Company of America since March 2007. *See* Compl. ¶¶ 12–15, 17.

9. Based on Defendants' employment records, the putative class at issue in the Original Complaint involved less than 100 members. *See* Duval Decl. ¶ 8. The Original Complaint did not allege an amount in controversy but, based on the allegations and claims, the amount in controversy was less than $5,000,000. *Id.* ¶ 15.

10. The First Amended Complaint, deemed filed January 18, 2013, has added new plaintiffs and has expanded substantially the putative class definitions to include a wider range of Defendants' employees. *E.g.*, Am. Compl. ¶¶ 17–18, 22. As a result, the putative class size now exceeds 100 members, and the numerosity requirement under the CAFA is met. *See* Duval Decl. ¶ 10.

11. In addition, with the expanded putative class under the First Amended Complaint, the aggregated amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000); Duval Decl. ¶ 15.

12. The calculations relating to the value of the claims at issue in the lawsuit (both for the Original Complaint and the First Amended Complaint) were based on Defendants' actual employment records showing the number of weeks each putative class member worked in a job classification encompassed by the applicable putative class definition as well as each person's lowest rate of pay in each applicable job classification. *See* Duval Decl. ¶¶ 2, 11–15.

13. Plaintiffs have not yet alleged or disclosed information relating to the number of alleged violations they are seeking for each claim (*e.g.*, the number of alleged unpaid overtime hours or meal period violations per week). Therefore, in order to calculate the amount of alleged damages, Defendants used conservative assumptions based upon the minimum number of violations normally alleged in

similar putative class action lawsuits seeking relief for alleged misclassification and off-the-clock work violations. *See id.*; *see generally* Declaration of Geoffrey D. DeBoskey.

## C.   CAFA Exceptions Are Not Applicable

14.   Further, while § 1332(d)(3) & (4) does recognize situations where this court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Defendants are not citizens of California. *See* § 1331(d)(3) (discretionary declination of jurisdiction limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and § 1332(d)(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* § 1331(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed"). Additionally, Plaintiffs shoulder the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (adopting this rule and citing *Hart*).

## **TIMELINESS OF REMOVAL**

15.   Defendants' Notice of Removal is timely because (a) the case first became removable, and Defendants first received notice of such, upon the filing of the First Amended Complaint on January 18, 2013, which substantially expanded the scope of the putative class and potential amount in controversy; and (b) this Notice is being filed within 30 days of such time.

16.     As set forth above, the initial pleading in the State Court Action presented no basis for removal under the CAFA because the putative class included less than 100 members and the aggregate amount in controversy was less than $5,000,000. *See* § 1332(d)(5)(B); Duval Decl. ¶¶ 8, 15.

17.     On November 8, 2012, the parties filed a Stipulation to filing the First Amended Complaint and on that same day, Plaintiffs lodged (but did not file) the First Amended Complaint with the Court.

18.     On November 9, 2012, the Superior Court signed an order directing that the First Amended Complaint would be "deemed filed and served upon Plaintiffs' service of notice of the Court's approval of this stipulate and execution of the proposed Order." For whatever reason, neither party was informed that the Proposed Order was signed, and there is no indication on the docket that the signed order was in fact entered. On January 18, 2013, Plaintiffs were informed that the Order had been signed and served Notice of Signing of Order Granting Plaintiffs Leave to File a First Amended Complaint that same day.

19.     Accordingly, January 18, 2013, is the day the First Amended Complaint was filed and that Defendants received notice that the case became removable. Therefore, January 18, 2013, is the operative date for determining the timeliness of Defendants' Notice of Removal. Pursuant to § 1446(b)(3), if an action is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." This thirty-day removal period does not commence until, at a minimum, the defendant becomes aware that the amended complaint is accepted for filing. Only at that point – as opposed to when an amended complaint is merely proposed – does the amended complaint have any legal effect to make the case in fact removable. *See Freeman v. Blue Ridge Paper Prods., Inc.,* 551 F.3d 405, 409–10 (6th Cir. 2008) (case does not become removable until actual and

1  effective amendment of complaint); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th
2  Cir. 1998) (mere filing of motion to amend does not trigger time to remove because
3  case is not actually removable until motion is granted); *Lucente S.P.A. v. Apik*
4  *Jewelry, Inc.*, No. CV-07-04005, 2007 WL 7209938, at * 5 (C.D. Cal. Oct. 3, 2007)
5  (collecting cases); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D.
6  Cal. 2000) ("Under *Sullivan*, removal jurisdiction based on an amended pleading
7  arises only after the subsequent pleading becomes operative.  Similarly, removal in
8  this case based on the addition of parties or claims, if available at all, will become
9  available only upon the filing of an amended complaint."); *cf. Durham v. Lockheed*
10  *Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("[W]e don't charge defendants
11  with notice of removability until they've received a paper that gives them enough
12  information to remove.").

13      20.    Here, the amendment making this case removable became operative on
14  January 18, 2013, and Defendants were provided notice that the amendment was
15  accepted on that same day.  Because this Notice of Removal is being filed within
16  thirty days of January 18, 2013, the Notice of Removal is timely.

17
18                         **VENUE**
19      21.    Venue is proper in the Central District of California pursuant to § 1441(a)
20  because the county in which the State Court Action was pending is found within this
21  court's district.

22
23                       **DEFENSES**
24      22.    The removal of this action to the Central District of California does not
25  waive Defendants' ability to assert any defense in this action.

26
27
28

## PLEADINGS

23.    Pursuant to § 1446(a), a copy of all process, pleadings, and orders served on Defendants to date, is attached as Exhibit A.

## NOTICE TO PLAINTIFFS AND THE STATE COURT

24.    Pursuant to § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiffs, Defendants are filing in the Los Angeles Superior Court and serving upon counsel for Plaintiffs a separate document entitled "Notice to Adverse Parties of Removal to Federal Court."

Accordingly, Defendants respectfully request that the State Court Action be removed in its entirety to this court.

Dated:      January 28, 2013

SIDLEY AUSTIN LLP

By:

Douglas R. Hart, SBN 115673
dhart@sidley.com
Geoffrey D. DeBoskey, SBN 211557
gdeboskey@sidley.com
Attorneys for Defendants

DEFENDANTS' NOTICE OF REMOVAL

LA1 2596569v.5

# EXHIBIT A

1/25/13                                   Los Angeles Superior Court - Civil Case Summary

## Superior Court of California
## County of Los Angeles

**Civil**

General
Information

**Case Document
Images**

**Party Name
Search**

Case Summary

Calendars

Civil Court
Caseload

Judicial Officers
Rulings

Courtroom
Information

Tools for
Litigators

ADR

Forms

Fees

Court Rules

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the
case number displayed on this page.

**Case Number:** BC458779
JOE BRAUN ET AL VS SAFECO INSURANCE COMPANY OF AMERICA ET AL

**Filing Date:** 04/05/2011
**Case Type:** Other Employment Complaint (General Jurisdiction)
**Status:** Pending

---

**Future Hearings**

**01/29/2013** at 10:00 am in department 323 at 600 South Commonwealth Ave., Los
Angeles, CA 90005
Order to Show Cause (WHY THIS CASE SHOULD NOT BERELATED TO JCCP4234-
LIBERTY MUTUALOVERTIME CASES)

**03/19/2013** at 09:00 am in department 12 at 111 North Hill Street, Los Angeles,
CA 90012
Status Conference

---

Documents Filed | Proceeding Information

**Parties**

BRAUN JOE - Plaintiff/Petitioner

DEBOSKEY GEOFFREY D. ESQ. - Attorney for Defendant/Respondent

DESIMONE V. JAMES ESQ. - Attorney for Plaintiff/Petitioner

DOES 1 THROUGH 50 - Defendant/Respondent

GARCIA EFREN - Plaintiff/Petitioner

GARCIA YOLANDA - Plaintiff/Petitioner

HAILPERN JEFF - Plaintiff/Petitioner

HART DOUGLAS R. - Attorney for Defendant/Respondent

LIBERTY MUTUAL INSURANCE COMPANY - Defendant/Respondent

RAPKIN MICHAEL ESQ. - Attorney for Plaintiff/Petitioner

SAFECO INSURANCE COMPANY OF AMERICA - Defendant/Respondent

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

**Exhibit A-001**        1/1



## Superior Court of California
## County of Los Angeles

Civil

General
Information

**Case Document
Images**

**Party Name
Search**

Case Summary

Calendars

Filing Court
Locator

Tentative
Rulings

Courtroom
Information

Online
Dictionary

ADR

Forms

Fees

Court Rules

© 2004 Interactive
Systems, Inc.
Technology Bureau

**Documents Filed** (Filing dates listed in descending order)

Click on any of the below link(s) to see documents filed on or before the date
indicated:
06/02/2011

**01/22/2013** Miscellaneous-Other (BRAUN PLAINTIFFS' STATEMENT RE ORDER TO
SHOW CAUSE AS TO WHY CASE SHOULD NOT BE RELATED TO JCCP4234 )
Filed by Attorney for Plaintiff/Petitioner

**01/11/2013** Reply/Response
Filed by Attorney for Plaintiff/Petitioner

**11/13/2012** Notice of Lodging (OF FIRST AMENDED COMPLAINT )
Filed by Attorney for Pltf/Petnr

**11/09/2012** Stipulation (STIPULATION TO ALLOW FILING OF FIRST AMENDED
COMPLAINT )
Filed by Attorney for Plaintiff/Petitioner

**10/30/2012** Notice (OF RELATED CASE #JCCP4234 )
Filed by Attorney for Pltf/Petnr

**10/30/2012** Miscellaneous-Other (PLFT'S STATUS CONERENCE STMT FOR
NOVEMBER 1, 2012 STATUS CONFERENCE; SET FOR 11/1/12 )
Filed by Attorney for Plaintiff/Petitioner

**08/01/2012** Receipt (CIVIL DEPOSIT FOR JURY FEES IN THE AMOUNT OF $150.00 )
Filed by Attorney for Plaintiff/Petitioner

**07/06/2012** Report-Status (JOINT CASE STATUS UPDATE )
Filed by Attorney for Deft/Respnt

**05/10/2012** Notice of Reassignment and Order (FILED )
Filed by Attorney for Plaintiff/Petitioner

**05/07/2012** Notice of Reassignment and Order
Filed by Clerk

**04/26/2012** Statement-Case Management
Filed by Attorney for Plaintiff/Petitioner

**04/23/2012** Statement-Case Management
Filed by Attorney for Defendant/Respondent

**04/10/2012** Stipulation and Order (RE PROTECTIVE ORDER RE THE PRODUCTION OF
CONFIDENTIAL DOCUMENTS AND OTHER DESIGNATED INFORMATION; )
Filed by Attorney for Defendant/Respondent

**01/26/2012** Response
Filed by Attorney for Defendant/Respondent





Civil

General
Information

**Case Document
Images**

**Party Name
Search**

Case Summary

Calendars

Shing Court
Locator

Tentative
Rulings

Courtroom
Courtroom

Reporter
Counters

ADR

Forms

Fees

Court Rules

**01/25/2012** Statement-Case Management
Filed by Attorney for Plaintiff/Petitioner

**09/30/2011** Reply/Response
Filed by Attorney for Defendant/Respondent

**09/26/2011** Opposition Document
Filed by Attorney for Plaintiff/Petitioner

**08/23/2011** Notice-Related Cases
Filed by Attorney for Plaintiff/Petitioner

**08/09/2011** Statement-Case Management
Filed by Attorney for Defendant/Respondent

**08/02/2011** Statement-Case Management
Filed by Attorney for Plaintiff/Petitioner

**06/07/2011** Notice-Case Management Conference
Filed by Clerk

Click on any of the below link(s) to see documents filed on or before the date
indicated:
TOP   08/02/2011

**06/02/2011** Answer
Filed by Attorney for Defendant/Respondent

**05/02/2011** Affidavit of Prejudice--Peremptory
Filed by Attorney for Plaintiff/Petitioner

**05/02/2011** Objection Document (PLNTFFS' OBJ TO COURT'S ORDER
DESIGNATIONG CASE AS NON-COMPLEX )
Filed by Attorney for Plaintiff/Petitioner

**04/05/2011** Complaint

Click on any of the below link(s) to see documents filed on or before the date
indicated:
TOP   08/02/2011

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**11/01/2012** at 09:00 am in Department 12, Barbara A. Meiers, Presiding
Status Conference - **Continued by Court**

**07/11/2012** at 08:30 am in Department 12, Barbara A. Meiers, Presiding
Further Status Conference - **Continued by Court**

Exhibit A-003

91344
A0024

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

complex

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 05 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
            Gina Order

10  Attorneys for Plaintiffs

324CCW Emilie H. Elias

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 15  JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, and EFREN GARCIA, individually and on behalf of all others similarly situated | Case No:  **BC 458779** |
| 17                  Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 18          vs. | **CLASS ACTION** (California Code of Civil Procedure §382) |
| 19  SAFECO INSURANCE COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY and DOES 1 through 50, inclusive | 1.   **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE § 1194)** |
| 21          Defendants. | 2.   **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7)** |
| | 3.   **WAITING TIME PENALTIES (CAL. LABOR CODE § 203)** |
| | 4.   **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LABOR CODE § 226)** |
| | 5.   **UNFAIR BUSINESS PRACTICES (CAL. BUSINESS AND PROFESSIONS** |

CIT/CASE: BC458779 LEA/DEFR:
RECEIPT #: CDN507417048
DATE PAID: 04/05/11
AMOUNT RECEIVED: 435.00
03-03:06 PM
0310

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A-004

CODE §§ 17200 ET SEQ.)

6.   PRIVATE ATTORNEY
     GENERAL ACT (CAL. LABOR
     CODE §§ 2698 ET SEQ.)

DEMAND FOR JURY TRIAL

JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, and EFREN GARCIA (individually and collectively referred to as "PLAINTIFFS"), as individuals, and on behalf of themselves and all others similarly situated, complain and allege, on information and belief, the following against DEFENDANTS SAFECO INSURANCE COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY and DOES 1-50 (individually and collectively referred to as "DEFENDANTS"):

## JURISDICTION AND VENUE

1.     The Court has personal jurisdiction over DEFENDANTS because they are residents of and/or doing business in the State of California.

2.     Venue is proper in this Court in accordance with Section 395(a) of the California Code of Civil Procedure because DEFENDANTS, or some of them, reside in Los Angeles County.  Moreover, DEFENDANTS operate locations within this County and have employed and do employ certain PLAINTIFFS in Los Angeles County.   Also, the harms alleged occurred in Los Angeles County and other California Counties.

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PARTIES**

3.      DEFENDANTS SAFECO INSURANCE COMPANY OF AMERICA
(hereinafter "SAFECO"), LIBERTY MUTUAL INSURANCE COMPANY (hereinafter
"LIBERTY MUTUAL") and DOES 1 through 50, at all relevant times, were corporations,
limited liability companies associations and/or other business entities conducting business in the
State of California, including Los Angeles County.  PLAINTIFFS are informed and believe and
thereon allege that in or about September 2008, Defendant Liberty Mutual Insurance Company
acquired Defendant Safeco Insurance Company of America.

4.      PLAINTIFFS JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, and
EFREN GARCIA, at all relevant times, were non-exempt employees of DEFENDANTS and
were citizens of the State of California.   PLAINTIFFS and all other similarly situated employees
were regularly and systematically denied overtime pay, denied meal and rest breaks and were
subjected to other violations of the California Labor Code, Wage Orders of the California
Industrial Welfare Commission and similar provisions of California law.

5.      PLAINTIFF JOE BRAUN was employed by DEFENDANT SAFECO in Los
Angeles County from approximately 1982 until March, 2010, whereupon he resigned his
employment.  From March 2007 through March 2010, BRAUN worked as a Quality Assurance
Re-inspector, also known as a Physical Damage Field Examiner.  At all relevant times, Plaintiff
was a resident of Los Angeles County.

6.      PLAINTIFF JEFF HAILPERN has been employed by DEFENDANT SAFECO
from approximately March 1998 until the present. From March 2007 through the present,
HAILPERN worked as a Quality Assurance Re-inspector, also known as a Physical Damage
Field Examiner. At all relevant times, Plaintiff was a resident of Los Angeles County.

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    7.    PLAINTIFF YOLANDA GARCIA was employed by DEFENDANT SAFECO as

2    a Senior Inside Claims Representative from approximately January 2007 through the present. At

3    all relevant times, Plaintiff was a resident of Riverside County.

4

5    8.    PLAINTIFF EFREN GARCIA has been employed by DEFENDANT SAFECO as

6    a bodily injury automobile inspector from approximately January 2007 through the present. At

7    all relevant times, Plaintiff was a resident of Riverside County.

8

9    9.    The true names and capacities of defendants named herein as DOES 1 through 50,

10    inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS,

11    who therefore sue such defendants by such fictitious names. PLAINTIFFS allege that each of the

12    DEFENDANTS designated herein as a DOE is legally responsible in some manner for the

13    unlawful acts referred to herein. PLAINTIFFS will amend this Complaint to show the true

14    names and capacities when they have been determined.

15

16    10.    At all times mentioned herein, DEFENDANTS, and each of them, were the

17    agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates,

18    each of the other, and at all times pertinent hereto were acting within the course and scope of

19    their authority as such agents, representatives, employees, successors, assigns, parents,

20    subsidiaries and/or affiliates.

21

22    **FACTS COMMON TO ALL CAUSES OF ACTION**

23    11.    Throughout their employment with DEFENDANTS, PLAINTIFFS were non-

24    exempt employees who, under California law, are and were entitled to overtime compensation

25    and meal and rest breaks. Nonetheless, DEFENDANTS systematically failed to pay overtime

26    compensation and failed to provide rest and meal breaks to PLAINTIFFS and members of

27    PLAINTIFF CLASS.

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

12.     Since March 2007 (and prior thereto), PLAINTIFFS were employed in California by Defendant Safeco Insurance Company of America ("Safeco") to process low level automobile insurance claims. Plaintiffs Braun and Hailpern physically inspected the automobile damage and reported their findings. Plaintiff Yolanda Garcia only processed claims involving property damage while Plaintiff Efren Garcia processed claims that would also include minor bodily injuries as well as property damage. PLAINTIFFS would typically process at least 80 claims per month and the majority of those claims involved less than $3,000 in damages. The maximum amount of settlement authority on an individual claim was $15,000. PLAINTIFFS were closely supervised and their job duties were highly regulated by Safeco. PLAINTIFFS were expected to process a large amount of low level claims and had very limited discretion in the manner in which they performed their duties.

13.     From March 2007 (and prior thereto) until approximately January 2009, Plaintiffs and their co-workers were classified by Safeco as non-exempt employees and were entitled to overtime pay for all work in excess of 8 hours per day and 40 hours per week. However, despite the fact that they were classified as non-exempt, Plaintiffs Braun and Hailpern and other similarly situated automobile property damage claims processors known as Quality Assurance Reinspectors were informed by their supervisor, in or around 2001, that they would not be paid for any overtime work and that no overtime would be approved, despite the fact that their job duties regularly required that they work overtime. In fact, even though the workforce was reduced and, therefore, the amount of overtime hours for the remaining employees increased, PLAINTIFFS were still not permitted to enter their overtime hours into the electronic time management system. As a result, Plaintiffs Braun and Hailpern and other Quality Assurance Reinspectors were regularly required to work "off the clock" in order to complete their job duties. Moreover, upon information and belief, and thereon alleged, other automobile claims processors worked many "off the clock" hours. Upon information and belief, and thereon alleged, this policy of not allowing plaintiffs to record their overtime hours was enforced through

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   intimidation, including the threat of job termination, and lasted until Defendants implemented a

2   policy change in or about June 2010.

3

4       14.    Effective January 1, 2009, after Safeco was acquired by Defendant Liberty Mutual,

5   Plaintiffs Braun, Hailpern, Yolanda Garcia, Efren Garcia, and other similarly situated claims

6   representatives and physical damage inspectors were re-classified by Defendants from "non-

7   exempt" to "exempt" even though their job duties remained the same and the amount of work

8   that they had to do remained the same or increased.   As a result of this re-classification,

9   Plaintiffs and other similarly situated employees were denied overtime wages, even though they

10   regularly worked more than 8 hours per day and/or more than 40 hours per week, and also

11   regularly were not able to take meal or rest breaks due to their pressing work load.

12

13       15.    In or about September 2009, Plaintiffs Braun and Hailpern, and other physical

14   damage inspectors were re-classified as being "non-exempt" and therefore entitled to overtime.

15   Furthermore, in October 2010, Yolanda Garcia, along with all other Safeco automobile property

16   damage claims representatives were re-classified as being "non-exempt" and therefore entitled to

17   overtime.   However, Plaintiff Efren Garcia, and other claims representatives whose duties also

18   included processing for minor bodily injury claims, remain classified as "exempt" and continue

19   to be denied overtime pay by Defendants, even though their primary job duties required them to

20   perform non-administrative duties.

21

22       16.    PLAINTIFFS allege that they and other similarly situated claims processors and

23   physical damage inspectors are and were not subject to the Administrative Exemption for several

24   reasons, including but not limited to the following:

25       a) they were/are not engaged in work directly related to management policies or general

26   business operations; and/or

27       b) they did/do not customarily and regularly exercise discretion and independent

28

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A-009

1  judgment; and/or

2          c) they did/do not regularly and directly assist others employed in a bona fide executive

3  or administrative capacity; and/or

4          d) they did/do not work along specialized or technical lines requiring special training,

5  experience, or knowledge.

6   Accordingly, PLAINTIFFS and other similarly situated lower level claims processors are not

7  and were not exempt under the Administrative Exemption. (IWC Wage Order 4-2001 section

8  1(A)(2)).

9

10                        **CLASS ACTION ALLEGATIONS**

11      17.     PLAINTIFFS bring this action on behalf of themselves and all others similarly

12  situated as a class action pursuant to California Code of Civil Procedure Section 382. The class

13  that PLAINTIFFS seeks to represent (herein referred to as " PLAINTIFF CLASS") is composed

14  of DEFENDANTS' employees and former employees who suffered injuries or damages and/or

15  were otherwise denied wages and monies to which they were entitled within the applicable

16  statutes of limitation and is defined as follows:

17              All persons who worked for Safeco Insurance Company, whose

18              primary job duties were to process automobile insurance claims or inspect

19              automobile damage, and whose settlement authority was in

20              an amount no greater than $15,000, who were denied over time

21              payments and/or meal and rest breaks to which they were entitled

22              pursuant to the California Labor Code, the California Industrial Welfare

23              Commission's ("IWC") Wage Orders and all other applicable California

24              employment laws and regulations.

25  The Class includes the following three (3) sub classes:

26

27

28

                                        7
                 **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    **Safeco automobile property damage claims adjusters misclassification sub class:**   This sub

2    class, which includes Plaintiff Yolanda Garcia, is defined as:

3              All persons who worked for Safeco Insurance Company, whose

4              primary job duties were to process automobile insurance property

5              claims, and who had settlement authority in an amount no greater

6              than $15,000, who were mis-classified as being exempt from

7              California's wage and hour laws from approximately January 2009

8              through approximately October 2010.

9

10   **Safeco automobile property damage field inspectors "off the clock" sub class:**   This sub

11   class, which includes Plaintiffs Braun and Hailpern  is defined as:

12             All persons who worked for Safeco Insurance Company, whose

13             primary job duty was to  inspect automobile damage, who were

14             required to work off the clock and therefore denied overtime from

15             approximately March 2007 through June 2010, and who were mis-

16             classified as being exempt from California's wage and hour laws

17             from approximately January 2009 through September 2009.

18

19   **Safeco automobile bodily injury claims adjusters misclassification sub class:**

20   This sub class, which includes Plaintiff Effren Garcia  is defined as:

21             All persons who worked for Safeco Insurance Company, whose

22             primary job duties were to process automobile insurance property

23             damage and bodily injury claims, with a settlement authority no

24             greater than $15,000, who were mis-classified as being exempt

25             from California's wage and hour laws from approximately January

26             2009 through the present.

27

28

                                      8
             COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

18.     The members of the class are so numerous that joinder of all members would be unfeasible and not practicable.  The membership of the entire class is unknown to PLAINTIFFS at this time; however, it is estimated that the entire class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS.

19.     There are common questions of law and fact as to the class and sub-classes which predominate over questions affecting only individual members including, without, limitation:

A.     Whether DEFENDANTS denied the PLAINTIFF CLASS overtime pay to which they were entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations;

B.  Whether DEFENDANTS denied the PLAINTIFF CLASS meal and/or rest breaks pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations;

C.     Whether DEFENDANTS owe members of the PLAINTIFF CLASS waiting time penalties pursuant to Cal. Labor Code § 203;

D.     Whether DEFENDANTS failed to provide the PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor Code § 226;

E.     Whether the failure of DEFENDANTS to provide accurate itemized statements was knowing and intentional thereby entitling the PLAINTIFF CLASS to penalties;

F.     Whether DEFENDANTS engaged in unfair business practices;

G.     The effect upon and the extent of damages suffered by PLAINTIFF CLASS and the appropriate amount of compensation.

20.     The claims of PLAINTIFFS pled as class action claims are typical of the claims of all members of the class as they arise out of the same course of conduct and are predicated on

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A-012

1    the same violation(s) of the law. PLAINTIFFS, as representative parties, will fairly and

2    adequately protect the interests of the members of the proposed class by vigorously pursuing this

3    suit through their attorneys who are skilled and experienced in handling matters of this type.

4

5        21.    The nature of this action and the nature of the laws available to the PLAINTIFF

6    CLASS and sub classes make use of the class action format a particularly efficient and

7    appropriate procedure to afford relief to the PLAINTIFF CLASS. Further, this case involves a

8    corporate employer and a large number of individual employees possessing claims with common

9    issues of law and fact. If each employee were required to file an individual lawsuit, the corporate

10   defendants would necessarily gain an unconscionable advantage since it would be able to exploit

11   and overwhelm the limited resources of each individual plaintiff with its vastly superior financial

12   and legal resources. Requiring each class member to pursue an individual remedy would also

13   discourage the assertion of lawful claims by employees who would be disinclined to pursue an

14   action against their present and/or former employer for an appreciable and justifiable fear of

15   retaliation and permanent damage to their careers at present and/or subsequent employment.

16   Proof of a common business practice or factual pattern, of which the named plaintiffs

17   experienced, is representative of the class mentioned herein and will establish the right of each of

18   the members of the class to recovery on the claims alleged herein.

19

20       22.    The prosecution of separate actions by the individual class members, even if

21   possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications

22   with respect to the individual class members against the defendants herein; and/or (b) legal

23   determinations with respect to individual class members which would, as a practical matter, be

24   dispositive of the other class members not parties to the adjudications or which would

25   substantially impair or impede the ability of class members to protect their interests. Further, the

26   claims of the individual members of the class are not sufficiently large to warrant vigorous

27   individual prosecution considering all of the concomitant costs and expenses attending thereto.

28

10

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    PLAINTIFFS are also unaware of any difficulties that are likely to be encountered in the

2    management of this action that would preclude its maintenance as a class action.

3

4

5                              **FIRST CAUSE OF ACTION**

6                    **FAILURE TO PAY OVERTIME COMPENSATION**

7                     **(CALIFORNIA LABOR CODE SECTION 1194)**

8    By PLAINTIFFS in their individual capacities and in their capacities as representatives of all

9             similarly situated members of the PLAINTIFF CLASS against all DEFENDANTS.

10      23.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth

11   herein, the allegations contained in paragraphs 1 to 22.

12

13      24.     DEFENDANTS routinely required PLAINTIFFS and members of the PLAINTIFF

14   CLASS, including the sub classes,  to work more than eight (8) hours per day, twelve (12) hours

15   per day, and/or forty (40) hours per week.

16

17      25.     DEFENDANTS failed to fully compensate PLAINTIFFS and members of the

18   PLAINTIFF CLASS for all overtime wages they earned.  In particular, starting on January 1,

19   2009, DEFENDANTS knowingly mis-classified Safeco's low-level claims processors as being

20   exempt from overtime, even though such employees, who were deemed non-exempt by Safeco

21   prior to this date, and whose duties never changed after January 1, 2009, primarily performed

22   non-exempt duties, which meant that such employees were denied overtime payments to which

23   they were entitled.  Moreover, from March 2007 through June 2010, Safeco Quality Assurance

24   Reinspectors, and other automobile claims adjusters, were regularly required  to work "off the

25   clock" in order to be able to fulfill their duties.  As result of DEFENDANTS' knowing and

26   intentional violations of their own policies and procedures, PLAINTIFFS and members of the

27   PLAINTIFF CLASS were  not properly compensated for having worked overtime.

28

                                         11
                **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

26.     PLAINTIFFS are  informed and believe, and thereon allege, that the failure of DEFENDANTS to fully compensate PLAINTIFFS and the PLAINTIFF CLASS for  overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

27.     As a proximate cause of the aforementioned violations, PLAINTIFFS and the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. PLAINTIFFS and the PLAINTIFF  CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code Section 1194, et. seq.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

### (CALIFORNIA LABOR CODE SECTION 226.7 AND 512)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against all DEFENDANTS.

28.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth herein, the allegations contained in paragraphs 1 to 27.

29.     DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them for these missed meal periods as required by law.

30.     DEFENDANTS failed to give PLAINTIFFS breaks for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest breaks. DEFENDANTS also failed to give members of the PLAINTIFF  CLASS breaks for shifts in excess of four (4)

12

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

hours as required by law and failed to compensate them for missed rest breaks.

31.    PLAINTIFFS are informed and believe, and thereon allege, that the failure of DEFENDANTS to provide meal and rest breaks and to compensate PLAINTIFFS and the PLAINTIFF CLASS for these missed meal and rest breaks was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.  As a result of DEFENDANTS' knowing and intentional violations of their own policies and procedures, PLAINTIFFS and members of the  PLAINTIFF CLASS were denied rest and meal breaks and were not properly compensated for having missed these breaks.

32.    As a proximate cause of the aforementioned violations, PLAINTIFFS and members of the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.7, 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code, Section 1194, et. seq.

### THIRD CAUSE OF ACTION

**(WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203)**
By PLAINTIFF JOE BRAUN  in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against all DEFENDANTS.

33.    PLAINTIFFS reallege and incorporate, by reference, as though fully set forth herein, the allegations contained in paragraphs 1 to 32.

13

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-016

34.     Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code § 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

35.     PLAINTIFFS are informed and believe that members of the PLAINTIFF CLASS, including BRAUN, have resigned or were terminated from their employment with DEFENDANTS and have not received the overtime compensation and other wages they rightfully earned.

36.     DEFENDANTS, and each of them, willfully refused and continue to refuse to pay members of the PLAINTIFF CLASS all wages earned, including overtime and compensation for meal and rest breaks, in a timely manner, as required by California Labor Code § 203. PLAINTIFFS, on behalf of those members of the PLAINTIFF CLASS, therefore request restitution and penalties as provided by California Labor Code § 203.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

### (CAL. LABOR CODE § 226)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against all DEFENDANTS.

37.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth herein, the allegations contained in paragraphs 1 to 36.

38.     DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF

14

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   CLASS with accurate itemized statements as required by Cal. Labor Code § 226.  In particular,

2   PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS knowingly and

3   intentionally did not state on PLAINTIFFS' and members of the PLAINTIFF CLASS' payroll

4   records the correct amount of overtime they had earned for having worked in excess of eight (8)

5   hours per day, (12) hours per day and/or 40 hours per week.

6

7       39.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS

8   knowingly and intentionally failed to provide PLAINTIFFS and members of the PLAINTIFF

9   CLASS with accurate payroll records.  As a result, PLAINTIFFS and members of the

10  PLAINTIFF CLASS are entitled to recover the greater of all actual damages or fifty dollars ($50)

11  for the initial pay period in which a violation occurs and one hundred dollars ($100) per

12  employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of

13  four thousand dollars ($4,000), and are entitled to an award of costs and reasonable attorney fees.

14

15              **FIFTH CAUSE OF ACTION**

16       **UNFAIR COMPETITION AND BUSINESS PRACTICES**

17   **(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)**

18    By PLAINTIFFS in their individual capacity and in their capacity as a representative of all

19     similarly situated members of the PLAINTIFF CLASS, including applicable sub classes,

20                      against all DEFENDANTS.

21       40.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth

22   herein, the allegations contained in paragraphs 1 to 39.

23

24       41.     DEFENDANTS' violations of California employment laws and regulations, as

25   alleged herein, include, without limitation: (1) DEFENDANTS' failure and refusal to pay all

26   overtime wages earned by PLAINTIFFS and members of the PLAINTIFF CLASS pursuant to

27   DEFENDANTS' illegal pay practices described above; (2) DEFENDANTS' failure to provide

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-018

1  meal and rest breaks to PLAINTIFFS and members of the PLAINTIFF CLASS and to

2  compensate them for missed meal and rest breaks; (3) DEFENDANTS' willful and deliberate

3  failure to provide waiting time penalties;  (4) DEFENDANTS' willful and deliberate failure to

4  provide accurate itemized statements. The aforementioned violations constitute unfair business

5  practices in violation of the Unfair Competition Law, California Business & Professions Code

6  Section 17200, et seq.

7

8      42.      Wage and hour laws express fundamental public policies.  Providing employees

9  with meal and rest breaks and paying overtime are fundamental public policies of this State and

10  of the United States.  Labor Code section 90.5 (a) articulates the public policies of this State to

11  enforce vigorously minimum labor standards, to ensure that employees are not required or

12  permitted to work under substandard and unlawful conditions, and to protect law-abiding

13  employers and their employees from competitors who lower their costs by failing to comply with

14  minimum labor standards.

15

16      43.    DEFENDANTS  have violated statutes and public policies.  Through the conduct

17  alleged in this Complaint, DEFENDANTS, and each of them, have acted contrary to these public

18  policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful

19  and unfair business practices in violation of Business & Professions Code section 17200, et seq.,

20  depriving PLAINTIFFS, and all persons similarly situated, and all interested persons of rights,

21  benefits, and privileges guaranteed to all employees under law.

22

23      44.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have

24  reaped unfair benefits s at the expense of PLAINTIFFS and members of the applicable

25  PLAINTIFF CLASS.

26

27      45.    DEFENDANTS' unfair business practices entitle PLAINTIFFS and the

28

16

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    PLAINTIFF CLASS to seek preliminary and permanent injunctive relief, including but not

2    limited to, orders that the DEFENDANTS account for PLAINTIFFS and the PLAINTIFF

3    CLASS the compensation unlawfully withheld from them, from March 2007, that

4    DEFENDANTS provide restitution to PLAINTIFFS and members of the PLAINTIFF CLASS

5    based on DEFENDANTS' failure to provide overtime, waiting time penalties, and meals and rest

6    breaks, together with interest thereon, as well as costs, and reasonable attorney fees pursuant to

7    statute including Code of Civil Procedure section 1021.5.

8

9                        <u>**SIXTH CAUSE OF ACTION**</u>

10                      **PRIVATE ATTORNEY GENERAL ACT**

11                 **(VIOLATION OF LABOR CODE §§ 2698 et seq.)**

12    By PLAINTIFFS in their individual capacity and in their capacity as a representative of all

13            similarly situated members PLAINTIFFS CLASS against all DEFENDANTS

14

15       46.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth

16    herein, the allegations contained in paragraphs 1 to 45.

17

18       47.     On or about February 24, 2011, PLAINTIFFS, individually and on behalf of

19    themselves and other similarly situated current and former employees of DEFENDANTS,

20    through their counsel, provided written notice to the Labor and Workforce Development Agency

21    ("LWDA") of the specific violations of the California Labor Code DEFENDANTS have violated

22    and continue to violate, including Labor Code Sections §§ 201-203, 204, 216, 221, 225.5, 226,

23    226.3, 226.7, 450, 512, 558, 1194, and 2802.

24

25       48.     Pursuant to Labor Code section 2699.3 (a)(2)(A), more than 33 days have lapsed

26    from the postmark date of the notice provided to the LWDA by PLAINTIFFS without any notice

27    being received in response from the LWDA.

28

---

                                    17

              **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

49.     As a result, PLAINTIFFS have exhausted all administrative procedures required under the Private Attorney General Act, Labor Code §§ 2698, 2699 and 2699.3 and therefore, are justified as a matter of right in bringing forward this cause of action.

50.     As a result of the acts alleged above, PLAINTIFFS seek penalties under Labor Code §§ 2698 and 2699 because of DEFENDANTS' violations of numerous provisions of the California Labor Code.

51.     Pursuant to California Labor Code § 2699, PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California law for their PAGA claims, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.     That the Court determine that Causes of Action 1,2,3,4 and 5 may be maintained as a class action and Cause of Action No. 6 be maintained as a representative action ;

2.     For injunctive relief to stop DEFENDANTS' illegal and unlawful practices as described above;

3.     For general and compensatory damages, according to proof;

4.     For restitution of all monies due to PLAINTIFF and the members of the PLAINTIFF CLASS, including sub-classes, in an amount as may be proven;

5.     For waiting time penalties pursuant to California Labor Code Section 203;

6.     For penalties pursuant to California Labor Code Sections 226, 558, and all other applicable Labor Code and/or Employment Laws and Regulations, including those under PAGA ("Labor Code Section 2699);

18

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-021

1   7.   For interest accrued to date;

2   8.   For costs of the suit incurred herein;

3   9.   For attorney fees and costs pursuant to California Labor Code Sections

4        226 and 1194; and California Code of Civil Procedure Section 1021.5.

5   10.  For such other and further relief that the Court may deem just and proper.

6

7   DATED: March 30, 2011                 Respectfully submitted,

8                                         SCHONBRUN DESIMONE SEPLOW
                                          HARRIS HOFFMAN & HARRISON LLP
9
                                          LAW OFFICES OF MICHAEL S. RAPKIN
10

11

12                                        By_____
                                             V. James DeSimone
13                                           Michel D. Seplow
                                             Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## DEMAND FOR JURY TRIAL

PLAINTIFFS and members of the PLAINTIFF CLASS, including the sub classes, hereby demand a trial by jury on all issues so triable.

DATED: March 30, 2011

Respectfully submitted,

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

LAW OFFICES OF MICHAEL S. RAPKIN

By_____
V. James D. Simone
Michael D. Seplow
Attorneys for Plaintiffs

20

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-023

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
V. James DeSimone (SBN 119668), Michael D. Seplow (SBN 150183)
SCHONBRUN DESIMONE SEPLOW HARRIS HOFFMAN & HARRISON, LLP
723 Ocean Front Walk
Venice, CA 90291
TELEPHONE NO.: (310) 396-0731          FAX NO.: (310) 399-7040
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 05 2011

John A. Clark, Executive Officer/Clerk
BY _____, Deputy
Gina Orider

CASE NAME:
Braun, et al. v. Safeco Insurance Company of America, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC 458779**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2011
V. James DeSimone
_____          ►          _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A-024

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A-025

● ● **BC 458779**

| SHORT TITLE: Braun, et al. v. Safeco Insurance Company, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 25   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A-026

| SHORT TITLE: Braun, et al. v. Safeco Insurance Company, et al. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A-027

| SHORT TITLE: Braun, et al. v. Safeco Insurance Company, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A-028

| SHORT TITLE: Braun, et al. v. Safeco Insurance Company, et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>17622 Bryan Place |
|---|---|
| CITY: Granada Hills | STATE: CA | ZIP CODE: 91344 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ____Stanley Mosk____ courthouse in the ____Central District____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ____April 4, 2011____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A-029



Exhibit A-030

1   V. James DeSimone, SBN 119668
    Michael D. Seplow, SBN 150183
2   SCHONBRUN DE SIMONE SEPLOW
    HARRIS  HOFFMAN & HARRISON LLP
3   723 Ocean Front Walk
    Venice, CA 90291
4   Telephone: 310- 396-0731
    Fax: 310- 396-0731
5
    Michael S. Rapkin, SBN 67220
6   Scott B. Rapkin, SBN 261867
    LAW OFFICES OF MICHAEL S. RAPKIN
7   233 Wilshire Boulevard, Suite 700
    Santa Monica, California 90401
8   Telephone: (310) 319-5465
    Fax: (310) 319-5355
9

**FILED**
LOS ANGELES SUPERIOR COURT

**MAY 02 2011**

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

10  Attorneys for Plaintiffs

11

12       SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES

14

| | |
|---|---|
| JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, and EFREN GARCIA, on behalf of themselves and others similarly situated<br><br>        Plaintiffs,<br><br>   vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY  and DOES 1 through 50, inclusive<br><br>        Defendants. | Case No: BC 458779<br><br>**NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF V. JAMES DESIMONE IN SUPPORT THEREOF** |

D24

1

**NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6**

Exhibit A-031

1    TO THE COURT AND ALL INTERESTED PARTIES:

2    PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 170.6,

3  Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, and Efren Garcia, on behalf of themselves

4  and the proposed Plaintiff Class, hereby move this Court for a peremptory challenge of the

5  Honorable Robert L. Hess to whom the above referenced case has been assigned for all purposes,

6  on the grounds that Judge Hess is prejudiced against Plaintiffs or their interests in this litigation

7  such that Plaintiffs believe they cannot receive a fair and impartial trial or hearing.

8    This Motion is based upon this Notice of Motion and the attached Declaration of

9  V. James DeSimone as well as the pleadings and papers previously filed in this action.

10    Plaintiffs respectfully request that the Court grant the relief requested herein and that this

11  matter be assigned to a different judge for all purposes.

12

13

14

15

16  DATED: May 2, 2011         Respectfully submitted,

17                  SCHONBRUN DESIMONE SEPLOW
                      HARRIS HOFFMAN & HARRISON LLP

18                  LAW OFFICES OF MICHAEL S. RAPKIN

19

20               By

21                    V. James D. Simone
                    Michael D. Seplow

22                    Attorneys for Plaintiffs

23

24

25

26

27

28

                          2

**NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6**

Exhibit A-032

1  <u>DECLARATION OF V. JAMES DESIMONE</u>

2  I, V. James DeSimone, declare as follows:

3      1.      I am an attorney admitted to practice law in the State of California and am a partner

4  with the law firm of Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison, LLP,

5  attorneys of record for Plaintiffs in the above-entitled case. The matters stated herein are within

6  my personal knowledge and I can therefore testify competently to these matters.

7

8      2.      I am informed and believe that Judge Robert L. Hess, to whom the above

9  referenced case has been assigned for all purposes, is prejudiced against my clients, Joe Braun,

10  Jeff Hailpern, Yolanda Garcia, and Efren Garcia, or their interests in this litigation such that I

11  believe Plaintiffs cannot have a fair and impartial trial or hearing before Judge Hess.

12

13      3.      This motion is timely filed within 15 days of Plaintiffs first receiving notice that

14  Judge Hess was assigned to this case for all purposes.

15

16      I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct.

18

19  Executed on May 2, 2011, at Venice, California.

20

21

22                                          V. James DeSimone
                                            Attorney for Plaintiffs

23

24

25

26

27                                      3

28  **NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE**
    **PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6**

Exhibit A-033

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On May 2, 2011,** I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF V. JAMES DESIMONE IN SUPPORT THEREOF**

on all interested parties in this action. By placing the ___ original or a **X** true copy thereof enclosed in a sealed envelope addressed as follows:

CSC - Lawyers Incorporating Service                  CSC - Lawyers Incorporating Service
2730 Gateway Oaks Dr. Ste 100                         2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833                                 Sacramento, CA 95833
*(Agent for Service of Process for SafeCo*            *(Agent for Service of Process for Liberty*
*Insurance Company of America.)*                      *Mutual Insurance Company)*

**X**  **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereof fully prepaid.

___  **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

___  **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

___  **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

___  **[BY FAX]** I transmitted the above document to the above facsimile.

**X**  **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 2, 2011, at Venice, California

William J. Clifton

Proof of Service

Exhibit A-034





6/2/11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/25/11                                                    DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE    A. MORALES          DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

         E. MUNOZ, C.A.        Deputy Sheriff  NONE              Reporter

| 2:00 pm | BC458779 | | |
|---|---|---|---|
| | JOE BRAUN ET AL | Plaintiff Counsel | NONE |
| | VS. | | |
| | SAFECO INSURANCE COMPANY OF AMERICA ET AL | Defendant Counsel | |
| | 170.6 Judge Hess--Pltf | | |
| | NON-COMPLEX (04-22-11) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER RE PLAINTIFFS' OBJECTION TO COURT'S ORDER
DESIGNATING CASE AS NON-COMPLEX

The Court has read and considered Plaintiffs'
Objection to Court's Order Designating Case as
Non-Complex and rules as follows:

The objection is overruled.

This order does not preclude designation of the
case as complex by the judge in the Stanley Mosk
Courthouse to whom the case may be assigned to.
This Court's designation of the case as non-complex
is made only for the purpose of case assignment to a
complex litigation department.

Counsel for Plaintiffs is ordered to give notice.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
5-25-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the

              Page   1 of   2   DEPT. 324

MINUTES ENTERED
05/25/11
COUNTY CLERK

Exhibit A-036



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/25/11                                                    DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE  A. MORALES          DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

        E. MUNOZ, C.A.        Deputy Sheriff  NONE               Reporter

---

2:00 pm  BC458779                      Plaintiff
                                       Counsel
         JOE BRAUN ET AL                        NONE
         VS                            Defendant
         SAFECO INSURANCE COMPANY OF   Counsel
          AMERICA ET AL
         170.6 Judge Hess--Pltf
         NON-COMPLEX (04-22-11)

---

**NATURE OF PROCEEDINGS:**

original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 5-25-11

John A. Clarke, Executive Officer/Clerk


By: _____
            A. MORALES


SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
V. James DeSimone
723 Ocean Front Walk
Venice, CA 90291

MINUTES ENTERED
05/25/11
COUNTY CLERK

Exhibit A-037

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice,
4 California 90291.

5    **On June 2, 2011,** I served the foregoing documents described as:

6
**COURT ORDER RE PLAINTIFFS' OBJECTION TO COURT'S ORDER**
7 **DESIGNATING CASE AS NON-COMPLEX**

8
on all interested parties in this action. By placing the ___ original or a **X** true copy thereof
9 enclosed in a sealed envelope addressed as follows:

10 Geoffrey D. DeBoskey
Sidley Austin LLP
11 555 W 5th St
Los Angeles, CA 90013
12

13

14 **X**       **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.
15

16 ____     **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

17 ____     **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.
18

19 ____     **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

20 ____     **[BY FAX]** I transmitted the above document to the above facsimile.

21 **X**       **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
22

23 Executed on June 2, 2011, at Venice, California

24

25

26 William J. Clifton

27

28

Proof of Service                    Exhibit A-038



Exhibit A-039



6/2/11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/01/11                                                           **DEPT. 1**

HONORABLE Carolyn B. Kuhl          JUDGE   B. GREGG          DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

            J. O'NEAL C.A.          Deputy Sheriff   NONE          Reporter

---

| 1:49 pm | BC458779 | Plaintiff Counsel | |
|---|---|---|---|
| | JOE BRAUN ET AL | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

---

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned from Department 24, Judge Robert Hess to Department 13, Judge Luis A. Lavin for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 10 day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice to all parties.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 6-1-2011 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope

Page   1 of   2   DEPT. 1

| MINUTES ENTERED |
|---|
| 06/01/11 |
| COUNTY CLERK |

Exhibit A-040



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/01/11                                                          **DEPT. 1**

HONORABLE Carolyn B. Kuhl          JUDGE | B. GREGG          DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM |          ELECTRONIC RECORDING MONITOR

     J. O'NEAL C.A.          Deputy Sheriff | NONE          Reporter

1:49 pm | BC458779

JOE BRAUN ET AL                              Plaintiff
                       Counsel          NO APPEARANCES
         VS                     Defendant
SAFECO INSURANCE COMPANY OF          Counsel
  AMERICA ET AL

**NATURE OF PROCEEDINGS:**

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 6-1-2011

John A. Clarke, Executive Officer/Clerk

By: B. Gregg_____

 Sconbrun DeSimone Seplow
 723 Ocean Front Walk
 Venice, CA 90291

Page   2 of   2   DEPT. 1

Exhibit A-041

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

    **On June 2, 2011,** I served the foregoing documents described as:

**170.6 CCP RE-ASSIGNMENT**

on all interested parties in this action. By placing the ___ original or a **_X_** true copy thereof enclosed in a sealed envelope addressed as follows:

Geoffrey D. DeBoskey
Sidley Austin LLP
555 W 5th St
Los Angeles, CA 90013

**_X_**        **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereof fully prepaid.

_____       **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_____       **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____       **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____       **[BY FAX]** I transmitted the above document to the above facsimile.

**_X_**        **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2011, at Venice, California

William J. Clifton

Exhibit A-042



Exhibit A-043

6/2/11

1    Douglas R. Hart, SBN 115673
     dhart@sidley.com
2    Geoffrey D. DeBoskey, SBN 211557
     gdeboskey@sidley.com
3    SIDLEY AUSTIN LLP
     555 West Fifth Street, Suite 4000
4    Los Angeles, California 90013
     Telephone: (213) 896-6000
5    Facsimile: (213) 896-6600

6    Attorneys for Defendants

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 02 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
CHAUNTA WESLEY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10   JOE BRAUN, JEFF HAILPERN, YOLANDA      Case No. BC 458779
     GARCIA, and EFREN GARCIA, individually
11   and behalf of all others similarly situated,
                                             ANSWER TO PLAINTIFFS' COMPLAINT
12              Plaintiffs,
                                             Complaint Filed:    April 5, 2011
13        v.

14   SAFECO INSURANCE COMPANY OF
     AMERICA, LIBERTY MUTUAL
15   INSURANCE COMPANY and DOES 1
     through 50, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LA1 2105028v.2

ANSWER TO PLAINTIFFS' COMPLAINT

Exhibit A-044

Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company ("Defendants") answer the Complaint of Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, and Efren Garcia ("Plaintiffs") and deny and aver as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendants generally deny all the allegations of Plaintiffs' unverified Complaint, and further deny that Plaintiffs have been damaged in any amount, or at all. Defendants also specifically deny that they are liable to Plaintiffs, or any member of the purported class asserted, for the sum or sums alleged or for any other amount whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State a Cause of Action)

1.     Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     The Complaint, and each purported cause of action alleged therein, is barred by applicable statutes of limitations, including but not limited to California Labor Code Sections, 203, 226, and 2698, *et seq.*; California Code of Civil Procedure Sections 337, 338, 339, 340, and 343; and California Business and Professions Code Section 17208.

Exhibit A-045

 

### THIRD AFFIRMATIVE DEFENSE

#### (Non-Certifiable Class)

3.     Defendants are informed and believe, and based upon such information and belief aver, that the Complaint does not state facts sufficient to certify a class pursuant to California Code of Civil Procedure Section 382.  Accordingly, this action is not properly brought as a class action.

### FOURTH AFFIRMATIVE DEFENSE

#### (No Common Issues)

4.     Defendants are informed and believe, and based upon such information and belief aver, that there is a lack of common issues of fact or law.  Accordingly, this action is not properly brought as a class action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Typicality)

5.     Defendants are informed and believe, and based upon such information and belief aver, that Plaintiffs' claims are not typical of the class (and subclasses) they purport to represent and, accordingly, this action is not properly brought as a class action.

### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Superiority)

6.     Defendants are informed and believe, and based upon such information and belief aver, that the class action procedure is not the superior method for adjudicating Plaintiffs' claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

Exhibit A-046

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

7.    Defendants are informed and believe, and based upon such information and belief aver, that the Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs lack standing to assert any purported cause of action alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

8.    Defendants are informed and believe, and based upon such information and belief aver, that Plaintiffs are not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

## NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

9.    As a consequence of Plaintiffs' bringing or maintaining this action, Defendants have been required to retain attorneys to defend themselves, and Defendants are entitled to recover their attorneys' fees incurred herein pursuant to California Labor Code Section 218.5 and California Code of Civil Procedure Section 128.7.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Report Hours Worked)

10.    Plaintiffs' claims arising from alleged off-the-clock work fail because, if their allegations are correct, Plaintiffs did not accurately report the hours for which they seek allegedly unpaid wages, overtime and penalties; therefore, Plaintiffs are barred from seeking to recover any such amounts from Defendants.

Exhibit A-047



## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

11.     Plaintiffs' claim for unfair competition in violation of California Business and Professions Code Sections 17200, *et seq.*, is barred because it fails to plead specific facts capable of stating a claim for violation of the unfair competition act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

12.     Defendants are informed and believe, and based upon such information and belief aver, that the Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiffs failed to adequately exhaust their administrative remedies under the appropriate statutory provisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

13.     The Complaint, and each purported cause of action alleged therein, should be abated, and Plaintiffs must pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     Defendants are informed and believe, and based upon such information and belief aver, that Plaintiffs' Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

Exhibit A-048



### FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

15.     Defendants are informed and believe, and based upon such information and belief aver, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiffs unreasonably delayed bringing the action.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

16.     Defendants are informed and believe, and based upon such information and belief aver, that Plaintiffs' claims are barred for the reason that, by their actions, Plaintiffs are estopped from bringing any cause of action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver)

17.     Defendants are informed and believe, and based upon such information and belief aver, that by their conduct and/or based on a written waiver, Plaintiffs have waived some or all of the causes of action asserted in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Fault Of Plaintiffs/Third Parties)

18.     Any injury or damage allegedly suffered by Plaintiffs was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiffs and/or persons or entities other than Defendants, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Defendants.

LA1 2105028v.2

Exhibit A-049




### NINETEENTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

19.   Plaintiffs' claims for equitable relief fail because Plaintiffs may pursue adequate legal remedies.

### TWENTIETH AFFIRMATIVE DEFENSE

(Setoff, Offset, Recoupment)

20.   Some of all of the purported causes of action in the Complaint seek damages that are subject to setoff, offset, and/or recoupment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Justification and Privilege)

21.   Defendants cannot be liable for any alleged violation of California Business and Professions Code Sections 17200, *et seq.* or any other cause of action alleged in the Complaint because their actions, conduct and dealings with their employees were lawful, and were carried out in good faith for legitimate business purposes.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Willful Failure to Pay)

22.   Neither Plaintiffs nor any of the persons on whose behalf Plaintiffs purport to sue can recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Good Faith Defense)

23.   At all times relevant, Defendants acted in good faith, with honesty of purpose and without any willful intention to withhold payment. See Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1 (1981); Bothell v. Phase Metrics, Inc., 299 F. 3d 1120 (9th Cir. 2002).

Exhibit A-050

 

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

(Failure to Mitigate Damages)

3      24.    Plaintiffs have failed to mitigate their losses, if any, and as a result of such

4   failure, Plaintiffs' claims against Defendants are reduced, excused, and/or discharged.

5

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

(Due Process)

8      25.    Plaintiffs' Complaint, to the extent it seeks penalties or restitution on behalf of

9   absent class members or the general public, violates the due process clause as provided in the Fifth

10   and Fourteenth Amendments of the United States Constitution and in the California Constitution.

11

12

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

13

(Inadvertence)

14      26.    Any recovery assessed should be reduced in whole or in part because any

15   violations were inadvertent and/or due to a clerical error or inadvertent mistake.

16

17

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18

(Exemption)

19      27.    The alleged causes of action are barred, in whole or in part, because Plaintiffs

20   were properly classified as exempt from overtime requirements pursuant to the California Labor

21   Code and California Wage Orders including, without limitation, the administrative exemption.

22

23

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24

(Defective PAGA Exhaustion)

25      28.    Plaintiffs' claims for relief are barred because they failed to exhaust

26   administrative procedures and/or remedies including, but not limited to, those required by the Labor

27   Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698, *et seq.*

28

LA1 2105028v.2

8

ANSWER TO PLAINTIFFS' COMPLAINT

Exhibit A-051




## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs Not Aggrieved)

29.    None of the Plaintiffs is an "aggrieved employee" as defined under the Labor Code Private Attorneys General Act of 2004 ("PAGA") and/or California Business & Professions Code § 17200 *et seq.*  Therefore, they lack standing to pursue some or all of the causes of action stated in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Exclusive Concurrent Jurisdiction)

30.    This matter must be stayed or abated pursuant to the doctrine of exclusive concurrent jurisdiction as a result of the cases consolidated before the Los Angeles Superior Court as the Liberty Mutual Overtime Cases, Judicial Council Coordination Proceeding 4234, and currently pending before the California Supreme Court (California Supreme Court Case No. S156555).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, Oppressive and/or Confiscatory Penalties)

31.    Plaintiffs' requests for penalties under the Labor Code Private Attorneys General Act of 2004 would result in an award that is unjust, arbitrary and oppressive, and/or confiscatory.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Penalties – Good Faith Dispute)

32.    Plaintiffs cannot recover Labor Code Section 2699, Labor Code Section 203, or Labor Code Section 226(e) civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

Exhibit A-052

 

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Private Right of Action)

33.     Plaintiffs' claims fail because they lack a private right of action to bring such claims.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Grievance Procedures)

34.     The Complaint and each purported cause of action alleged therein is barred because Plaintiffs failed to exhaust contractual dispute resolution procedures.

## RESERVATION OF RIGHT TO AMEND ANSWER

35.     Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, Defendants pray as follows:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiffs' requests for declaratory relief be denied in their entirety;

3.     That Plaintiffs' request for injunctive relief be denied in its entirety;

4.     That Plaintiffs' requests for monetary relief be denied it their entirety;

5.     That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of Defendants;

6.     That Defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

LA1 2105028v.2

Exhibit A-053

7.      For such other and further relief as this court deems just and proper.

Dated: June 2, 2011

                                         SIDLEY AUSTIN LLP

                                  By: _____

                                        Douglas R. Hart, SBN 115673
                                        dhart@sidley.com
                                        Geoffrey D. DeBoskey, SBN 211557
                                        gdeboskey@sidley.com
                                        Attorneys for Defendants

ANSWER TO PLAINTIFFS' COMPLAINT

LA1 2105028v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                             ) ss
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

     On June 2, 2011, I served the foregoing document described as **DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT**, on the following interested parties:

V. James DeSimone, Esq.         Michael Rapkin, Esq.
Schonbrun DeSimone Seplow     Law Office of Michael Rapkin
Harris et al                     233 Wilshire Blvd Ste 700
723 Ocean Front Walk         Santa Monica, CA 90401
Venice, CA 90291

☒ (VIA U.S. MAIL)  I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

     I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

     Executed on June 2, 2011 at Los Angeles, California.

_____
Allison Castillo

1
PROOF OF SERVICE

Exhibit A-055



Exhibit A-056

 

6/7/11 C

NOTICE SENT TO:

DeSimone, V. James, Esq.
Schonbrun DeSimone Seplow Harris & Hoff
723 Ocean Front Walk
Venice          CA   90291

**FILE STAMP**
## ORIGINAL FILED

JUN 0 7 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| JOE BRAUN ET AL                    Plaintiff(s),<br><br>VS.<br><br>SAFECO INSURANCE COMPANY OF AMERICA ET              Defendant(s). | BC458779<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for August 17, 2011 at 8:30 am in Dept. 13 at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form #. CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: June 7, 2011

**LUIS A. LAVIN**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: June 7, 2011

John A. Clarke, Executive Officer/Clerk

by _____P.Barreras_____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Exhibit A-057

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On June 8, 2011,** I served the foregoing documents described as:

**NOTICE OF CASE MANAGEMENT CONFERENCE (FILED ON 6.7.11)**

on all interested parties in this action. By placing the ___ original or a **X** true copy thereof enclosed in a sealed envelope addressed as follows:

Geoffrey D. DeBoskey
Sidley Austin LLP
555 W 5th St
Los Angeles, CA 90013

**X**    **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

____    **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

____    **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

____    **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

____    **[BY FAX]** I transmitted the above document to the above facsimile.

**X**    **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 8, 2011, at Venice, California

William J. Clifton

Proof of Service                    Exhibit A-058



Exhibit A-059

   

7/25/11

1   Douglas R. Hart, SBN 115673
    dhart@sidley.com
2   Geoffrey D. DeBoskey, SBN 211557
    gdeboskey@sidley.com
3   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
4   Los Angeles, California 90013
    Telephone: (213) 896-6000
5   Facsimile: (213) 896-6600

6   Attorneys for Defendants

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 25 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    SHAUNYA WESLEY

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10   JOE BRAUN, JEFF HAILPERN, YOLANDA     Case No. BC 458779
    GARCIA, and EFREN GARCIA, individually
11   and behalf of all others similarly situated,

12           Plaintiffs,           DEFENDANTS' NOTICE OF MOTION
                         AND MOTION TO STAY PROCEEDINGS
13       v.                    PURSUANT TO DOCTRINE OF
                         EXCLUSIVE CONCURRENT
14   SAFECO INSURANCE COMPANY OF        JURISDICTION OR, ALTERNATIVELY,
    AMERICA, LIBERTY MUTUAL           FOR A DISCRETIONARY STAY;
15   INSURANCE COMPANY and DOES 1       DECLARATION OF GEOFFREY D.
    through 50, inclusive,             DEBOSKEY
16

17          Defendants.          Complaint Filed:   April 5, 2011

18                           Date: October 7, 2011
                             Time: 8:30 a.m.
19                           Place: Dept. 13

20

21

22

23

24

25

26

27

28

COPY

A1 2175701v.2

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on October 7, 2011 at 8: 30 a.m., or as soon thereafter as the matter may be heard in Department 13 of the above-named court, located at 111 North Hill St., Los Angeles, CA 90012, Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America ("Defendants") will and hereby do move to stay proceedings in the above-captioned matter. This motion is made on the grounds that a stay of these proceedings is mandated by the doctrine of exclusive concurrent jurisdiction. Plaintiffs are included within the scope of the definition of a class of claims handlers litigating the same issues in another lawsuit against Defendants which is currently pending before the California Supreme Court. In the alternative, a discretionary stay is warranted in the interests of judicial economy and to avoid confusion and possible conflicting results between the two actions.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities in support thereof, the attached Declaration of Geoffrey D. DeBoskey and the exhibits thereto, all matters the Court must or may judicially notice, all pleadings and papers on file herein, the arguments and comments of counsel presented at the hearing on this Motion, and upon such other matters or evidence as may be presented at the time of the hearing.

Dated: July 25, 2011

SIDLEY AUSTIN LLP

By: _____
Douglas R. Hart
Geoffrey D. DeBoskey
Attorneys for Defendants

2

NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS          Exhibit A-061

 

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, and Efren Garcia ("Plaintiffs") allege that Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Safeco Insurance Company of America ("Safeco") (collectively "Defendants") misclassified them and other claims handlers as exempt from the overtime requirements of the applicable California Wage Order and failed to compensate them properly for alleged off-the-clock work and missed break periods. However, Plaintiffs' overtime claim is already the subject of another class action lawsuit. That case is currently pending before the California Supreme Court. Briefing is complete, and the parties are awaiting the Court's decision regarding: (1) the proper interpretation of the administrative exemption as it applies to these claims handlers (the central issue in both cases); and (2) the trial court's order partially decertifying the class. Although the original class notice was issued prior to the time that the Plaintiffs in this case were employed by Liberty Mutual, they fall precisely within the class definition that is currently pending before the California Supreme Court.

Under these circumstances, the law is clear: this action should be stayed until completion of the first action pursuant to the doctrine of exclusive concurrent jurisdiction, which prevents plaintiffs from simultaneously litigating the same issues, or issues that arise from the same transaction, against defendants in two different forums. Absolute identity of parties, causes of action, or remedies between the initial and subsequent actions is not required for the doctrine to apply. (*Garamendi v. American Autoplan, Inc.* (1993) 20 Cal. App. 4th 760, 770, *quoting Plant Insulation Co. v. Fireboard Corp.* (1990) 224 Cal. App. 3d 781.) Rather, a mandatory stay is warranted where "the issues [in the two proceedings] are substantially the same, and individual suits might result in conflicting judgments." (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal. App. 4th 1168, 1175.) Clearly, the doctrine of exclusive concurrent jurisdiction applies here.

In the alternative, even if this Court were to find that a stay is not *required*, the same practical considerations – including confusion, the risk of conflicting judgments, and substantial waste of judicial resources – warrant a discretionary stay under these circumstances. Quite literally, Plaintiffs are seeking to have this Court litigate the exempt status of Liberty Mutual's claims handlers, at the

1   same time that the California Supreme Court is considering the exempt status of Liberty Mutual's

2   claims handlers. Defendants should not be required to undertake discovery in the instant case or to

3   litigate the very same issues regarding the proper interpretation of the administrative exemption in

4   two different forums. Instead, the interests of judicial economy and the parties are best served by

5   staying the instant action until such time as the California Supreme Court has issued its decision.

6   Therefore, Liberty Mutual respectfully requests that the Court stay the instant action and order that

7   the parties appear at a status conference following the issuance of the Supreme Court's decision, at

8   which point it can be determined what effect that decision has on the instant matter and whether the

9   stay should remain in place.

10

11   ## II. SUMMARY OF RELEVANT FACTS

12       On April 5, 2011, Plaintiffs filed a Complaint alleging claims for: (1) Failure to Pay

13   Overtime; (2) Failure to Provide Meal and Rest Periods; (3) Waiting Time Penalties; (4) Failure to

14   Provide Accurate Itemized Wage Statements; (5) Unfair Business Practices; and (6) penalties under

15   the Private Attorneys General Act ("PAGA"). Plaintiffs are all current or former Safeco employees

16   who worked as claims handlers for Safeco prior to its acquisition by Liberty Mutual in or about

17   September 2008. Plaintiffs allege that Defendants denied them overtime compensation and meal and

18   rest periods by misclassifying them as exempt. They also allege that, during the early part of the

19   class period prior to the acquisition, they were classified as non-exempt but that some were

20   nevertheless denied overtime and meal and rest periods. (*See* Compl., ¶¶ 4-8, 12-13)

21       Defendants answered the Complaint on or about June 2, 2011, asserting the doctrine of

22   exclusive concurrent jurisdiction as their thirtieth affirmative defense on the basis that a class action

23   overtime lawsuit is currently pending before the California Supreme Court. (Answer, 9:8-13)

24       Specifically, on April 9, 2002, four separate putative class action overtime cases that were

25   then pending across California were consolidated before the Los Angeles Superior Court as the

26   Liberty Mutual Overtime Cases, Judicial Council Coordination Proceeding 4234 ("Coordinated

27   Overtime Proceeding"). On May 18, 2004, the Los Angeles Superior court, the Honorable Charles

28   W. McCoy presiding, certified a class in the Coordinated Overtime Proceeding. (Declaration of

2

 

1    Geoffrey D. DeBoskey ("DeBoskey Decl."), ¶ 3, Ex. B.)  The class was defined as follows:  "[A]ll

2    non-management California employees classified as exempt by Liberty Mutual and Golden Eagle

3    who were employed as claims handlers and/or performed claims-handling activities."  (*Id.*, Ex. B at

4    4)[1]  Accordingly, the instant Plaintiffs are squarely included within the scope of the class definition.

5         Following protracted litigation regarding the proper interpretation of the administrative

6    exemption and the appropriateness of class certification, the matter is currently pending before the

7    California Supreme Court (Case No. S156555).  All briefs have been submitted, and the parties are

8    awaiting an oral argument date. (DeBoskey Decl. ¶ 2; Exh. A.)

9         Plaintiffs have acknowledged in their Notice of Possible Related Case ("Notice") that the

10   already pending Coordinated Overtime Proceeding includes Plaintiffs' claims:  "[B]oth cases

11   involve allegations that defendant [Liberty Mutual] mis-classified certain employees as exempt."

12   (Notice, 2:27-3:1.)  The only difference is that this case also involves off-the-clock and meal period

13   claims and includes a period of time pre-dating Safeco's acquisition by Liberty Mutual in or about

14   September 2008.  These differences do not negate the fact that a stay of the instant action is

15   warranted.

16

17            **III.  ARGUMENTS AND AUTHORITIES**

18   A.    <u>**This Action Must Be Stayed Pursuant To The Doctrine Of Exclusive Concurrent**</u>

      <u>**Jurisdiction**</u>

19

20         1.    <u>A Stay Is Mandatory Where The Two Cases May Result In Confusion Or</u>

             <u>Conflicting Judgments.</u>

21

22         Because Plaintiffs are included within the definition of the class in the Coordinated Overtime

23   Proceeding, they are barred by the doctrine of exclusive concurrent jurisdiction from simultaneously

24   pursuing identical causes of action against Liberty Mutual.  Indeed, pursuant to the rule, when two

25   courts have concurrent jurisdiction, "the first to assume jurisdiction has exclusive and continuing

26   ───────────────────────────

27   [1] The class notice was sent shortly thereafter.  Although this notice pre-dated Liberty Mutual's
     acquisition of Safeco and pre-dated this lawsuit, if the Supreme Court's ruling allows the
     maintenance of the class, a supplemental notice will likely be issued to include the putative class in

28   the instant case.  At that time, Plaintiffs will be given the opportunity to opt out.



jurisdiction over the subject matter and all parties involved until such time as all necessarily related matters have been resolved." (*Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 Cal. App. 3d 781, 786-87.) "If the identical cause of action is asserted by the same plaintiff in two suits, there is no doubt that the first court has priority," and that the rule applies. (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal. App. 4th 1168, 1175.) "The rule is based upon the public policies of avoiding conflicts that might arise between courts if they were free to make contradictory decisions or awards relating to the same controversy, and preventing vexatious litigation and multiplicity of suits." (*Garamendi v. American Autoplan, Inc.* (1993) 20 Cal. App. 4th 760, 769-770, *quoting Plant Insulation Co.* at 787.) In this instance, as Plaintiffs acknowledge, each of the cases that collectively formed the Coordinated Overtime Proceeding was filed years prior to this lawsuit and concerns the same subject matter as the instant action.  (See Notice, 2:21-22; 2:27-3:1)

The rule of exclusive concurrent jurisdiction is similar to a "plea in abatement," which may be raised by demurrer when "[t]here is another action pending between the same parties on the same causes of action." (Code Civ. Proc. § 430.10(c); *see also Plant Insulation Co.*, 224 Cal. App. 3d at 787.) However, the rule of exclusive concurrent jurisdiction may be raised by a subsequent motion, when the issue does not "appear on the face of the complaint and . . . factual issues must be resolved." (*Garamendi*, 20 Cal. App. 4th at 771.)

Additionally, "[a]lthough the rule of exclusive concurrent jurisdiction is similar in effect to the statutory plea in abatement, it has been interpreted and applied more expansively and therefore may apply where the narrow grounds required for a statutory plea of abatement do not exist." (*Plant Insulation Co.*, 224 Cal. App. 3d at 788.) "Unlike the statutory plea of abatement, *the rule of exclusive concurrent jurisdiction does not require absolute identity of parties, causes of action or remedies sought in the initial and subsequent actions*." (*Garamendi*, 20 Cal. App. 4th at 770 (*quoting Plant Insulation Co.*, 224 Cal. App. 3d at 788.) It need not be shown that the judgment in the first action would be res judicata in the second action. (*Plant Insulation Co.*, 224 Cal.App.3d at 788.) Rather, it is sufficient that "the first and second actions arise from the same transaction." (*Id.* at 789; *see also Lawyers Title Ins. Corp. v. Superior Court* (1984) 151 Cal. App. 3d 455, 458 ["The

1   pendency of another action growing out of the same transaction is ground for abatement of the

2   second action."].)  Even if the "rights [claimed by the parties] and therefore their alleged causes of

3   action are distinct," the rule applies where "the issues [in the two proceedings] are substantially the

4   same, and individual suits might result in conflicting judgments." (*Franklin & Franklin*, 85 Cal.

5   App. 4th at 1175 (Same attorney fee issue sufficient to trigger application of the rule) (Internal

6   citations and quotations omitted).)  California courts have specifically applied the doctrine of

7   exclusive jurisdiction in the class action context.  (*See Franklin & Franklin*, 85 Cal. App. 4th 1168.)

8

9            2.        The Doctrine of Exclusive Concurrent Jurisdiction Applies to this Case

10            Here, all of the requirements for application of the doctrine of exclusive concurrent

11   jurisdiction are met.  In both cases, Liberty Mutual (including its subsidiaries) is the defendant.

12   Plaintiffs' overtime misclassification claim is precisely the same claim alleged in the Coordinated

13   Overtime Proceeding.  In fact, Plaintiffs in the instant action are included within the scope of the

14   class definition in the Coordinated Overtime Proceeding.[2]  If the plaintiffs in the Coordinated

15   Overtime Proceeding are permitted by the Supreme Court's decision to proceed as a class, Class

16   Counsel in the Coordinated Overtime Proceeding will likely seek to issue a supplemental class

17   notice to include the Plaintiffs in the instant case as well as all of the other Liberty Mutual

18   employees hired since the date of the original class notice.  The fact that a portion of Plaintiffs'

19   claim pre-dates Safeco's acquisition by Liberty Mutual does not preclude application of the rule.

20   (*Garamendi*, 20 Cal. App. 4th at 770 ("If the court exercising original jurisdiction has the power to

21   bring before it all the necessary parties, the fact that the parties in the second action are not identical

22   does not preclude application of the rule."))

23            More generally, the fact that Plaintiffs also allege additional off-the-clock overtime and break

24   claims does not detract from either the mandatory nature of the exclusive concurrent jurisdiction

25   doctrine or the rationale underlying the rule.  Indeed, were it otherwise, a party could escape the

26   [2] Although absolute identity of parties is not required for the doctrine to apply, unnamed class
     members are treated as parties for some purposes.  (*See Danzing v. Superior Court* (1978) 87 Cal.
27   App. 3d 604, 611; *Southern California Edison Co. v. Superior Court* (1972) 7 Cal. 3d 832 [unnamed
     class members are parties for purposes of discovery.])
28

41 2175701v.2

1   exclusive concurrent jurisdiction doctrine merely by alleging claims in addition to those raised in the

2   initial action. The "rule is established and enforced not so much to protect the rights of parties as to

3   protect the rights of Courts to co-ordinate jurisdiction to avoid conflict of jurisdiction, confusion and

4   delay in the administration of justice." (*Plant Insulation Co.*, 224 Cal. App. 3d at 787 (internal

5   citations and quotations omitted).) Here, "the issues [in the two proceedings] are substantially the

6   same, and individual suits might result in conflicting judgments." (*Franklin & Franklin*, 85 Cal.

7   App. 4th at 1175.

8         Where the requirements of the doctrine of exclusive concurrent jurisdiction are met, *i.e.* the

9   two claims arise from the same transaction, either abatement or stay of the second action is

10  mandatory. (*Garamendi*, 20 Cal. App. 4th at 771 ["[I]f the conditions are met, the issuance of a stay

11  order is a matter of right."]; *see also Lawyers Title Ins. Corp. v. Superior Court* (1984) 151 Cal.

12  App. 3d 455, 460.) Accordingly, Defendants respectfully submit that, in this situation, the Court

13  lacks discretion to decline to stay these proceedings. The second action must be abated or stayed

14  "until such time as all necessarily related matters have been resolved." (*Id.*) This includes a final

15  determination on appeal. (*Colvig v. RKO General, Inc.* (1965) 232 Cal. App. 2d 56, 71.)

16        Although the application of the exclusive jurisdiction doctrine is mandatory, it is nonetheless

17  notable that Plaintiffs would not experience any material prejudice. The "remedy when the doctrine

18  of exclusive concurrent jurisdiction applies is to stay the second action, rather than dismiss it."

19  (*Garamendi*, 20 Cal. App. 4th at 770-71 ["Where abatement is required, the second action should be

20  stayed, not dismissed."].) Thus, by applying the doctrine to this case, this action would merely be

21  stayed until "all necessarily related matters have been resolved." (*Id.* at 769-70.)

22

23    **B.    Practical Considerations Also Support A Discretionary Stay**

24        Even if this Court were to find that a stay is not mandatory in this case, the same policies and

25  practical considerations underlying the doctrine of exclusive concurrent jurisdiction support the

26  issuance of a discretionary stay. Courts have inherent equitable powers of discretion to decline the

27  exercise of jurisdiction over a cause of action "when it believes that the action may be more

28

1    appropriately and justly tried elsewhere." (*Cf.*, *Stangvik v. Shiley, Inc.* (1991) 54 Cal. 3d 744, 751

2    [discretionary stay appropriate for *forum non conveniens*].)

3        The Coordinated Overtime Proceeding has been fully briefed and is awaiting oral argument.

4    Liberty Mutual has already engaged in extensive "class-wide" discovery regarding the overtime

5    claims in the Coordinated Overtime Proceeding and should not be forced to engage in individualized

6    discovery pertaining to specific employees in the instant action while the Coordinated Overtime

7    Proceeding is still pending. Furthermore, the upcoming California Supreme Court's decision is

8    likely to define the law pertaining to California's administrative exemption as applied to Defendants'

9    claims handlers, including Plaintiffs. It would be utterly impractical for the parties to proceed

10    through discovery and trial on any of Plaintiffs' claims before the California Supreme Court issues

11    its ruling.

12        To be sure, it would be an immense waste of legal resources for the parties to brief their

13    respective positions regarding the legal standard on which this entire case turns at either the class

14    certification or merits stage and *then* receive the Supreme Court's opinion in the Coordinated

15    Overtime Proceeding. Rather, it is clearly preferable for this case to be stayed until the Supreme

16    Court has defined the scope of the law that rests at the very heart of this case.

18                **IV.   CONCLUSION**

19        Based on the forgoing, Defendants respectfully request that the Court grant this motion and

20    stay the proceedings in this matter until such time as the proceedings in the Coordinated Overtime

21    Proceeding have concluded. At that time, the parties can appear before the Court to determine the

22    appropriate status for the instant matter.

23

24    Dated: July 25, 2011

25                          SIDLEY AUSTIN LLP

26

27                 By: _____

28                       Douglas R. Hart
                           Geoffrey D. DeBoskey
                           Attorneys for Defendants

**TAB 1**

Exhibit A-069

## DECLARATION OF GEOFFREY D. DEBOSKEY

I, Geoffrey D. DeBoskey, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner with Sidley Austin, LLP, and I am counsel of record for Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company ("Defendants").  If called as a witness, I could and would competently testify to all facts within my personal knowledge.

2.     The matter entitled Liberty Mutual Overtime Cases, Judicial Council Coordination Proceeding 4234 is currently pending before the California Supreme Court.  All briefs have been submitted and the parties are awaiting an oral argument date.  A true and correct copy of the California Supreme Court's online docket is attached hereto as Exhibit A.

3.     A true and correct copy of the trial court's May 18, 2004 order granting certification in the Overtime Class Action is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed July 25, 2011, at Los Angeles, California.

By: _____

GEOFFREY D. DEBOSKEY

A1 2193230v.1

# EXHIBIT A

# CALIFORNIA APPELLATE COURTS
## Case Information



| Supreme Court | **Supreme Court** | | Change court |

Court data last updated: 07/25/2011 11:05 AM

**Welcome**

**Search**

**E-mail**

**Calendar**

**Help**

**Opinions**

C|C
home

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys

## Docket (Register of Actions)

**HARRIS v. S.C. (LIBERTY MUTUAL INSURANCE)**
**Case Number S156555**

| Date | Description | Notes |
|---|---|---|
| 09/21/2007 | Petition for review filed | Liberty Mutual Insurance Company, et al., petitioners and real party in interests by Douglas R. Hart, Counsel |
| 09/24/2007 | Record requested | |
| 09/24/2007 | Note: | |
| 09/25/2007 | Note: | |
| 09/28/2007 | Received Court of Appeal record | |
| 10/12/2007 | Answer to petition for review filed | Frances Harris, et al., petitioners Kevin Green, Timothy Cohelan, Ira Spiro, counsel (timely-CRC 8.25) |
| 10/15/2007 | Reply to answer to petition filed | Liberty Mutual, Golden Eagle, RPIs Douglas Hart, Robert Stumpf, counsel |
| 11/08/2007 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby extended to and including December 20, 2007 or the date upon which review is either granted or denied. |
| 11/28/2007 | Petition for review granted (civil case) | Votes: George, C.J., Kennard, Baxter, Werdegar, Chin, Moreno, and Corrigan, JJ. |
| 12/04/2007 | Received Court of Appeal record | |
| 12/06/2007 | Certification of interested entities or persons filed | Liberty Mutual Insurance, Real Party in Interest by Douglas R. Hart, Counsel |
| 12/06/2007 | Request for extension of time filed | Liberty Mutual Insurance Company and Golden Eagle Insurance Corporation, real parties in interest, requesting an extension until January 28, 2008, to file an opening brief on the merits. by William V. Whelan, Counsel |
| 12/10/2007 | Certification of interested entities or | Attorney Kevin Green for Petitioners. |



| | persons filed | |
|---|---|---|
| 12/11/2007 | Extension of time granted | On application of Liberty Mutual Insurance Company and Golden Eagle Insurance Corporation and good cause appearing, it is ordered that the time to serve and file the opening brief on the merits is extended to and including January 28, 2008. |
| 01/25/2008 | Opening brief on the merits filed | Liberty Mutual Insurance and Golden Eagle Insurance, RPIs Douglas Hart, Robert Stumpf, counsel |
| 02/11/2008 | Request for extension of time filed | for petitioners to file the answer brief on the merits, to April 10, 2008. |
| 02/14/2008 | Extension of time granted | On application of petitioners and good cause appearing, it is ordered that the time to serve and file the answer brief on the merits is extended to and including April 10, 2008. |
| 04/10/2008 | Answer brief on the merits filed | Frances Harris et al., petitioners Kevin Green, counsel |
| 04/15/2008 | Request for extension of time filed | For RPIs to file the reply brief on the merits, to May 20. |
| 04/22/2008 | Extension of time granted | On application of real parties in interest and good cause appearing, it is ordered that the time to serve and file the reply brief on the merits is extended to and including May 20, 2008. |
| 05/09/2008 | Request for extension of time filed | by real parties in interest requesting a 14-day extension to and including June 3, 2008. by Karin D. Vogel, counsel |
| 05/13/2008 | Extension of time granted | On application of the real parties in interest, Liberty Mutual Insurance Company and Golden Eagle Insurance Corporation and good cause appearing, it is ordered that the time to serve and file the reply brief on the merits is extended to and including June 3, 2008. |
| 05/14/2008 | Order filed | The order filed on May 13, 2008, extending the time to file the reply brief on the merits, is hereby amended as to the Court of Appeal case numbers. |
| 06/03/2008 | Reply brief filed (case fully briefed) | Liberty Mutual Insurance and Golden Eagle Insurance, real parties in interest Douglas Hart, Robert Stumpf, Jr., counsel |
| 06/13/2008 | Request for extension of time to file amicus curiae brief | (Request for accomodations) filed by Mr. Hud Collins. |
| 06/16/2008 | Received application to file Amicus Curiae Brief | California Bankers Association Leland Chan, counsel (in support of RPI Liberty Mutual) |
| 06/17/2008 | Extension of time | On application of amicus curiae Hud Collins and |



|  |  |  |
|---|---|---|
|  | granted | good cause appearing, it is ordered that the time to serve and file its amicus curiae brief is hereby extended to and including August 4, 2008. |
| 06/23/2008 | Received: | "Supplemental Brief" Liberty Mutual , Golden Eagle Insurance, RPIs Douglas Hart, Robert Stumpf Jr., counsel |
| 06/23/2008 | Request for extension of time to file amicus curiae brief | California Employment Lawyers Association, in support of petitioner. Extension of time requested to August 4, 2008 |
| 06/24/2008 | Request for extension of time to file amicus curiae brief | American Insurance Association extension requested to July 31, 2008. |
| 06/25/2008 | Received application to file Amicus Curiae Brief | Employers Group in support of Real Parties in Interest, with separate request for judicial notice by counsel, Lee T.Paterson. |
| 06/25/2008 | Request for extension of time to file amicus curiae brief | California Employment Law Council to 8-4-08 ~Attorney George Preonas |
| 06/26/2008 | Supplemental brief filed | With Permission Liberty Mutual Ins. Co. and Golden Eagle Ins. Corp., RPIs Douglas Hart, Robert Stumpf Jr., counsel |
| 06/26/2008 | Request for extension of time to file amicus curiae brief | Chamber of Commerce of the United States extension requested to August 4 |
| 06/27/2008 | Request for extension of time to file amicus curiae brief | of Consumer Attorneys of California David M. Arbogast, counsel |
| 06/30/2008 | Extension of time granted | On application of amicus curiae California Employment Lawyers Association and good cause appearing, it is ordered that the time to serve and file its amicus curiae brief in support of petitioner is hereby extended to and including August 4, 2008. An answer thereto may be served and filed by any party on or before twenty days from the filing of the brief. |
| 06/30/2008 | Extension of time granted | On application of amicus curiae American Insurance Association and good cause appearing, it is ordered that the time to serve and file its amicus curiae brief is hereby extended to and including July 31, 2008. An answer thereto may be served and filed by any party on or before twenty days from the filing of the brief. |
| 06/30/2008 | Permission to file amicus curiae brief granted | The application of California Bankers Association for permission to file an amicus curiae brief in support of Real Parties in Interest is hereby granted. |

Exhibit A

California Courts - Appellate Court Case Information  Page 4 of 8

| | | |
|---|---|---|
| | | An answer thereto may be served and filed by any party within twenty days of the filing of the brief. |
| 06/30/2008 | Amicus curiae brief filed | California Bankers Association in support of Real Parties in Interest. by counsel, Leland Chan. |
| 07/01/2008 | Permission to file amicus curiae brief granted | The application of Employers Group for permission to file an amicus curiae brief and request for judicial notice in support of real parties in interest is hereby granted. An answer thereto may be served and filed by any party within twenty days of the filing of the brief. |
| 07/01/2008 | Amicus curiae brief filed | Employers Group in support of real parties in interest. by counsel, Lee T. Paterson. |
| 07/01/2008 | Filed: | Request for judical notice by amicus curiae Employers Group in support of real parties in interest. by counsel, Lee T. Paterson. |
| 07/02/2008 | Received application to file Amicus Curiae Brief | Association of California Insurance Companies, Personal Insurance Federation of California, and Pacific Association of Domestic Insurance Companies, in support of real parties in interest, by Paul E. B. Glad, Counsel |
| 07/02/2008 | Received application to file Amicus Curiae Brief | Secretary of Labor, in support of real parties in interest, Liberty Mutual Insurance Company, et al., by Joanna Hull, Counsel |
| 07/02/2008 | Extension of time granted | On application of amicus curiae The Chamber of Commerce of the United States of America and good cause appearing, it is ordered that the time to serve and file its application to serve and file an amicus curiae brief in support of real party in interest is hereby extended to and including August 4, 2008. |
| 07/02/2008 | Extension of time granted | On application of amicus curiae The California Employment Law Council and good cause appearing, it is ordered that the time to serve and file its application to file an amicus curiae brief in support of the real party in interest is hereby extended to and including August 4, 2008. |
| 07/03/2008 | Received application to file Amicus Curiae Brief | Progressive Casualty Insurance Company in support of RPI Teresa Tracy, counsel |
| 07/03/2008 | Received: | request for judicial notice to AC brief of Progressive Casualty Insurance Company |
| 07/10/2008 | Permission to file amicus curiae brief granted | Association of California Insurance Companies, Personal Insurance Federation of California, and Pacific Association of Domestic Insurance Companies, in support of real parties in interest. |

Exhibit A-075



| 07/10/2008 | Amicus curiae brief filed | Association of California Insurance Companies, Personal Insurance Federation of California, and Pacific Association of Domestic Insurance Companies, in support of the real parties in interest. by Paul E.B. Good, Counsel |
|---|---|---|
| 07/10/2008 | Permission to file amicus curiae brief granted | Department of Labor, in support of the real parties in interest |
| 07/10/2008 | Amicus curiae brief filed | Department of Labor, in support of the real parties in interest, by Joanna Hull, Counsel |
| 07/10/2008 | Permission to file amicus curiae brief granted | The application of Progressive Casualty Insurance Company for permission to file an amicus curiae brief and a request for judicial notice in support of real party in interest is hereby granted. An answer thereto may be served and filed by any party within twenty days of the filing of the brief. |
| 07/10/2008 | Amicus curiae brief filed | Progressive Casualty Insurance Company, in support of RPI Teresa Tracy, counsel |
| 07/10/2008 | Request for judicial notice filed (granted case) | by Progressive Casualty Insurance Company |
| 07/10/2008 | Request for judicial notice filed (granted case) | Association of California Insurance Companies, Personal Insurance Federation of California, and Pacific Association of Domestic Insurance Companies, non-parties, by Paul E. B. Glad, Counsel |
| 07/14/2008 | Request for extension of time filed | for petitioner to file a single consolidated response to all amicus curiae briefs. Response would be due within 45 days after the filing of the last amicus brief. |
| 07/15/2008 | Extension of time granted | On application of amicus curiae Consumer Attorneys of California and good cause appearing, it is ordered that the time to serve and file its application and amicus curiae brief is hereby extended to and including August 4, 2008. An answer to the amicus brief may be served and filed by any party on or before 20 days from the date the brief is filed. |
| 07/23/2008 | Extension of time granted | On application of petitioner and good cause appearing, it is ordered that the time to serve and file a single consolidated answer to the amicus curiae briefs is extended to and including forty-five (45) days from the date of filing of the last amicus curiae brief. |
| 07/31/2008 | Received application to file Amicus Curiae Brief | California Employment Law Council, in support of RPIs George Preonas, Gilmore Diekmann Jr., counsel |
| 08/01/2008 | Received | American Insurance Association, in support of |



| | | |
|---|---|---|
| | application to file Amicus Curiae Brief | RPIs Elliot Bien, counsel (CRC 8.25b) |
| 08/04/2008 | Received application to file Amicus Curiae Brief | Hud Collins, in support of petitioners |
| 08/04/2008 | Received application to file Amicus Curiae Brief | Consumer Attorneys of California [in support of petrs] ~Attorney David M. Arbogast |
| 08/04/2008 | Received application to file Amicus Curiae Brief | Chamber of Commerce of the U.S in support of RPIs Donald Falk, counsel |
| 08/04/2008 | Application to appear as counsel pro hac vice (pre-grant) | Robin Conrad for amicus curiae applicant Chamber of Commerce of the U.S. |
| 08/04/2008 | Received application to file Amicus Curiae Brief | California Employment Lawyers Assn. in support of petitioners Kenneth Sugarman, counsel Received Request for Judicial Notice in support |
| 08/08/2008 | Request for extension of time filed | for RPI to file a single consolidated answer to the amicus curiae briefs, within 45 days after the last brief is filed. |
| 08/15/2008 | Received: | Application of amicus Progressive Casualty Insurance Co. to file a supplemental amicus curiae brief (with brief) Teresa Tracy, counsel |
| 08/15/2008 | Received: | · motion of amicus Progressive Casualty to file a supplemental request for judicial notice. (with brief) Teresa Tracy, counsel |
| 08/21/2008 | Extension of time granted | On application of real parties in interest and good cause appearing, it is ordered that the time to serve and file a single consolidated answer to the amicus curiae briefs is extended to and including forty-five (45) days from the date of filing of the last amicus curiae brief. |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of American Insurance Association for permission to file an amicus curiae brief in support of real parties in interest is hereby granted. An answer thereto may be served and filed by any party within forty-five days of the filing of the brief. |
| 08/27/2008 | Amicus curiae brief filed | American Insurance Association in support of RPIs Elliot Bien, counsel |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of California Employment Law Council for permission to file an amicus curiae brief in support of real parties in interest is hereby granted. An answer thereto may be served and filed by |

Exhibit A 077

California Courts - Appellate Court Case Information  Page 7 of 8

| | | any party within forty-five days of the filing of the brief. |
|---|---|---|
| 08/27/2008 | Amicus curiae brief filed | California Employment Law Council in support of RPIs George Preonas, Gilmore Diekmann, Jr., counsel |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of Hud Collins for permission to file an amicus curiae brief in support of petitioners is hereby granted. An answer thereto may be served and filed by any party within forty-five days of the filing of the brief. |
| 08/27/2008 | Amicus curiae brief filed | Hud Collins, in support of petitioners |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of Consumer Attorneys of California for permission to file an amicus curiae brief in support of petitioners is hereby granted. An answer thereto may be served and filed by any party within forty-five days of the filing of the brief. |
| 08/27/2008 | Amicus curiae brief filed | Consumer Attorneys of California in support of petitioners Dabid Arbogast, counsel |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of Chamber of Commerce of the United States of America for permission to file an amicus curiae brief in support of real parties in interest is hereby granted. An answer thereto may be served and filed by any party within forty-five days of the filing of the brief. |
| 08/27/2008 | Amicus curiae brief filed | Chamber of Commerce of U.S.A. in support of RPIs Donald Falk, Robin Conrad, counsel |
| 08/27/2008 | Application to appear as counsel pro hac vice granted | The application of Robin S. Conrad of the District of Columbia for admission pro hac vice to appear on behalf of amicus curiae Chamber of Commerce of the United States of America is hereby granted. (See Cal. Rules of Court, rule 9.40.) |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of California Employment Lawyers Association for permission to file an amicus curiae brief in support of petitioners is hereby granted. An answer thereto may be served and filed by any party within forty-five days of the filing of the brief. |
| 08/27/2008 | Amicus curiae brief filed | California Employment Lawyers Association in support of petitioners. Kenneth Sugarman, counsel |
| 08/27/2008 | Request for judicial notice filed (granted case) | California Employment Lawyers Association, amicus curiae Kenneth Sugarman, counsel |
| 08/27/2008 | Permission to file amicus curiae brief granted | The application of Progressive Casualty Insurance Company for permission to file a supplemental amicus curiae brief in support of real parties in interest is hereby granted. |

Exhibit A-078



| 08/27/2008 | Amicus curiae brief filed | Supplemental amicus curiae brief of Progressive Casualty Insurance Company in support of RPIs Teresa Tracy, counsel |
|---|---|---|
| 08/27/2008 | Request for judicial notice filed (granted case) | Progressive Casualty Insurance Company, amicus curiae Teresa Tracy, counsel |
| 10/14/2008 | Response to amicus curiae brief filed | Liberty Mutual Ins. and Golden Eagle Ins., RPIs Douglas Hart, Robert Stumpf Jr., counsel Answer to multiple amicus briefs |
| 10/14/2008 | Response to amicus curiae brief filed | Frances Harris, et al., petitioners Patrick Coughlin, counsel Answer to multiple amicus briefs |
| 10/14/2008 | Request for judicial notice filed (granted case) | Frances Harris, et al., petitioners Patrick Coughlin, counsel |
| 10/14/2008 | Received: | letter from amicus curiae Hud Collins re oral argument |
| 01/18/2009 | Change of contact information filed for: | new firm name: Cohelan Khoury & Singer (counsel for petitioners) |
| 03/06/2009 | Change of contact information filed for: | Notice of change of firm name for Rudy, Exelrod et al. for amicus Calif. Employment Lawyers Assn. |
| 06/17/2009 | Change of contact information filed for: | George E. Preonas old address 1: 2029 Century Park E #3300 new address 1: 2029 Century Park East old address 2: {blank} new address 2: Suite 3500 old zip ext: {blank} new zip ext: 3021 |
| 12/23/2009 | Supplemental brief filed | Petitioner: Harris, Frances Attorney: Kevin K. Green |
| 03/29/2010 | Change of contact information filed for: | Coughlin Stoia Geller Rudman & Robbins LLP will change its name to Robbins Geller Rudman & Dowd LLP (the "Firm"). The Firm's website and e-mail addresses will change to "rgrdlaw.com". |
| 03/08/2011 | Change of contact information filed for: | Douglas R. Hart and Geoffrey D. Deboskey formerly affiliated with the law firm of Sheppard Mullin Richter & Hampton LLP, are now affiliated with the law firm Sidley Austin LLP. |
| 04/20/2011 | Supplemental brief filed | Real Party in Interest: Golden Eagle Insurance Corporation Attorney: Geoffrey David DeBoskey |

**Click here to request automatic e-mail notifications about this case.**

©2009 Judicial Council of California

Exhibit A-07b



## DECLARATION OF GEOFFREY D. DEBOSKEY

I, Geoffrey D. DeBoskey, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner with Sidley Austin, LLP, and I am counsel of record for Defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company ("Defendants").  If called as a witness, I could and would competently testify to all facts within my personal knowledge.

2.     The matter entitled Liberty Mutual Overtime Cases, Judicial Council Coordination Proceeding 4234 is currently pending before the California Supreme Court.  All briefs have been submitted and the parties are awaiting an oral argument date.  A true and correct copy of the California Supreme Court's online docket is attached hereto as Exhibit A.

3.     A true and correct copy of the trial court's May 18, 2004 order granting certification in the Overtime Class Action is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed July 25, 2011, at Los Angeles, California.

By: _____
      GEOFFREY D. DEBOSKEY

A1 2193230v.1

Exhibit A-080

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/18/04

DEPT. 323

HONORABLE CHARLES W. McCOY     JUDGE   N. NAVARRO     DEPUTY CLERK

HONORABLE        JUDGE PRO TEM       ELECTRONIC RECORDING MONITOR

J. HERNAND, C.A.     Deputy Sheriff   NONE       Reporter

1:30 pm | JCCP4234

Coordination Proceeding Special     Plaintiff       *** NO APPEARANCES ***
Title (Rule 1550(b))        Counsel

(LIBERTY MUTUAL OVERTIME CASES)     Defendant
       Counsel

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER;

The Court having taken the above captioned matter under submission on May 4, 2004 for the Motion for Class Certification, now prepares "STATEMENT OF DECISION RE: CLASS CERTIFICATION" which is signed and filed this date.

Plaintiffs' Motion for Class Certification is GRANTED as more fully reflected in the Court's ruling filed this date.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 5-18-04 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 5-18-04

Page   1 of 3    DEPT. 323

MINUTES ENTERED
05/18/04
COUNTY CLERK

Exhibit A-082

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/18/04

DEPT. 323

HONORABLE CHARLES W. McCOY     JUDGE   N. NAVARRO     DEPUTY CLERK

HONORABLE           JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

     J. HERNAND, C.A.     Deputy Sheriff   NONE           Reporter

1:30 pm  JCCP4234

Coordination Proceeding Special    Plaintiff Counsel     *** NO APPEARANCES ***
Title (Rule 1550(b))
                               Defendant Counsel
(LIBERTY MUTUAL OVERTIME CASES)

NATURE OF PROCEEDINGS:

John A. Clarke, Executive Officer/Clerk

By: _____
         **N. NAVARRO**
           N. NAVARRO

IRA SPIRO
11377 West Olympic Blvd.
Fifth floor
Los Angeles, CA 90064


THEODORE J. PINTAR
401 B Street
Suite 1700
San Diego, CA 92101


TIMOTHY D. COHELAN
605 "C" Street
Suite 200
San Diego, CA 92101

Page   2 of   3    DEPT. 323

MINUTES ENTERED
05/18/04
COUNTY CLERK

Exhibit A-083

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/18/04                                                      DEPT. 323

HONORABLE  CHARLES W. McCOY         JUDGE   N. NAVARRO        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR

         J. HERNAND, C.A.    Deputy Sheriff   NONE              Reporter

| 1:30 pm | JCCP4234 | Plaintiff Counsel | |
|---|---|---|---|
| | Coordination Proceeding Special Title (Rule 1550(b)) | | *** NO APPEARANCES *** |
| | | Defendant Counsel | |
| | (LIBERTY MUTUAL OVERTIME CASES) | | |

NATURE OF PROCEEDINGS:

DOUGLAS R. HART
333 South Hope
48th floor
Los Angeles, CA 90071

Page   3 of  3    DEPT. 323

MINUTES ENTERED
05/18/04
COUNTY CLERK

Exhibit A-084



ORIGINAL FILED

MAY 18 2004

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

Coordination Proceeding
Special Title (Rule 1550(b))

LIBERTY MUTUAL OVERTIME CASES

JCCP No. 4234

STATEMENT OF DECISION RE:
CLASS CERTIFICATION

## I

## BACKGROUND

Plaintiffs in these four coordinated actions move to certify a class of non-management California employees of Defendants Liberty Mutual Insurance Group and Golden Eagle Insurance Corporation who were employed as claims handlers (including adjusters, appraisers, and investigators) or underwriters.

These cases arise out of Defendants' alleged failures to pay overtime wages. Plaintiffs contend Defendants improperly classified claims handlers and underwriters as exempt employees.

Exhibit A-085

 

## II

## DISCUSSION

California judicial policy favors class actions. *State of California v. Levi Strauss & Co.* (1986) 41 Cal.3d 460, 471. Doubts as to the appropriateness of class treatment are resolved in favor of certification. *See Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 473-75. To sustain any class action, there must be an ascertainable class and a well-defined community of interest in the legal and factual questions affecting putative class members. *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 704.

### A.    Ascertainable Class

Whether a class is ascertainable depends on (1) class definition, (2) class size, and (3) the means of identifying class members. *Miller v. Woods* (1983) 148 Cal.App.3d 862, 873.

The Court finds Plaintiffs' class ascertainable. The class definition is objective and sufficient for notice purposes. Class members, if they worked as claims handlers or performed claims-handling activities, can easily determine whether they were paid overtime wages. Class membership may number in the hundreds, making individual joinder impracticable. Class members can be identified from Defendants' records.

### B.    Community of Interest

A community of interest exists in the presence of three factors: (1) predominant common questions of law or fact; (2) class representatives with claims typical of the class; and (3) class representatives who can adequately represent the class. *Richmond, supra*, 29 Cal.3d at 470.

#### 1.    Predominant Common Questions of Law or Fact

Liability in these cases turns on whether Plaintiffs and putative members did production work or administrative work. One tool used by courts to assist such a determination is the "administrative/production worker" dichotomy. The dichotomy can be dispositive, as a matter of law, where "[t]he work at issue . . . falls squarely on the production side of the line[.]" *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 731 (internal quotation marks omitted).

- 2 -

The Court finds that a common question predominates. Plaintiffs contend all class members engaged in work "fall[ing] squarely on the production side of the line[.]" *Id.* Assuming Plaintiffs prove this, the dichotomy could be dispositive. The initial core question, therefore, is whether the dichotomy, in fact, is dispositive.

If the dichotomy is not dispositive, then individual inquiries and mini-trials may be necessary to flesh out and assess each class member's duties and/or work activities. Class members worked in at least thirty-nine job classifications. This may be problematic. But the Court believes certification is the best means to resolve whether the job classifications involved common production activities (i.e., whether each Plaintiff and each class member performed substantially similar claims-handling/production work). Depending on the outcome of this inquiry, the Court could proceed with the class action, modify the class definition, or decertify the class. *See Hicks v. Kaufman and Broad Home Corp.* (2001) 89 Cal.App.4th 908, 916.

### 2. Typicality and Adequacy of Representation

The Court finds Plaintiffs typical and adequate. Plaintiffs' claims and class members' claims arise from the same alleged misconduct and center on the same predominating question.[1]

Defendants argue that Plaintiffs did not work in each of the thirty-nine job classifications. As noted above, the argument is premature. Certification is appropriate to determine whether the job classifications involved sufficiently similar production activities.

It is irrelevant that some Plaintiffs worked for Liberty Mutual while other Plaintiffs worked for Golden Eagle. Whether employees of one were employees of the other is a common question suitable for certification.

The Court finds Plaintiffs' counsel adequate.

---

[1]     The Court excludes underwriters from the class. It has not been sufficiently shown that underwriters' duties and/or work activities were similar to those of claims handlers, and Plaintiffs did not work as underwriters.

- 3 -

Exhibit A-087

 

*C.*     *Class-Action Superiority*

The Court finds the class-action method superior.  Certification is the best means to resolve the dichotomy question.

### III

### CONCLUSION

Plaintiffs' Motion for Class Certification is granted.  The class shall be defined as "all non-management California employees classified as exempt by Liberty Mutual and Golden Eagle who were employed as claims handlers and/or performed claims-handling activities."

DATED: May 17, 2004

CHARLES W. McCOY, JR.
Judge of the Superior Court

Exhibit A-088

 

**PROOF OF SERVICE**

| STATE OF CALIFORNIA | ) |
| COUNTY OF LOS ANGELES | ) ss |

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, California 90013-1010.

  On July 25, 2011, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION TO STAY PROCEEDINGS PURSUANT TO DOCTRINE OF EXCLUSIVE OR, ALTERNATIVELY, FOR A DISCRETIONARY STAY; DECLARATION OF GEOFFREY D. DEBOSKEY** on all interested parties in this action as follows:

| | |
|---|---|
| V. James DeSimone, Esq<br>Schonbrun DeSimone Deplow<br>Harris et al<br>723 Ocean Front Walk<br>Venice, CA 90291 | Michael Rapkin, Esq.<br>Law Office of Michael Rapkin<br>233 Wilshire Blvd Ste 700<br>Santa Monica, CA 90401 |

  I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on July 25, 2011, at Los Angeles, California.

Allison Castillo

Exhibit A-089



Exhibit A-090

  

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| V. James DeSimone, SBN 119668<br>Michael D. Seplow, SBN 150183<br>Schonbrun Desimone, et al., LLP, 732 Ocean Front Walk, Venice, CA 90291<br>   TELEPHONE NO.: (310) 396-0731   FAX NO. *(Optional):* (310) 399-7040<br>   E-MAIL ADDRESS *(Optional):*<br>   ATTORNEY FOR *(Name):* Plaintiff Joe Braun, et al., and all others similarly situated | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS: 111 N. Hill Street
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Joe Braun, et al.

DEFENDANT/RESPONDENT: Safeco Insurance Co. of America, et al.

| CASE MANAGEMENT STATEMENT<br>*(Check one):* ☑ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)     or less) | CASE NUMBER:<br>BC458779 |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: August 17, 2011   Time: 8:30 a.m.   Dept.: 13   Div.:   Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
  a. ☑ This statement is submitted by party *(name):* Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, Efren Garcia
  b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a. The complaint was filed on *(date):* April 5, 2011
  b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. ☐ The following parties named in the complaint or cross-complaint
    (1) ☐ have not been served *(specify names and explain why not):*
    (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
    (3) ☐ have had a default entered against them *(specify names):*
  c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
  a. Type of case in ☑ complaint  ☐ cross-complaint  *(Describe, including causes of action):*
    Please see attachment

---

Exhibit A-091



CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Co. of America, et al. | BC458779 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Please see attachment

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
        Class action case. Parties will need additional time to prepare for trial.
    c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
    a. ☑ days *(specify number):* 20 - 25 days
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
    a.  Attorney: Michael S. Rapkin, SBN 67220; Scott B. Rapkin, SBN 261867
    b.  Firm: Law Offices of Michael S. Rapkin
    c.  Address: 233 Wilshire Blvd, Suite 700, Santa Monica CA 90401
    d.  Telephone number: (310) 319-5465        f.  Fax number: (310) 319-5355
    e.  E-mail address: msrapkin@gmail.com       g.  Party represented: Plaintiffs
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel ☑ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
            Amount in controversy exceeds $50,000

Exhibit A-092

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Co. of America, et al. | BC458779 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [✓] | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | [✓] | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

Exhibit A-093

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Co. of America, et al. | BC458779 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other (specify):

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☑ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**

☑ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

    Plaintiffs' Motion for Class Certification

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiffs | written discovery, depositions | date will depend on status of Motion to Stay |

c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

    See attachment

**CASE MANAGEMENT STATEMENT**

Exhibit A-094




CM-110

| PLAINTIFF/PETITIONER: | Joe Braun, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Safeco Insurance Co. of America, et al. | BC458779 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

See attachment

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*    9

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 2, 2011

Michael D. Seplow
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit A-095

 

*Braun v Safeco Insurance et al.*, Case No. BC 458779
Attachment to Plaintiffs' Case Management Conference Statement

4a. Class action for unpaid wages with the following causes of action:

1. Failure to Pay Overtime Compensation (Labor Code § 1194), 2. Failure to Provide Meal and Rest Periods ( Labor Code § 226.7), 3. Waiting Time Penalties ( Labor. Code § 203), 4. Failure to Provide Accurate Itemized Statements (Labor Code § 226), 5. Unfair Business Practices ( Business & Professions Code §§ 17200 et seq.) 6. Private Attorney General Act (Labor Code §§ 2698 et seq.)

4b.       This is a class action case for unpaid wages on behalf of automobile insurance claims representatives employed by Defendant Safeco Insurance Company (which was acquired by Defendant Liberty Mutual Insurance Company in 2008). Plaintiffs and other similarly situated employees were non-exempt employees who would typically process at least 80 claims per month and the majority of those claims involved less than $3,000 in damages. The maximum amount of settlement authority on an individual claim was $15,000. Plaintiffs were closely supervised and their job duties were highly regulated by Safeco. Plaintiffs were expected to process a large amount of low level claims and had extremely limited discretion in the manner in which they performed their duties.

          After Liberty acquired Safeco, Plaintiffs were re-classified as exempt and not paid overtime, even though their job duties remained the same. Moreover, even when they were classified as non-exempt, Plaintiffs Braun and Halperin were required to work off the clock without proper overtime compensation.

          Plaintiffs, on behalf of themselves and others similarly situated, seek unpaid wages, payment for missed meal and rest break, as well as penalties, interest and attorneys fees under the Labor Code.

13.       Defendants contend that *Harris v. Liberty Mutual Group*, Case No. BC 246139, filed March 5, 2001 ("*Harris* Action") is a related case and that this action should be stayed pending a determination in *Harris*. The *Harris* Action is presently pending before the California Supreme Court, which granted the Petition for Review on November 28, 2007 (*Harris v. Superior Court*, 171 P.3d 545, 68 Cal.Rptr.3d 528 (2007). Plaintiffs contend that the *Harris* case differs from this case for numerous reasons, including: a) this case involves employees of Safeco, which was not acquired by Liberty Mutual, until after the Supreme Court granted review in *Harris*, b) this case involves low level claims representatives, who have limited settlement authority and extremely limited discretion in the manner in which they perform their duties and c) this case involves allegations of "off the clock" work which was not an issue in *Harris*. Plaintiffs have attached hereto their Notice of Possible Related Case, filed on April 5, 2011, which sets forth in greater detail why this case differs from *Harris*.

 

16 c.   Defendants have filed a motion to stay which is set for a hearing on October 7, 2011, which has resulted in a delay of all discovery.  Plaintiffs request that the hearing on the motion to stay be advanced so that discovery may proceed as soon as possible.  The pending motion to stay is likely to effect the timing and scope of discovery.  Plaintiffs contend that discovery should proceed as to all claims and issues in the case.

18.      Plaintiffs request that the Court address Defendants' motion to stay at the Case Management Conference and advance the hearing date on that motion, as it has resulted in a delay of all discovery.

Additionally, Plaintiff Yolanda Garcia has been terminated from her employment and in order to obtain severance compensation, which she needs to pay for her living expenses, Defendants have required her to execute a release of all claims.  Plaintiffs contend that Ms. Garcia should still be able to pursue the wage and hour claims alleged in this case on behalf of herself and the putative class.



1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9
10 Attorneys for Plaintiffs

11

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 05 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Gina Grider

12    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES

14

15 JOE BRAUN, JEFF HAILPERN,          )   Case No:  BC 458779
   YOLANDA GARCIA, and EFREN         )
16 GARCIA, on behalf of themselves and others )
   similarly situated                )
17                                    )
                                      )   NOTICE OF POSSIBLE RELATED
18        Plaintiffs,                 )   CASE
        vs.                           )
19                                    )
   SAFECO INSURANCE COMPANY OF        )
20 AMERICA, LIBERTY MUTUAL            )
   INSURANCE COMPANY and DOES 1       )
21 through 50, inclusive              )
                                      )
22        Defendants.                 )
                                      )
23                                    )
                                      )
24                                    )

25

26

27

28

-1-

NOTICE OF POSSIBLE RELATED CASE                    Exhibit A-098

1   PLEASE TAKE NOTICE that the above-entitled action may be related to an action

2   previously filed in Superior Court of the State of California, for the County of Los Angeles. The

3   case is entitled *Harris v. Liberty Mutual Group*, Case No. BC 246139, filed March 5, 2001

4   ("*Harris* Action"). The *Harris* Action is presently pending before the California Supreme

5   Court, which granted the Petition for Review on November 28, 2007 (*Harris v. Superior Court*,

6   171 P.3d 545, 68 Cal.Rptr.3d 528 (2007).

7   For the reasons stated below, Plaintiffs do not believe that this lawsuit is related to the

8   *Harris* Action because this case involves an entire set of employees who are not covered by the

9   *Harris* Action. However, in an abundance of caution, and in an effort to comply with Cal. Ct. R.

10  3.300 (b), Plaintiffs filed this Notice of Possible Related Case.

11

12       A.    **The Claims in the Instant *Braun* Action Differ from Those in the *Harris***

13             **Action and Are Based on Different Operative Facts, with Different Witnesses**

14             **and Different Evidence.**

15   This case ("the *Braun* Action") is a putative class action on behalf of low level claims

16   representatives of Safeco Insurance Company of America ("Safeco") and is based on conduct

17   that occurred between March 2007 and the present. Plaintiffs contend that they were not paid

18   overtime by their employer based on claims that they were required to work off the clock and

19   also that for certain periods of time they were mis-classified as being "exempt" employees. In

20   2008, Safeco was acquired by Liberty Mutual.

21   The *Harris* Action was filed more than 10 years ago–long before Safeco was acquired by

22   Liberty Mutual. Moreover, it was not until after the *Harris* Action went up on appeal that

23   Liberty Mutual acquired Safeco, the company where the Plaintiffs and the putative class

24   members in this case were employed.

25   One of the claims in this case is similar to that in the *Harris* Action and one of the

26   defendants in this case is similar to that in the Harris Action. See Cal. Ct. R. 3.300 (b).

27   Specifically, both cases involve allegations that defendant, Liberty Mutual Group ("Liberty

28

2

**NOTICE OF POSSIBLE RELATED CASE**

 

1 Mutual"), mis-classified certain employees as "non-exempt".

2      Unlike the *Harris* Action, though, which was filed ten years ago, this case involves a new

3 defendant, Safeco Insurance Company of America, ("Safeco"), and alleges improper acts that

4 took place before Safeco was acquired by Liberty Mutual in or around September 2008. That is,

5 a major component of this instant lawsuit involves events that took place before September 2008,

6 and were solely the policies of Safeco.

7      Unlike the *Harris* Action, the instant lawsuit alleges that from March 2007 through June

8 2010, certain employees of Safeco were required to work "off the clock". Moreover, there are

9 allegations that this policy of forcing employees to work off the clock goes back to 2001, many

10 years before Liberty Mutual acquired Safeco. The supervisors who imposed this illegal policy

11 were employed by Safeco, not Liberty Mutual.

12      As a result of this case having a totally separate cause of action than the *Harris* Action,

13 and as a result of numerous events having occurred prior to Liberty Mutual's acquisition of

14 Safeco, this case will require the parties to address different issues of law. And, of course, there

15 will be additional witnesses. Thus, although one of the issues in this case is substantially similar

16 to the *Harris* Action, the assignment of another judge will not result in a substantial duplication

17 of labor. Rather, a new judge will not have to be burdened with years of litigation in the Harris

18 Action, which, as explained, has no relevance to one of the issues in this case.

19      Moreover, the *Harris* Action involved all types of insurance adjusters, working on all

20 types of claims. In contrast, the *Braun* Action only involves low level automobile claims

21 representatives who typically processed at least 80 claims per month where the majority of those

22 claims involved less than $3,000 in damages, with a maximum amount of settlement authority on

23 an individual claim of $15,000. (Braun Complaint at ¶ 12.)

24      Furthermore, the Notice of Class Action ("Notice") in the *Harris* Action was sent out

25 many years ago, long before Liberty Mutual acquired Safeco. A true and correct copy of the

26 Notice is attached hereto as Exhibit "A." Indeed, according to the Notice, any request to be

27 excluded from the class had to be postmarked on or before January 31, 2005, more than 3.5 years

28

1  before Liberty Mutual's acquisition of Safeco.  To this day, Safeco employees have never been
2  notified of the pending Harris Action or that they may be members of that class.
3        Therefore, Plaintiffs contend that this case should not be deemed related to the *Harris*
4  *Action*.

5
6
7  DATED: March 30, 2011                    Respectfully submitted,

8                                           SCHONBRUN DESIMONE SEPLOW
9                                           HARRIS HOFFMAN & HARRISON LLP

10                                          LAW OFFICES OF MICHAEL S. RAPKIN

11
12                                          By
                                               V. James D. Simone
13                                             Michael D. Seplow
                                               Attorneys for Plaintiffs

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF POSSIBLE RELATED CASE

Exhibit A-101

# EXHIBIT A



SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| Coordination Proceeding Special Title (Rule 1550(b)) | JCCP No. 4234 |
|---|---|
| LIBERTY MUTUAL OVERTIME CASES (INCLUDES GOLDEN EAGLE INSURANCE CORPORATION AND HELMSMAN) | CLASS ACTION |

### NOTICE OF CLASS ACTION

**TO:**    ALL NON-MANAGEMENT CALIFORNIA EMPLOYEES OF LIBERTY MUTUAL INSURANCE (and its subsidiaries, including Helmsman Management Services, Inc.) WHO, AT ANY TIME SINCE MARCH 5, 1997:

(a) HAVE BEEN EMPLOYED AS ADJUSTERS, INVESTIGATORS, APPRAISERS, OR OTHER TYPES OF CLAIMS HANDLERS, OR PERFORMED CLAIMS HANDLING ACTIVITIES, AND

(b) HAVE BEEN CLASSIFIED AS EXEMPT FROM OVERTIME

[See the attached Exhibit 1 for a list of Liberty Mutual, Helmsman and Wausau job positions that are included in the class.]

**AND TO:**    ALL NON-MANAGEMENT CALIFORNIA EMPLOYEES OF GOLDEN EAGLE INSURANCE CORPORATION WHO, AT ANY TIME SINCE OCTOBER 1, 1997:

(c) HAVE BEEN EMPLOYED AS ADJUSTERS, INVESTIGATORS, APPRAISERS, OR OTHER TYPES OF CLAIMS HANDLERS, OR PERFORMED CLAIMS HANDLING ACTIVITIES, AND

(d) HAVE BEEN CLASSIFIED AS EXEMPT FROM OVERTIME

[See the attached Exhibit 2 for a list of Golden Eagle job positions that are included in the class.]

### THIS NOTICE MAY AFFECT YOUR RIGHTS
### PLEASE READ IT CAREFULLY

**1.   WHY SHOULD I READ THIS NOTICE?**

The purpose of this Notice is to inform you that your rights may be affected by proceedings in class action lawsuits pending before The Los Angeles Superior Court in the State of California ("the Court"). This Notice is given by Order of the Court.

The Court has not expressed any opinion as to whether the claims have merit.

**2.   WHAT IS THE LITIGATION ABOUT?**

Several lawsuits were filed in different California superior courts against Liberty Mutual, Helmsman, and Golden Eagle Insurance Corporation on behalf of former and current employees who performed claims handling functions including, but not limited to, adjusting, investigation, and appraisal.

The cases filed were as follows:

Harris v. Liberty Mutual Insurance Co, Los Angeles Superior Court, Case No. BC 246 139; Butler-Mitchell v. Liberty Mutual Group, Sacramento Superior Court, Case No. 01 AS 06879; Smith v. Golden Eagle Insurance Corporation, San Diego Superior Court, Case No. GIC 775 135; and Garner v. Helmsman, Los Angeles Superior Court, Case No. BC 246140.

Plaintiffs in these actions assert claims on behalf of the Class that the Class Members, working as claims handlers or performing claims handling activities, are owed overtime wages because they were improperly classified as exempt from the California overtime rules. Defendants deny that the class members were improperly classified and deny that they are entitled to overtime wages because of this classification.

**3.   WHAT IS A CLASS ACTION?**

A class action is a type of lawsuit in which one or a few named plaintiffs bring suit on behalf of all the members of a similarly situated group ("class") to obtain damages or other relief for all members of the class, so that each class member does not have to file an individual lawsuit. Class actions are used by courts when the claims appear to raise issues of law or fact that are common to all members of the class.

**4.   WHAT RECOVERY DO THE ACTIONS SEEK?**

Recovery will depend upon plaintiffs successfully proving an entitlement on behalf of class members to overtime pay by proving they were improperly classified as exempt from California overtime laws. If successful, plaintiffs will seek to

Exhibit A-103

 

recover overtime compensation for class members earned on and after March 5, 1997 (after October 1, 1997 as to Golden Eagle), together with interest from that date to the time of judgment, and related relief, such as amounts provided for by statute if an employer does not timely pay an employee whose employment has ended all wages due when the employment ended.

### 5.  HOW WILL THE CASE BE LITIGATED?

No trial date has been set. At some point, at trial or before, the Court must rule on whether the defendants are correct in their assertion that the class members were exempt from payment of overtime wages.

### 6.  WHO REPRESENTS THE CLASS?

The class is represented by attorneys, and also by named plaintiffs, who are current or former employees of Liberty Mutual, Helmsman and Golden Eagle Insurance Corporation, who have been employed in California as claims handlers during periods of time on and after March 5, 1997 (on or after October 1, 1997 as to Golden Eagle).

The Class Representatives: Plaintiffs Marion Brenish-Smith, Kelly Gray and Steve Brickman are approved by the Court to act as the class representative for the Golden Eagle Insurance Corporation class members. Plaintiffs Frances Harris, Dwayne Garner, and Adell Butler-Mitchell are class representatives approved by the Court to act as the class representatives for Liberty Mutual and Helmsman class members.

The Attorneys for the Class: The following attorneys are representing the class:

| | | |
|---|---|---|
| Theodore J. Pintar | Ira Spiro | Timothy Cohelan |
| Steven Pepich | SPIRO MOSS BARNESS | COHELAN & KHOURY |
| LERACH COUGHLIN STOIA | HARRISON &BARGE LLP | 605 "C" Street, Suite 200 |
| & ROBBINS LLP | 11377 W. Olympic Blvd., 5th Floor | San Diego, CA 92101-5305 |
| 401 "B" Street, Suite 1700 | Los Angeles, CA 90064 | Telephone: (619) 595-3001 |
| San Diego, CA 92101-4297 | Telephone: (310) 235-2468. | |
| Telephone: (619) 231-1058 | | (w/Michael Carver, Esq.) |

### 7.  WHO REPRESENTS LIBERTY MUTUAL, GOLDEN EAGLE AND HELMSMAN?

Defendants Liberty Mutual, Helmsman, and Golden Eagle Insurance Corporation are represented by

| | |
|---|---|
| Douglas R. Hart | William V. Whelan |
| Elicia N. Bernstein | SHEPPARD, MULLIN, RICHTER |
| SHEPPARD, MULLIN, RICHTER | & HAMPTON, LLP |
| & HAMPTON, LLP | 501 W. Broadway, 19th Floor |
| 333 So. Hope, 48 Floor | San Diego, CA 92101-3598 |
| Los Angeles, CA 90071 | |

### 8.  WHAT ARE YOUR RIGHTS IN REGARD TO THIS MATTER?

If you wish to remain a member of this class you do not have to do anything at this time. You will receive further information as the case progresses. Your rights in the class action will be represented by the attorneys for the class. You have the right to exclude yourself from the class. If you exclude yourself, you will not obtain any money or other relief from the class actions even if other class members do, but you will not be subject to any judgment or decision in the case, whether it is favorable or unfavorable. If you do not exclude yourself from the class, any judgment in the case, whether favorable or not, will be binding on you. If you wish to be excluded from the class, you must request to be excluded by mailing your request to the class administrator at the addresses immediately below. The request must be in writing, signed by you, and state "I request to be excluded from the class in the Liberty Mutual Overtime Cases." You must mail your request so that it is postmarked on or before January 31, 2005.

**Liberty Mutual Overtime Cases Class Administrator**
Rosenthal & Company, LLC
P.O. Box 6177
Novato, CA  94948-6177
1-800-207-0343

### 9.  WHAT FEES AND COSTS ARE INVOLVED?

You will not be required to pay any out-of-pocket fees or other payments to the attorneys for the class or to anyone else in connection with these class actions. The attorneys for the class are representing the class on a contingency fee basis. This means that they will be paid attorneys' fees only if there is a recovery for the class. No fees, costs, or expense reimbursements can be paid to the attorneys for the class unless they are first approved by the court.

**PLEASE DO NOT CONTACT ATTORNEYS FOR LIBERTY MUTUAL, HELMSMAN OR GOLDEN EAGLE INSURANCE CORPORATION ABOUT THESE LAWSUITS OR THIS NOTICE UNLESS YOU MAIL A REQUEST TO BE EXCLUDED FROM THE CLASS AS DESCRIBED ABOVE.**

**PLEASE DO NOT ADDRESS ANY QUESTIONS TO THE COURT.**

Exhibit A-104

1                      **PROOF OF SERVICE**

2          STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice,

4  California 90291.

5      **On August 2, 2011**, I served the foregoing documents described as:

6

7         **PLAINTIFFS' CASE MANAGEMENT STATEMENT**

8  on all interested parties in this action. By placing the ___ original or a __X__ true copy thereof enclosed in a sealed envelope addressed as follows:

9  Douglas Hart
  Geoffrey D. DeBoskey

10 Sidley Austin LLP
  555 W 5th St, Suite 4000

11 Los Angeles, CA 90013

12

13 __X__       **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice,

14            California.  The envelope was mailed with postage thereof fully prepaid.

15 ____       **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to

16            the addressee(s).

17 ____       **[E-MAIL]** I caused such document to be delivered by email to the
           email addresses listed above.

18 ____       **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal

19            express at Venice, California.

20 ____       **[BY FAX]** I transmitted the above document to the above facsimile.

21 __X__       **[STATE]** I declare under penalty of perjury under the laws of the State of
           California that the foregoing is true and correct.

22

23 Executed on August 2, 2011, at Venice, California

24

25                                   William J. Clifton

26

27

28

                           Proof of Service                 Exhibit A-105



Exhibit A-106

 

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Geoffrey D. DeBoskey, CBN 211557
Sidley Austin LLP
555 West 5th Street, Suite 4000, Los Angeles, CA 90013
TELEPHONE NO.: (213) 896-6122        FAX NO. (Optional):
E-MAIL ADDRESS (Optional): gdeboskey@sidley.com
ATTORNEY FOR (Name): Defendants

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 09 2011

John A. Clarke, Executive Officer/Clerk

By _____ Dep.
RAUL SANCHEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Joe Braun, et al.

DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  [✓] UNLIMITED CASE          [ ] LIMITED CASE | BC458779 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: August 17, 2011        Time: 8:30 a.m.        Dept.: 17        Div.:        Room:
Address of court (if different from the address above):

[ ]  Notice of Intent to Appear by Telephone,  by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. [✓]  This statement is submitted by party (name):  Defendants Safeco Insurance Company of America, et al.
   b. [ ]  This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.      The complaint was filed on (date):
   b. [ ]  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served (specify names and explain why not):

      (2) [ ]  have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ]  have had a default entered against them (specify names):

   c. [ ]  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a.  Type of case in  [✓] complaint        [ ] cross-complaint        (Describe, including causes of action):

      This is a putative class action alleging that the Defendants failed to pay all wages owed, provide meal periods, and authorize and permit rest periods. The lawsuit also alleges various derivative claims.

| Form Adopted for Mandatory Use | **CASE MANAGEMENT STATEMENT** | Page 1 of 5 |
|---|---|---|
| Judicial Council of California | | Cal. Rules of Court, rules 3.720–3.730 |
| CM-110 [Rev. July 1, 2011] | | www.courts.ca.gov |

Exhibit A-107

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC458779 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants fully deny the allegations and also contend that the matter should not proceed as a class action. Moreover, the Plaintiffs (as well as the putative class they seek to represent) are encompassed within the scope of the class definition of the Liberty Mutual Overtime Cases (JCCP 4234), which is pending before the California Supreme Court. Therefore, Defendants filed a Motion to Stay this action, which is set for October 7, 2011.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
Defendants' Motion to Stay as well as the need to address the class certification issue.
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑   days *(specify number):* 10 days if individual claims, unknown if the matter proceeds on a class basis.
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☑ by the following:
a.   Attorney:  Douglas R. Hart
b.   Firm:  Sidley Austin LLP
c.   Address:  555 West Fifth Street, Suite 4000, Los Angeles, CA 90012
d.   Telephone number: 213-896-6000          f.   Fax number:
e.   E-mail address:  dhart@sidley.com          g.   Party represented: Defendants
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☑ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit A-108

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC458779 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are **willing to** participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ✓ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ✓ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

Exhibit A-109

 

CM-110

| PLAINTIFF/PETITIONER: | Joe Braun, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Safeco Insurance Company of America, et al. | BC458779 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☑ There are companion, underlying, or related cases.
      (1) Name of case: Liberty Mutual Overtime Cases
      (2) Name of court: Los Angeles Superior Court
      (3) Case number: JCCP 4234
      (4) Status: Pending before the California Supreme Court
      ☐ Additional cases are described in Attachment 13a.
   b. ☑ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:
      A Motion to Stay has been filed by Defendants and is set for hearing on October 7, 2011

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Unknown depending upon the outcome of Motion to Stay (set for hearing on October 7, 2011) | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

Exhibit A-110

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC458779 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Plaintiffs have requested that the hearing date for Defendants' Motion to Stay be advanced from October 7, 2011. Defendants do not oppose this request.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 8, 2011

Geoffrey D. DeBoskey
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

Exhibit A-111

 

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              ) ss
COUNTY OF LOS ANGELES         )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Los Angeles, California 90013-1010.

On August 9, 2011, I served the foregoing document described as **CASE MANAGEMENT CONFERENCE STATEMENT** on all interested parties in this action as follows:

| | |
|---|---|
| V. James DeSimone, Esq<br>Schonbrun DeSimone Deplow<br>Harris et al<br>723 Ocean Front Walk<br>Venice, CA 90291 | Michael Rapkin, Esq.<br>Law Office of Michael Rapkin<br>233 Wilshire Blvd Ste 700<br>Santa Monica, CA 90401 |

I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 9, 2011, at Los Angeles, California.

_____
Allison Castillo

En-tête de la page :



Exhibit A-113

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

**ORIGINAL FILED**

AUG 23 2011

LOS ANGELES
SUPERIOR COURT

10 Attorneys for Plaintiffs

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              FOR THE COUNTY OF LOS ANGELES

13

14

15 JOE BRAUN, JEFF HAILPERN,          )  Case No: BC 458779
   YOLANDA GARCIA, and EFREN          )
16 GARCIA, on behalf of themselves and others )
   similarly situated                 )
17                                     )
                                       )  NOTICE OF POSSIBLE RELATED
18         Plaintiffs,                 )  CASE
        vs.                            )
19                                     )
   SAFECO INSURANCE COMPANY OF        )
20 AMERICA, LIBERTY MUTUAL            )
   INSURANCE COMPANY and DOES 1       )
21 through 50, inclusive               )
                                       )
22         Defendants.                 )
                                       )
23                                     )
                                       )
24                                     )

25      Pursuant to the Order of the Hon. Luis A. Lavin, in Department 13, Plaintiffs are filing

26 this Notice of Possible Related Case in Department 323, the department in which *Harris v.*

27 *Liberty Mutual Group*, Case No. BC 246139 is thought to be pending. This Notice was

28 previously filed on April 5, 2011 at the time Plaintiffs filed their complaint in this action.

1

NOTICE OF POSSIBLE RELATED CASE          Exhibit A-114

1      PLEASE TAKE NOTICE that the above-entitled action <u>may</u> be related to an action

2   previously filed in Superior Court of the State of California, for the County of Los Angeles.  The

3   case is entitled *Harris v. Liberty Mutual Group*, Case No. BC 246139, filed March 5, 2001

4   ("*Harris* Action").   The *Harris* Action is presently pending before the California Supreme

5   Court, which granted the Petition for Review on November 28, 2007 (*Harris v. Superior Court*,

6   171 P.3d 545, 68 Cal.Rptr.3d 528 (2007).

7      For the reasons stated below, Plaintiffs do not believe that this lawsuit is related to the

8   *Harris* Action because this case involves an entire set of employees who are not covered by the

9   *Harris* Action.  However, in an abundance of caution, and in an effort to comply with Cal. Ct. R.

10   3.300 (b), Plaintiffs filed this Notice of Possible Related Case.

12      A.      **The Claims in the Instant *Braun* Action Differ from Those in the *Harris***

13              **Action and Are Based on Different Operative Facts, with Different Witnesses**

14              **and Different Evidence.**

15      This case ("the *Braun* Action") is a putative class action on behalf of low level claims

16   representatives of Safeco Insurance Company of America ("Safeco") and is based on conduct

17   that occurred between March 2007 and the present.   Plaintiffs contend that they were not paid

18   overtime by their employer based on claims that they were required to work off the clock and

19   also that for certain periods of time they were mis-classified as being "exempt" employees.   In

20   2008, Safeco was acquired by Liberty Mutual.

21      The *Harris* Action was filed more than 10 years ago–long before Safeco was acquired by

22   Liberty Mutual.  Moreover, it was not until after the *Harris* Action went up on appeal that

23   Liberty Mutual acquired Safeco, the company where the Plaintiffs and the putative class

24   members in this case were employed.

25      One of the claims in this case is similar to that in the *Harris* Action and one of the

26   defendants in this case is similar to that in the Harris Action.  See Cal. Ct. R. 3.300 (b).

27   Specifically, both cases involve allegations that defendant, Liberty Mutual Group ("Liberty

28

2

**NOTICE OF POSSIBLE RELATED CASE**

1  Mutual"), mis-classified certain employees as "non-exempt".

2      Unlike the *Harris* Action, though, which was filed ten years ago, this case involves a new

3  defendant, Safeco Insurance Company of America, ("Safeco"), and alleges improper acts that

4  took place before Safeco was acquired by Liberty Mutual in or around September 2008. That is,

5  a major component of this instant lawsuit involves events that took place before September 2008,

6  and were solely the policies of Safeco.

7      Unlike the *Harris* Action, the instant lawsuit alleges that from March 2007 through June

8  2010, certain employees of Safeco were required to work "off the clock". Moreover, there are

9  allegations that this policy of forcing employees to work off the clock goes back to 2001, many

10  years before Liberty Mutual acquired Safeco. The supervisors who imposed this illegal policy

11  were employed by Safeco, not Liberty Mutual.

12      As a result of this case having a totally separate cause of action than the *Harris* Action,

13  and as a result of numerous events having occurred prior to Liberty Mutual's acquisition of

14  Safeco, this case will require the parties to address different issues of law. And, of course, there

15  will be additional witnesses. Thus, although one of the issues in this case is substantially similar

16  to the *Harris* Action, the assignment of another judge will not result in a substantial duplication

17  of labor. Rather, a new judge will not have to be burdened with years of litigation in the Harris

18  Action, which, as explained, has no relevance to one of the issues in this case.

19      Moreover, the *Harris* Action involved all types of insurance adjusters, working on all

20  types of claims. In contrast, the *Braun* Action only involves low level automobile claims

21  representatives who typically processed at least 80 claims per month where the majority of those

22  claims involved less than $3,000 in damages, with a maximum amount of settlement authority on

23  an individual claim of $15,000. (Braun Complaint at ¶ 12.)

24      Furthermore, the Notice of Class Action ("Notice") in the *Harris* Action was sent out

25  many years ago, long before Liberty Mutual acquired Safeco. A true and correct copy of the

26  Notice is attached hereto as Exhibit "A." Indeed, according to the Notice, any request to be

27  excluded from the class had to be postmarked on or before January 31, 2005, more than 3.5 years

28

3

NOTICE OF POSSIBLE RELATED CASE

Exhibit A-116

 

1    before Liberty Mutual's acquisition of Safeco.  To this day, Safeco employees have never been

2    notified of the pending *Harris* Action or that they may be members of that class.

3            Therefore, Plaintiffs contend that this case should not be deemed related to the *Harris*

4    Action.

5

6

7    DATED: August 17, 2011                           Respectfully submitted,

8                                                     SCHONBRUN DESIMONE SEPLOW
                                                      HARRIS HOFFMAN & HARRISON LLP
9
                                                      LAW OFFICES OF MICHAEL S. RAPKIN
10

11

12    By_____
                                                      V. James D. Simone
13                                                    Michael D. Seplow
                                                      Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4
                        NOTICE OF POSSIBLE RELATED CASE
                                                                          Exhibit A-117

# EXHIBIT A

 

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b)) | JCCP No. 4234 |
| LIBERTY MUTUAL OVERTIME CASES (INCLUDES GOLDEN EAGLE INSURANCE CORPORATION AND HELMSMAN) | CLASS ACTION |

## NOTICE OF CLASS ACTION

TO: ALL NON-MANAGEMENT CALIFORNIA EMPLOYEES OF LIBERTY MUTUAL INSURANCE (and its subsidiaries, including Helmsman Management Services, Inc.) WHO, AT ANY TIME SINCE MARCH 5, 1997:

   (a) HAVE BEEN EMPLOYED AS ADJUSTERS, INVESTIGATORS, APPRAISERS, OR OTHER TYPES OF CLAIMS HANDLERS, OR PERFORMED CLAIMS HANDLING ACTIVITIES, AND

   (b) HAVE BEEN CLASSIFIED AS EXEMPT FROM OVERTIME

[See the attached Exhibit 1 for a list of Liberty Mutual, Helmsman and Wausau job positions that are included in the class.]

AND TO: ALL NON-MANAGEMENT CALIFORNIA EMPLOYEES OF GOLDEN EAGLE INSURANCE CORPORATION WHO, AT ANY TIME SINCE OCTOBER 1, 1997:

   (c) HAVE BEEN EMPLOYED AS ADJUSTERS, INVESTIGATORS, APPRAISERS, OR OTHER TYPES OF CLAIMS HANDLERS, OR PERFORMED CLAIMS HANDLING ACTIVITIES, AND

   (d) HAVE BEEN CLASSIFIED AS EXEMPT FROM OVERTIME

[See the attached Exhibit 2 for a list of Golden Eagle job positions that are included in the class.]

**THIS NOTICE MAY AFFECT YOUR RIGHTS**
**PLEASE READ IT CAREFULLY**

1. **WHY SHOULD I READ THIS NOTICE?**

The purpose of this Notice is to inform you that your rights may be affected by proceedings in class action lawsuits pending before The Los Angeles Superior Court in the State of California ("the Court"). This Notice is given by Order of the Court.

The Court has not expressed any opinion as to whether the claims have merit.

2. **WHAT IS THE LITIGATION ABOUT?**

Several lawsuits were filed in different California superior courts against Liberty Mutual, Helmsman, and Golden Eagle Insurance Corporation on behalf of former and current employees who performed claims handling functions including, but not limited to, adjusting, investigation, and appraisal.

The cases filed were as follows:

Harris v. Liberty Mutual Insurance Co, Los Angeles Superior Court, Case No. BC 246 139; Butler-Mitchell v. Liberty Mutual Group, Sacramento Superior Court, Case No. 01 AS 06879; Smith v. Golden Eagle Insurance Corporation, San Diego Superior Court, Case No. GIC 775 135; and Garner v. Helmsman, Los Angeles Superior Court, Case No. BC 246140.

Plaintiffs in these actions assert claims on behalf of the Class that the Class Members, working as claims handlers or performing claims handling activities, are owed overtime wages because they were improperly classified as exempt from the California overtime rules. Defendants deny that the class members were improperly classified and deny that they are entitled to overtime wages because of this classification.

3. **WHAT IS A CLASS ACTION?**

A class action is a type of lawsuit in which one or a few named plaintiffs bring suit on behalf of all the members of a similarly situated group ("class") to obtain damages or other relief for all members of the class, so that each class member does not have to file an individual lawsuit. Class actions are used by courts when the claims appear to raise issues of law or fact that are common to all members of the class.

4. **WHAT RECOVERY DO THE ACTIONS SEEK?**

Recovery will depend upon plaintiffs successfully proving an entitlement on behalf of class members to overtime pay by proving they were improperly classified as exempt from California overtime laws. If successful, plaintiffs will seek to

LMG_NOT_041001

Exhibit A-119



recover overtime compensation for class members earned on and after March 5, 1997 (after October 1, 1997 as to Golden Eagle), together with interest from that date to the time of judgment, and related relief, such as amounts provided for by statute if an employer does not timely pay an employee whose employment has ended all wages due when the employment ended.

**5.   HOW WILL THE CASE BE LITIGATED?**

No trial date has been set. At some point, at trial or before, the Court must rule on whether the defendants are correct in their assertion that the class members were exempt from payment of overtime wages.

**6.   WHO REPRESENTS THE CLASS?**

The class is represented by attorneys, and also by named plaintiffs, who are current or former employees of Liberty Mutual, Helmsman and Golden Eagle Insurance Corporation, who have been employed in California as claims handlers during periods of time on and after March 5, 1997 (on or after October 1, 1997 as to Golden Eagle).

The Class Representatives: Plaintiffs Marion Brenish-Smith, Kelly Gray and Steve Brickman are approved by the Court to act as the class representative for the Golden Eagle Insurance Corporation class members. Plaintiffs Frances Harris, Dwayne Garner, and Adell Butler-Mitchell are class representatives approved by the Court to act as the class representatives for Liberty Mutual and Helmsman class members.

The Attorneys for the Class: The following attorneys are representing the class:

| | | |
|---|---|---|
| Theodore J. Pintar | Ira Spiro | Timothy Cohelan |
| Steven Pepich | SPIRO MOSS BARNESS | COHELAN & KHOURY |
| LERACH COUGHLIN STOIA | HARRISON &BARGE LLP | 605 "C" Street, Suite 200 |
| & ROBBINS LLP | 11377 W. Olympic Blvd., 5ᵗʰ Floor | San Diego, CA 92101-5305 |
| 401 "B" Street, Suite 1700 | Los Angeles, CA 90064 | Telephone: (619) 595-3001 |
| San Diego, CA 92101-4297 | Telephone: (310) 235-2468. | |
| Telephone: (619) 231-1058 | | (w/Michael Carver, Esq.) |

**7.   WHO REPRESENTS LIBERTY MUTUAL, GOLDEN EAGLE AND HELMSMAN?**

Defendants Liberty Mutual, Helmsman, and Golden Eagle Insurance Corporation are represented by

| | |
|---|---|
| Douglas R. Hart | William V. Whelan |
| Elicia N. Bernstein | SHEPPARD, MULLIN, RICHTER |
| SHEPPARD, MULLIN, RICHTER | & HAMPTON, LLP |
| & HAMPTON, LLP | 501 W. Broadway, 19th Floor |
| 333 So. Hope, 48 Floor | San Diego, CA 92101-3598 |
| Los Angeles, CA 90071 | |

**8.   WHAT ARE YOUR RIGHTS IN REGARD TO THIS MATTER?**

If you wish to remain a member of this class you do not have to do anything at this time. You will receive further information as the case progresses. Your rights in the class action will be represented by the attorneys for the class. You have the right to exclude yourself from the class. If you exclude yourself, you will not obtain any money or other relief from the class actions even if other class members do, but you will not be subject to any judgment or decision in the case, whether it is favorable or unfavorable. If you do not exclude yourself from the class, any judgment in the case, whether favorable or not, will be binding on you. If you wish to be excluded from the class, you must request to be excluded by mailing your request to the class administrator at the addresses immediately below. The request must be in writing, signed by you, and state "I request to be excluded from the class in the Liberty Mutual Overtime Cases." You must mail your request so that it is postmarked on or before January 31, 2005.

Liberty Mutual Overtime Cases Class Administrator
Rosenthal & Company, LLC
P.O. Box 6177
Novato, CA 94948-6177.
1-800-207-0343

**9.   WHAT FEES AND COSTS ARE INVOLVED?**

You will not be required to pay any out-of-pocket fees or other payments to the attorneys for the class or to anyone else in connection with these class actions. The attorneys for the class are representing the class on a contingency fee basis. This means that they will be paid attorneys' fees only if there is a recovery for the class. No fees, costs, or expense reimbursements can be paid to the attorneys for the class unless they are first approved by the court.

**PLEASE DO NOT CONTACT ATTORNEYS FOR LIBERTY MUTUAL, HELMSMAN OR GOLDEN EAGLE INSURANCE CORPORATION ABOUT THESE LAWSUITS OR THIS NOTICE UNLESS YOU MAIL A REQUEST TO BE EXCLUDED FROM THE CLASS AS DESCRIBED ABOVE.**

**PLEASE DO NOT ADDRESS ANY QUESTIONS TO THE COURT.**

- 2 -

CLASS ACTION COMPLAINT

Exhibit A-120

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

<u>On August 17, 2011,</u> I served the foregoing documents described as:

**NOTICE OF POSSIBLE RELATED CASE**

on all interested parties in this action. By placing the ___ original or a __X__ true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Hart
Geoffrey D. DeBoskey
Sidley Austin LLP
555 W 5th St, Suite 4000
Los Angeles, CA 90013

__X__  **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

_____  **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_____  **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____  **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____  **[BY FAX]** I transmitted the above document to the above facsimile.

__X__  **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 17, 2011, at Venice, California

Kai Valenzuela




1  **PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3  I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice,

4  California 90291.

5  **On September 26, 2011,** I served the foregoing documents described as:

6

7  **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PURSUANT TO THE DOCTRINE OF EXCLUSIVE CONCURRENT JURISDICTION OR, ALTERNATIVELY, FOR A DISCRETIONARY STAY; MEMORANDUM OF**

8  **POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL D. SEPLOW IN SUPPORT THEREOF**

9  on all interested parties in this action. By placing the ___ original or a **X** true copy thereof

10  enclosed in a sealed envelope addressed as follows:

11  Douglas Hart
    Geoffrey D. DeBoskey

12  Sidley Austin LLP
    555 W 5th St, Suite 4000

13  Los Angeles, CA 90013

14

15  ____  **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereof fully prepaid.

16

17  ____  **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

18  ____  **[E-MAIL]** I caused such document to be delivered by email to the

19       email addresses listed above.

20  **X**  **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

21  ____  **[BY FAX]** I transmitted the above document to the above facsimile.

22  **X**  **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24  Executed on September 26, 2011, at Venice, California

25

26

27  Kai Valenzuela

28

Proof of Service                                    Exhibit A-122





1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

10  Attorneys for Plaintiffs

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF LOS ANGELES

14

15  JOE BRAUN, JEFF HAILPERN,          )  Case No: BC 458779
    YOLANDA GARCIA, and EFREN          )
16  GARCIA, on behalf of themselves and others )
    similarly situated                 )
17                                      )  PLAINTIFFS' OPPOSITION TO
                                        )  DEFENDANTS' MOTION TO STAY
18                                      )  PROCEEDINGS PURSUANT TO THE
              Plaintiffs,               )  DOCTRINE OF EXCLUSIVE
19       vs.                            )  CONCURRENT JURISDICTION OR,
                                        )  ALTERNATIVELY, FOR A
    SAFECO INSURANCE COMPANY OF         )  DISCRETIONARY STAY;
20  AMERICA, LIBERTY MUTUAL             )  MEMORANDUM OF POINTS AND
    INSURANCE COMPANY and DOES 1        )  AUTHORITIES AND DECLARATION
21  through 50, inclusive               )  OF MICHAEL D. SEPLOW IN SUPPORT
                                        )  THEREOF
22            Defendants.               )
                                        )  Complaint Filed: April 5, 2011
23                                      )
                                        )
24                                      )  Date: October 7, 2011
                                        )  Time: 8:30 a.m.
25                                      )  Place: Dept. 13

26

27

28

OPPOSITION TO MOTION TO STAY PROCEEDINGS

I.     **INTRODUCTION**

Defendants' motion for a stay of this action should be denied for three principal reasons. First, because the *Harris v. Liberty Mutual* case is presently on appeal before the California Supreme Court, the Superior Court does not have jurisdiction over *Harris*. Therefore, the doctrine of exclusive concurrent jurisdiction does not apply in this case because there are *not* two superior court actions pending.

Second, this case is factually and legally distinct from *Harris*. The *Braun* case involves low level claims employees of Safeco Insurance Company, who did not even work for Defendant Liberty Mutual until September 2008, when Safeco was acquired by Liberty Mutual. Thus, for nearly 40% of the period of time at issue in this lawsuit, Plaintiffs were employees of Safeco, not Liberty Mutual. In fact, Plaintiffs did not become employees of Liberty Mutual until four years after the original class notice was issued in the *Harris* case. Moreover, a critical allegation in this case is that Safeco employees were required to work "off the clock" – a claim that is not part of the *Harris* case. The issue before the Supreme Court in *Harris* --whether insurance claims adjusters are exempt from overtime–will have no effect at all on Plaintiffs' off the clock allegations.

Finally, oral argument in *Harris* has been scheduled for October 3, 2011 resulting in a ruling no later than January 3, 2012. Thus, there is no fear of conflicting rulings, here, because the Court will issue its decision in *Harris* long before this Court is asked to rule on any dispositive motions. Therefore, a discretionary stay is unnecessary and will only serve to cause further delay in this case. Given the factual and legal distinctions between the *Harris* case and this case, Defendants' motion for a stay should be denied, especially in light of the fact that a decision by the Supreme Court in *Harris* is expected to be issued within the next three months.

II.    **FACTUAL AND PROCEDURAL HISTORY**

The Complaint in this case was filed on April 5, 2011, nearly six months ago. Defendants filed their Answer on June 2, 2011. Plaintiffs served a first set of requests to produce and interrogatories on Defendants on April 25, 2011. After having received a 21 day extension, Defendants responded to the discovery by objecting to each request on the grounds that the case

1

1  should be stayed. Defendants also requested that the depositions which Plaintiffs noticed be

2  continued until after the Court ruled on the motion to stay. Defendants filed their motion to stay

3  on or about July 25, 2011, with the hearing set for October 7, 2011.[1] Accordingly, no discovery

4  has taken place in this case.

5       This case ("the *Braun* Action") is a putative class action on behalf of low level claims

6  representatives of Safeco Insurance Company of America ("Safeco") and is based on conduct

7  that occurred between March 2007 and the present. Plaintiffs contend that they were not paid

8  overtime by their employer based on claims that they were required to work off the clock and

9  also that for certain periods of time they were mis-classified as being "exempt" employees. In

10  2008, Safeco was acquired by Liberty Mutual.

11       The *Harris* Action was filed more than 10 years ago–long before Safeco was acquired by

12  Liberty Mutual. Moreover, it was not until after the *Harris* Action went up on appeal that

13  Liberty Mutual acquired Safeco, the company where the Plaintiffs and the putative class

14  members in this case were employed. Although both this case and *Harris* involve allegations

15  that defendant, Liberty Mutual mis-classified certain employees as "non-exempt," unlike the

16  *Harris* Action, this case involves a new defendant, Safeco Insurance Company of America,

17  alleges improper acts that took place *before* Safeco was acquired by Liberty Mutual in or around

18  September 2008. Accordingly, a major component of this lawsuit involves events that took

19  place before September 2008, and were solely the policies of Safeco.

20       Also unlike the *Harris* Action, this case alleges that from March 2007 through June 2010,

21  certain employees of Safeco were required to work "off the clock." Moreover, there are

22

23       [1]On April 5, 2001, the date that Plaintiffs filed this case, Plaintiffs also filed a "Notice of

24  Possible Related Case" in which Plaintiffs explained why this case differs from *Harris*. At the
    August 17, 2011 hearing in this case, the Court directed Plaintiffs to file the Notice of Possible

25  Related Case in Department 323, where the *Harris* case had been pending prior to its being appealed.
    Plaintiffs re-filed their Notice of Related case in Department 323 on August 23, 2011. (A true and

26  correct copy of that Notice is attached hereto as Exhibit A to the Declaration of Michael D. Seplow)
    Department 323 has not issued a ruling on the Notice of Possible Related Case. As set forth in

27  Section III, *supra*, because *Harris* is pending before the California Supreme Court, the Superior

28  Court presently does not have jurisdiction over *Harris*.

2

**OPPOSITION TO MOTION TO STAY PROCEEDINGS** Exhibit A-126

1   allegations that this policy of forcing employees to work off the clock goes back to 2001, many

2   years before Liberty Mutual acquired Safeco. (Braun Complaint at ¶ 13). The supervisors who

3   imposed this illegal policy were employed by Safeco, not Liberty Mutual. As a result of this case

4   having a totally separate cause of action than the *Harris* Action, and as a result of numerous

5   events having occurred prior to Liberty Mutual's acquisition of Safeco, this case will require the

6   parties to address different legal and factual issues .

7         Moreover, the *Harris* Action involved all types of insurance adjusters, working on all

8   types of claims.  In contrast, the *Braun* Action only involves low level automobile claims

9   representatives who typically processed at least 80 claims per month where the majority of those

10   claims involved less than $3,000 in damages, with a maximum amount of settlement authority on

11   an individual claim of $15,000.  (Braun Complaint at ¶ 12.)

12         Furthermore, the Notice of Class Action ("Notice") in the *Harris* Action was sent out

13   many years ago, long before Liberty Mutual acquired Safeco. (See Exhibit 1-A to Declaration of

14   Michael Seplow). Indeed, according to the Notice, any request to be excluded from the class had

15   to be postmarked on or before January 31, 2005, more than 3.5 years before Liberty Mutual's

16   acquisition of Safeco.  To this day, Safeco employees have never been notified of the pending

17   Harris Action or that they may be members of that class.

18         Oral argument before the California Supreme Court in *Harris* is set for October 3, 2011,

19   with a ruling expected within 90 days of the hearing.  Although a ruling in *Harris* may provide

20   guidance to this Court about some of the issues in this case, the *Harris* ruling will not in any way

21   effect  Plaintiffs' "off the clock" allegations.   Moreover, since the *Harris* ruling is expected to be

22   issued soon, this Court will not be asked to rule on any dispositive matters prior to the *Harris*

23   decision from the Supreme Court.

24   **III.   THE ELEMENTS OF EXCLUSIVE CONCURRENT JURISDICTION ARE NOT**

25         **PRESENT BECAUSE THERE ARE NOT TWO SUPERIOR COURT ACTIONS**

26         **WITH JURISDICTION OVER THE SUBJECT MATTER.**

27         California case law pertaining to the doctrine of exclusive concurrent jurisdiction is clear

28   that it applies, if at all, "when two superior courts have concurrent jurisdiction over the subject

3

**OPPOSITION TO MOTION TO STAY PROCEEDINGS** Exhibit A-127

 

1  matter...." *Plant Insulation Co. v. Fireboard Corp.*, 224 Cal.App.3d 781, 786 (1990); *People ex*

2  *rel. Garamendi v. American Autoplan, Inc.*, 20 Cal.App.4th 760, 770 (1993).  Defendants assert

3  in their Motion that the Harris case is "currently pending before the California Supreme Court."

4  Def. Mot. at 1: 8-9.  Thus, the case is on appeal from the trial court's decision.

5       The filing of an appeal divests the trial court of subject matter jurisdiction. *People v.*

6  *Nelms*, 165 Cal.App.4th 1465, 1471 (2008); *People v. Cunningham*, 25 Cal.4th 926, 1044

7  (2001).  **"Indeed '[s]o complete is this loss of jurisdiction effected by the appeal that even**

8  **the consent of the parties has been held ineffective to reinvest the trial court with**

9  **jurisdiction over the subject matter of the appeal and that an order based upon such**

10 **consent would be a nullity.'"** *Nelms*, 165 Cal.App.4th at 1471, quoting *People v. Alanis*, 158

11 Cal.App.4th 1467, 1472-73 (2008) (emphasis added).

12      Thus, because the *Harris* case is on appeal and pending before the California Supreme

13 Court, that case is not presently before the Superior Court.   This means that there are not two

14 cases dealing with the same subject matter pending in the Superior Court. Accordingly, a

15 necessary predicate to the application of the doctrine is absent.  For that reason alone, the

16 doctrine of exclusive concurrent jurisdiction should not apply.

17      Unlike the situation in this case, each of the cases relied upon by Defendants in their

18 Motion involved actions before two Superior courts at the same time.  None involved a

19 situation, such as this, where one of the cases was on appeal, as this one has been for seven

20 years.  *See Garamendi*, 20 Cal.App.4th at 760 (concurrent actions in Los Angeles Superior

21 Court and Riverside Superior Court); *Plant Insulation Co.*, 224 Cal.App. 3d at 781 (action filed

22 in Marin County Superior Court at the same time that various other lawsuits involving same

23 issues and parties were pending before other "Bay Area" Superior Courts); *Franklin & Franklin*

24 *v. 7-Eleven Owners for Fair Franchising*, 85 Cal.App.4th 1168, 1171 (2000) (concurrent

25 actions filed in Alameda Superior Court and San Diego Superior Court).  Accordingly, the cases

26 relied upon by Defendants are inapposite and Defendants' motion for a stay based on the

27 doctrine of exclusive concurrent jurisdiction should be denied.

28 //

4

**OPPOSITION TO MOTION TO STAY PROCEEDINGS** Exhibit A-128




IV.    **A DISCRETIONARY STAY SHOULD NOT BE GRANTED BECAUSE MOST OF THE CAUSES OF ACTION, AND THE POTENTIAL CLASS, ARE NOT RELATED TO *HARRIS*.**

It is natural for a defendant, particularly one involved in a class-action, to request a delay in the proceedings. Indeed, in this case, Defendants have taken the approach to slow down the litigation from its commencement. Although the Complaint in this case was filed and served in April, 2011 and Plaintiffs propounded discovery not long after, Defendants have not responded to any discovery based on the fact that this case should be stayed.

However, this is not a case that should be stayed. "In exercising its discretion [on granting a stay], the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." *Thomson v. Continental Ins. Comp. et al*, 66 Cal.2d 738, 771 (1967).

Furthermore, even where there are similar cases proceeding at the same time in two *superior* courts, California courts have held that a stay in either of the proceedings pending the outcome of the other is improper. *See, e.g., Mobil Oil Corp. v. Superior Court*, 79 Cal.App.3d 486, 493 (1978) ("Whatever difficulties or confusion two pending actions in different districts of the same superior court may present as to the court's internal management of its calendar they could hardly justify the use of the drastic remedy of a stay of one of the actions").

The remedy of a stay in this case is even more unnecessary for several reasons. First, as mentioned, the *Harris* case is not currently before a Superior Court. As such, there are not two current pending actions as there were in *Mobil Oil Corp.*

Second, the factors relevant to the court's analysis, as set forth by the California Supreme Court in *Thomson, supra*, 66 Cal.2d at 771, weigh heavily in Plaintiffs' favor. This matter was obviously not filed for the purpose of harassing an adverse party as this case

5

Exhibit A-129

1  involves a new defendant, Safeco, and alleges improper acts that took place before Safeco was

2  acquired by Liberty Mutual in or around September 2008. Thus, a major component of this

3  lawsuit involves events that took place before September 2008, and were solely the policies of

4  Safeco. Unlike the *Harris* case, the *Braun* case alleges that from March 2007 through June

5  2010, certain employees of Safeco were required to work "off the clock." Moreover, there are

6  allegations that this policy of forcing employees to work off the clock goes back to 2001, many

7  years before Liberty Mutual acquired Safeco. The supervisors who imposed this illegal policy

8  were employed by Safeco, not Liberty Mutual.

9       Furthermore, as a result of this case having separate causes of action and a significant

10  additional theory of liability than the *Harris* case, and as a result of numerous events having

11  occurred before Liberty Mutual's acquisition of Safeco, this case will require the parties to

12  address different legal and factual issues. Because this case involves claims that are not part of

13  the *Harris* case, this case will proceed on other causes of action, regardless of the Court's

14  decision in that case.

15       Indeed, the Plaintiffs in this action are not necessarily part of the class at issue in the

16  *Harris* case. The Plaintiffs here are solely those automobile insurance representatives, with

17  claims authority of no more than $15,000, who worked for Safeco prior to its acquisition by

18  Liberty Mutual in or around September 2008. In addition, the Notice of Class Action ("Notice")

19  in the *Harris* case was sent out many years ago, long before Liberty Mutual acquired Safeco.

20  (See Exhibit A to Seplow Decl.). Indeed, according to the Notice, any request to be excluded

21  from the class had to be postmarked on or before January 31, 2005, more than 3.5 years before

22  Liberty Mutual's acquisition of Safeco. To this day, Safeco employees have never been notified

23  of the *Harris* case or that they may be members of that class.

24       Finally, the fact that the California Supreme Court scheduled oral argument in the Harris

25  case for October 3, 2011 is even more of a reason <u>not</u> to grant a stay. By January 3, 2012 the

26  Court will have issued its decision, long before this court is asked to decide on the status of the

27  plaintiffs in this case. As such, there is no fear of conflicting rulings.

28

6

1    Nonetheless, whether Plaintiffs and other putative class members are exempt or non-

2  exempt under the Labor Code is only one of the issues in this case.  Therefore, even if this court

3  is inclined to wait for the Court's decision in *Harris*, there is no reason why Plaintiffs should not

4  be able to proceed with discovery on their "off-the-clock" claim during the period of time before

5  Safeco's acquisition by Liberty Mutual. Plaintiffs have sued Defendants on the basis that

6  Defendants have denied them certain pay they were entitled to going back to over four years ago

7  now.  Defendants should not be able to continue to make their employees, the Plaintiffs, wait

8  any longer.

9  **V.    CONCLUSION**

10    Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants'

11  Motion in its entirety.  In the alternative, Plaintiffs respectfully request that the Court allow

12  Plaintiffs to proceed with discovery on the "off-the-clock" claim from prior to the time Safeco

13  was acquired by Liberty Mutual.

14

15

16  DATED: September 26, 2011                    Respectfully submitted,

17                                               SCHONBRUN DESIMONE SEPLOW
                                                 HARRIS HOFFMAN & HARRISON LLP
18
                                                 LAW OFFICES OF MICHAEL S. RAPKIN
19

20                                         By_____
21                                               Michael D. Seplow
                                                 Scott Rapkin
22                                               Attorneys for Plaintiffs

23

24

25

26

27

28

**OPPOSITION TO MOTION TO STAY PROCEEDINGS** Exhibit A-131

 

## DECLARATION OF MICHAEL D. SEPLOW

I, Michael D. Seplow declare as follows:

1.     I am an attorney-at-law and a partner with the firm Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP ("SDSHHH"). I am duly admitted to practice before this Honorable Court and am one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth herein, (except where indicated upon information and belief) and if called as a witness, could and would testify competently thereto.

2. The Complaint in this case was filed on April 5, 2011 over six months ago. Defendants filed their answer on June 2, 2011. Plaintiffs served a first set of requests to produce and interrogatories on Defendants on April 25, 2011. After having received a 21 day extension, Defendants responded to the discovery by objecting to each request on the grounds that the case should be stayed. Defendants also requested that the depositions which Plaintiffs noticed be continued until after the Court ruled on the motion to stay. Defendants filed their motion to stay on or about July 25, 2011, with the hearing set for October 7, 2011. Accordingly, no discovery has taken place in this case.

3. On April 5, 2011, the date that Plaintiffs filed this case, Plaintiffs also filed a "Notice of Possible Related Case" in which Plaintiffs explained why this case differs from *Harris*. At the August 17, 2011 hearing in this case, the Court directed Plaintiffs to file the Notice of Possible Related Case in Department 323, where the *Harris* case had been pending prior to its being appealed. Plaintiffs re-filed their Notice of Related case in Department 323 on August 23, 2011. Department 323 has not issued a ruling on the Notice of Possible Related Case. A true and correct copy of the Notice of Possible Related Case filed on August 23, 2011 in Department 323 is attached hereto as Exhibit 1. (The Notice to Class Members in the *Harris* case is attached as Exhibit A to the Notice of Possible Related Case).

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed this 26th day of September 2011 in Venice, California.

_____
Michael D. Seplow

8




# EXHIBIT 1

9/30/11

1   Douglas R. Hart, SBN 115673
    dhart@sidley.com
2   Geoffrey D. DeBoskey, SBN 211557
    gdeboskey@sidley.com
3   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
4   Los Angeles, California 90013
    Telephone: (213) 896-6000
5   Facsimile: (213) 896-6600

6   Attorneys for Defendants

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 3 0 2011

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Glorietta Robinson

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10  JOE BRAUN, JEFF HAILPERN, YOLANDA      Case No. BC 458779
    GARCIA, and EFREN GARCIA, individually
11  and behalf of all others similarly situated,
                                            DEFENDANTS' REPLY IN SUPPORT OF
12               Plaintiffs,                THEIR MOTION TO STAY
                                            PROCEEDINGS PURSUANT TO
13       v.                                 DOCTRINE OF EXCLUSIVE
                                            CONCURRENT JURISDICTION OR,
14  SAFECO INSURANCE COMPANY OF             ALTERNATIVELY, FOR A
    AMERICA, LIBERTY MUTUAL                 DISCRETIONARY STAY
15  INSURANCE COMPANY and DOES 1
    through 50, inclusive,                  Complaint Filed:     April 5, 2011
16
                 Defendants.                Date: October 7, 2011
17                                          Time: 8:30 a.m.
                                            Place: Dept. 13
18

19

20

21

22

23

24

25

26

27

28

LA1 2264714v.1

 

# I. INTRODUCTION

Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, and Efren Garcia ("Plaintiffs") have alleged, in pertinent part, that Defendant Liberty Mutual Insurance Company ("Liberty Mutual") misclassified them and other claims handlers as exempt from the overtime requirements of the applicable California Wage Order. Yet, these Plaintiffs, as well as this precise claim, are squarely encompassed within the class definition presented by the *Harris v. Liberty Mutual Insurance Company* case, which is set for oral argument before the California Supreme Court on October 3, 2011. The mandatory doctrine of exclusive concurrent jurisdiction is quintessentially applicable to this matter and, at the very least, notions of judicial economy dictate that the instant matter be stayed until the Supreme Court renders its decision – which will occur in less than 90 days from October 3rd.

Plaintiffs seek to escape the application of the exclusive concurrent jurisdiction doctrine by plucking language from several decisions and arguing that the doctrine only applies when both cases are active at the superior court level. Yet, neither the cases that Plaintiffs cite, nor any other case for that matter, limits the doctrine to situations in which both cases are in the superior court. Rather, as noted in Defendants' moving papers, the doctrine of exclusive concurrent jurisdiction generally applies "where two (or more) courts possess concurrent subject matter jurisdiction over a cause." Indeed, the rationale underlying the doctrine – namely, that the same issues should not be the subject of two separate proceedings – applies with equal force to cases at the superior and appellate court levels.

Likewise, it matters not that the Plaintiffs here have added to their case an additional Defendant (Safeco Insurance Company of America) and additional claims (alleged off-the-clock work). Liberty Mutual would still be subjected in both cases to an overtime exemption claim, all of the associated discovery, as well as the possibility of conflicting rulings.

More fundamentally, in less than 90 days, the California Supreme Court will render a decision in the *Harris* case that is likely to address: (1) the proper interpretation of the administrative exemption as it applies to these claims handlers; and (2) the trial court's order partially decertifying the class. There is no compelling need to charge forward with discovery and depositions in this



1    case. Instead, it makes sense to stay this case briefly in order to await the Supreme Court's decision

2    in *Harris*. The parties and Court can then decide what to do with the Plaintiffs' duplicative claims in

3    light of the Supreme Court's decision.

4        Therefore, Defendants respectfully request that the Court stay the instant action and order

5    that the parties appear at a status conference following the issuance of the Supreme Court's decision,

6    at which point it can be determined what effect that decision has on the instant matter and whether

7    the stay should remain in place.

8

## II. ARGUMENTS AND AUTHORITIES

A.    <u>The Exclusive Concurrent Jurisdiction Doctrine is Not Limited To Situations In Which</u>
      <u>There Are Two Superior Court Cases</u>

11        There is no rule that limits the applicability of the exclusive concurrent jurisdiction doctrine

12   to cases pending in superior courts. The cases that Plaintiffs cite in their Opposition Brief happened

13   to involve superior courts and, accordingly, those decisions phrased the standard applicable to those

14   cases in terms of "superior courts." The question of whether the exclusive concurrent jurisdiction

15   doctrine applies to a case pending in an appellate court was not at issue in any of the cases that

16   Plaintiffs cite. Moreover, as Defendants noted in their moving papers, numerous courts have

17   broadly phrased the applicable standard as "two (or more) courts," without any limitation to

18   "superior courts." *See, e.g.*, *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000)

19   85 Cal. App. 4th 1168, 1175 ("where two (or more) courts possess concurrent subject matter

20   jurisdiction over a cause, the court that first asserts jurisdiction assumes it to the exclusion of all

21   others, thus rendering "concurrent" jurisdiction "exclusive" with the first court.")

22        Notably, Plaintiffs do not provide any explanation as to why the exclusive concurrent

23   jurisdiction doctrine should be limited to circumstances in which both cases are pending in the

24   superior court. In fact, such a limitation would have no public policy justification. The exclusive

25   concurrent jurisdiction doctrine "is based upon the public policies of avoiding conflicts that might

26   arise between courts if they were free to make contradictory decisions or awards relating to the same

27   controversy, and preventing vexatious litigation and multiplicity of suits." *People ex rel. Garamendi*

28

2

 

1    *v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770. That rationale applies with equal force

2    to claims in the appellate and superior courts. The limiting factor that Plaintiffs seek to impose

3    simply does not exist.

4       Furthermore, based on the procedural posture of the *Harris* litigation, the Los Angeles

5    Superior Court will have jurisdiction over the *Harris* case soon after the California Supreme Court

6    issues its decision. It certainly makes no sense to litigate this matter actively for 90 days - only to

7    then apply a stay when the *Harris* case returns to the jurisdiction of the Los Angeles Superior Court.

8

9    **B.**    <u>**The Differences Between the Two Cases Do Not Effect the Analysis**</u>

10      Plaintiffs do not dispute that a significant portion of their claim is identical to the overtime

11    claim raised (on behalf of them and others) in the *Harris* case. Instead, Plaintiffs argue that their

12    lawsuit is not "related" to the *Harris* case both because they have added off-the-clock claims and

13    because they present a narrower class definition than the class definition at issue in the *Harris* case.

14    To begin with, it is well established that "the rule of exclusive concurrent jurisdiction does not

15    require absolute identity of parties, causes of action or remedies sought in the initial and subsequent

16    actions." (*Garamendi*, 20 Cal. App. 4th at 770 (*quoting Plant Insulation Co.*, 224 Cal. App. 3d at

17    788.). Thus, the doctrine can apply even if the claims and parties in the two cases are not identical in

18    every respect. In this instance, however, Plaintiffs' misclassification claim is <u>entirely</u> subsumed by

19    the causes of action and putative class definition in the *Harris* case. It matters not that the Plaintiffs

20    in this case have proposed a <u>narrower</u> class definition than the plaintiffs in the *Harris* case, or that

21    they have named an additional Defendant (Safeco Insurance Company of America), because the

22    breadth of the *Harris* class definition encompasses the Plaintiffs and the putative class members in

23    this case.

24      Similarly, Plaintiffs' proposal that the Court carve-out their off-the-clock claims does not

25    eliminate the problems inherent in litigating this matter at the same time that the *Harris* case remains

26    pending at the California Supreme Court. To the contrary, it simply is not practical to carve-out

27    Plaintiffs' off-the-clock claim for isolated discovery practice. For instance, the parties would need to

28    depose the same witnesses twice: (i) first, regarding Plaintiffs' off-the-clock allegations; and (ii)

 

1   second, if need be, regarding Plaintiffs' overtime allegations.  There is no compelling reason to

2   impose such a duplicative and costly procedure on the parties when, as here, the California Supreme

3   Court will issue a decision within 90 days.  Rather, the most straightforward and economical path is

4   to impose a general stay, and set a status conference at which the parties and Court can determine the

5   best way to proceed with this litigation in light of the California Supreme Court's *Harris* decision.

6

7   **C.**    <u>**Practical Considerations Also Support A Discretionary Stay**</u>

8        Even if this Court were to find that a stay is not mandatory in this case, the same policies and

9   practical considerations underlying the doctrine of exclusive concurrent jurisdiction support the

10   issuance of a discretionary stay.  Plaintiffs strive to conjure the image of intentionally delayed justice

11   but, in reality, this case does present an unusual set of circumstances.  The Supreme Court took the

12   rare step of accepting the *Harris* case for review.  Now, after having been fully briefed for three

13   years, the Supreme Court will hear oral argument on October 3rd regarding the precise claim that

14   Plaintiffs are presenting here.   Liberty Mutual has already engaged in extensive "class-wide"

15   discovery regarding the overtime claims in the *Harris* case and should not be forced to engage in

16   individualized discovery pertaining to specific employees in the instant action while the *Harris*

17   appeal is still pending.

18        Moreover, Liberty Mutual might be inundated with *Harris* copycat claims if a plaintiff were

19   permitted to litigate separate putative class action lawsuits simply by slightly changing the putative

20   class definition, adding additional allegations, or naming additional defendants.  Nor is it practical to

21   litigate a partial claim for 90 days.  Rather, common sense notions of judicial economy support the

22   imposition of a discretionary stay for the short period of time until the Supreme Court issues its

23   decision, following which the parties and the Court can determine the best way to proceed with this

24   case.

25

26

27

28

1    Dated: September 30, 2011

2                                         SIDLEY AUSTIN LLP

3
                                          By: _____
4                                             Douglas R. Hart
                                              Geoffrey D. DeBoskey
5                                             Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI 2264714v.1

                                5



**PROOF OF SERVICE**

1

2   STATE OF CALIFORNIA      )

                               ) ss

3   COUNTY OF LOS ANGELES   )

4             I am employed in the County of Los Angeles, State of California.  I am over the age

5 of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Los

6 Angeles, California 90013-1010.

7             On September 30, 2011, I served the foregoing document described as

8 **DEFENDANTS REPLY ISO THEIR MOTION TO STAY PROCEEDINGS PURSUANT TO**

9 **DOCTRINE OF EXCLUSIVE CONCURRENT JURISDICTION PR ALTERNATIVELY,**

10 **FOR A DISCRETIONARY STAY** on all interested parties in this action as follows:

11         V.  James DeSimone, Esq       Michael Rapkin, Esq.

         Schonbrun DeSimone Deplow   Law Office of Michael Rapkin

12         Harris et al                   233 Wilshire Blvd Ste 700

         723 Ocean Front Walk      Santa Monica,  CA 90401

13         Venice,  CA 90291

14

15             I served the foregoing document by Federal Express, a carrier which provides

16 overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes

17 or packages designated by Federal Express, addressed to each interested party as set forth above,

18 with fees for overnight delivery paid or provided for.  I then placed said envelopes with Sidley

19 Austin LLP personnel for collection and processing by Federal Express following Sidley Austin

20 LLP's ordinary business practices.  Pursuant to these practices, with which I am readily familiar,

21 sealed, addressed envelopes are delivered to an authorized courier or driver authorized by Federal

22 Express at 555 West Fifth Street, Los Angeles, California, the same date they are collected and

23 processed.

24             I declare under penalty of perjury under the laws of the State of California that the

25 above is true and correct.

26             Executed on September 30, 2011, at Los Angeles, California.

27

28                                      Allison Castillo

**PROOF OF SERVICE**



Exhibit A-142

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9
10 Attorneys for Plaintiffs

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 FOR THE COUNTY OF LOS ANGELES

13

14 _____

15 JOE BRAUN, JEFF HAILPERN,         )  Case No: BC 458779
   YOLANDA GARCIA, and EFREN         )
16 GARCIA, o n behalf of themselves and )
   others similarly situated          )
17                                    )  PLAINTIFF'S STATUS
                                      )  CONFERENCE STATEMENT FOR
18            Plaintiffs,              )  JANUARY 30, 2012 STATUS
        vs.                           )  CONFERENCE RE: STAY
19                                    )
   SAFECO INSURANCE COMPANY OF        )  Complaint Filed: April 5, 2011
20 AMERICA, LIBERTY MUTUAL            )
   INSURANCE COMPANY  and DOES 1      )
21 through 50, inclusive              )  Date: January 30, 2012
                                      )  Time: 8:30 a.m.
22            Defendants.             )  Place: Dept. 13
                                      )
23                                    )
                                      )
24 _____   )

25

26

27

28

                              1                    Exhibit A-143
                     STATUS CONFERENCE STATEMENT

1    On October 7, 2011, this court granted Defendant's Motion to Stay pending the

2    outcome of the California Supreme Court's decision in *Harris v. Liberty Mutual Insurance*

3    ("*Harris*"), Case No. S156555. The *Harris* decision was published on December 29, 2011.

4    *See Harris* decision attached hereto as Exhibit "A".

5    Although the Court overturned the decision of the Court of Appeal, the Court declined

6    to answer the question of whether insurance adjusters are exempt from the overtime

7    compensation requirements under IWC wage order No. 4 (Cal. Code Regs., tit. 8, § 11040

8    (Wage Order 4)). *2011 WL 6823963* at 11-12. The Court expressed no opinion on the strength

9    of the parties relative positions, nor did the court decertify the class. *Id.* at footnote 9. Rather,

10   the court "merely h[e]ld that the Court of Appeal improperly applied the

11   administrative/production worker dichotomy as a dispositive test." *Id.* at 11. The Court went

12   on to state that "The essence of our holding is that, in resolving whether work qualifies as

13   administrative, courts must consider the particular facts before them and apply the language of

14   the statutes and wage orders at issue." *Id.* at 12. As such, the Court remanded the case to the

15   Court of Appeal to apply the standards laid out in its decision to the particular facts of that

16   case.

17   With this guidance and the Court's pronouncement that each "court must consider the

18   facts before them", Plaintiffs believe that the Stay should be lifted and discovery should finally

19   begin. Because the Supreme Court has provided guidelines for trial courts in determining

20   whether insurance adjusters are exempt employees, this case is ready to proceed through the

21   discovery, class certification, liability and damages phases.

22   Discovery will include an examination of Plaintiffs' job duties and the number of hours

23   that Plaintiffs performed these duties, Plaintiffs' compensation for those job duties, and the

24   policies and practices of Defendants as it pertains to payment of appraisers and the adjusters in

25   the putative class. This discovery should commence immediately and there is no reason for it

26   not to. Defendants are likely to request that the stay remain in place in order to further delay

27   the proceedings. However, any further delay will provide no benefit to this court or to the

28

2

**STATUS CONFERENCE STATEMENT**



1    parties as this case is markedly different in many respects from *Harris*.

2        The instant action differs from *Harris* in numerous ways.  First, many plaintiffs in the

3    putative class are appraisers, not adjusters.  Thus, even if the *Harris* decision had held that all

4    adjusters are exempt, this would not have had an effect on plaintiffs who are appraisers.

5        Second,  unlike *Harris*, which was filed with the Superior Court ten years ago, this case

6    involves a new defendant, Safeco Insurance Company of America, ("Safeco"), and alleges

7    improper acts that took place before Safeco was acquired by Liberty Mutual in or around

8    September 2008.  That is, a major component of this instant lawsuit involves events that took

9    place before September 2008, and were solely the policies of Safeco.  Indeed, according to the

10   Class Notification in *Harris*, any request to be excluded from the class had to be postmarked

11   on or before January 31, 2005, more than 3.5 years before Liberty Mutual's acquisition of

12   Safeco.  To this day, Safeco employees have neither been notified of the pending Harris Action

13   nor that they may be members of that class.

14       Third, unlike *Harris*, the instant lawsuit alleges that from March 2007 through June

15   2010, certain employees of Safeco were required to work "off the clock", an issue not

16   addressed at all in *Harris*.  Moreover, there are allegations that this policy of forcing employees

17   to work off the clock goes back to 2001, many years before Liberty Mutual acquired Safeco.

18   The supervisors who imposed this illegal policy were employed by Safeco, not Liberty Mutual.

19       As a result of this case having a totally separate cause of action than *Harris*, and as a

20   result of numerous events having occurred before Liberty Mutual's acquisition of Safeco, this

21   case will require the parties to address different issues of law.  Discovery involves different

22   documents, different job positions and duties and different witnesses than the *Harris* case and,

23   as such, should proceed separately.

24   ///

25   ///

26   ///

27

28

**STATUS CONFERENCE STATEMENT**

Exhibit A-145

1          Accordingly, based on the foregoing, Plaintiffs respectfully request that the Stay be

2    lifted.

3

4    DATED: January 24, 2012             Respectfully submitted,

5                                    SCHONBRUN DESIMONE SEPLOW
                                     HARRIS HOFFMAN & HARRISON LLP

6                                    LAW OFFICES OF MICHAEL S. RAPKIN

7

8                                    By_____

9                                       V. James D. Simone
                                        Michael S. Rapkin

10                                      Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATUS CONFERENCE STATEMENT**      Exhibit A-146

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On January 25, 2012**, I served the foregoing documents described as:

**PLAINTIFF'S STATUS CONFERENCE STATEMENT FOR JANUARY 30, 2012 STATUS CONFERENCE RE: STAY**

on all interested parties in this action. By placing the ___ original or a _X_ true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Hart
dhart@sidley.com
Geoffrey D. DeBoskey
gdeboskey@sidley.com
Sidley Austin LLP
555 W 5th St, Suite 4000
Los Angeles, CA 90013

_X_      **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereof fully prepaid.

_____      **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_X_      **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____      **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____      **[BY FAX]** I transmitted the above document to the above facsimile.

_X_      **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2012, at Venice, California

Emma Huang

Proof of Service

Exhibit A-147



Exhibit A-148



1  Douglas R. Hart, SBN 115673
   dhart@sidley.com
2  Geoffrey D. DeBoskey, SBN 211557
   gdeboskey@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
4  Los Angeles, California 90013
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  Attorneys for Defendants

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 2 6 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Glorietta Robinson

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10  JOE BRAUN, JEFF HAILPERN, YOLANDA      Case No. BC 458779
    GARCIA, and EFREN GARCIA, individually
11  and behalf of all others similarly situated,
                                            DEFENDANTS' RESPONSE TO
12              Plaintiffs,                  PLAINTIFFS' STATUS CONFERENCE
                                            STATEMENT AND REQUEST TO LIFT
13          v.                              THE STAY

14  SAFECO INSURANCE COMPANY OF            Complaint Filed:    April 5, 2011
    AMERICA, LIBERTY MUTUAL
15  INSURANCE COMPANY and DOES 1           Date: January 30, 2012
    through 50, inclusive,                 Time: 8:30 a.m.
16                                          Place: Dept. 13
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LA1 2382956v1

                     REPLY IN SUPPORT OF MOTION FOR STAY

                                                        Exhibit A-149

 

1        Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, and Efren Garcia ("Plaintiffs") allege

2   that Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Safeco Insurance

3   Company of America ("Safeco") (collectively "Defendants") misclassified them and other claims

4   handlers as exempt from the overtime requirements of the applicable California Wage Order and

5   failed to compensate them properly for alleged off-the-clock work and missed break periods.  On

6   October 7, 2011, the Court granted Defendants' request to stay this action because Plaintiffs'

7   overtime claim is already the subject of another class action lawsuit.  More specifically, Plaintiffs are

8   encompassed within the class definition set forth in the matter of *Harris v. Liberty Mutual*

9   *Insurance Company*.  As Plaintiffs note in their Case Management Conference statement, on

10   December 29, 2011, the California Supreme Court issued its decision in the *Harris* case.  However,

11   the Supreme Court remanded the matter to the Court of Appeal with the direction that it, "review the

12   trial court's denial of the summary adjudication motion, applying the appropriate legal standard set

13   out herein."  Accordingly, the very same grounds for a stay exist today that existed when the Court

14   issued its order imposing the stay.

15        To be clear, Plaintiffs are not simply employees whose claims may be tangentially affected

16   by the legal standard set forth by the Supreme Court in the *Harris* case.  <u>Rather, Plaintiffs are</u>

17   <u>Liberty Mutual employees who themselves fall within the putative class definition at issue in the</u>

18   <u>*Harris* case and whose overtime misclassification claim is entirely subsumed by the claims that the</u>

19   <u>*Harris* plaintiffs seek to bring on their behalf.</u>[1]  The California Supreme Court instructed the

20   California Court of Appeal to apply the appropriate legal standard to the matters pending before it;

21   namely, the *Harris* plaintiffs' Motion for Summary Adjudication and Liberty Mutual's Motion for

22   Class Decertification.  Thus, although the California Supreme Court provided clarity regarding the

23   appropriate legal standard, the parties' respective claims regarding liability and class certification

24   remain pending.  If the *Harris* class is not decertified, the Plaintiffs in this case are encompassed

25   within the class definition and, consequently, the mandatory doctrine of exclusive concurrent

26   [1] The class definition in *Harris* is, "[A]ll non-management California employees classified as
     exempt by Liberty Mutual and Golden Eagle who were employed as claims handlers and/or

27   performed claims-handling activities." (Declaration of Geoffrey D. DeBoskey Accompanying
     Defendants' Motion for Stay, ¶ 3, Ex. B, at p. 4.)

28

 

1  jurisdiction continues to apply. Moreover, the exact same practical considerations – including

2  confusion, the risk of conflicting judgments, and substantial waste of judicial resources – continue to

3  warrant a discretionary stay under these circumstances.

4      Plaintiffs contend in their status conference statement that, "The instant action differs from

5  *Harris* in numerous ways." (Plaintiffs' Statement, at 3:2). In actuality, the only material difference is

6  that the Plaintiffs here have brought an additional "off-the-clock" wage claim that is not at issue in

7  *Harris*.[2]  It is well established that "the rule of exclusive concurrent jurisdiction does not require

8  absolute identity of parties, causes of action or remedies sought in the initial and subsequent

9  actions." (*Garamendi v. American Autoplan, Inc.* (1993) 20 Cal. App. 4th 760, 770). Indeed,

10  allowing a plaintiff to avoid the doctrine of exclusive concurrent jurisdiction simply by adding an

11  unrelated claim to a lawsuit that would otherwise be subject to a mandatory stay (as in this case)

12  would render the doctrine effectively meaningless. Moreover, it simply is not practical to proceed

13  with the litigation of Plaintiffs' claims. As Plaintiffs note, discovery in this matter will involve "an

14  examination of Plaintiffs' job duties and the number of hours that Plaintiffs performed these duties,

15  Plaintiffs' compensation for those job duties, and the policies and practices of Defendants...."

16  (Plaintiffs' Statement, at 2:22-25). Those are the very same issues that were the subject of discovery

17  in *Harris* and that are presently the subject of the *Harris* parties' respective liability and certification

18  arguments before the California Court of Appeal.[3]  Forcing Liberty Mutual to participate in

19  discovery and substantive litigation regarding these issues is directly contrary to both the doctrine of

20  exclusive concurrent jurisdiction as well as common sense notions of judicial efficiency.

21      Finally, it matters not that, because the Plaintiffs in this case became Liberty Mutual

22  employees several years after the class notice in *Harris* was issued, they never themselves received a

23  class notice. Plaintiffs are squarely within the scope of the class definition at issue in *Harris*. If,

24

25  [2] The Plaintiffs in this case have also proposed a narrower class definition than the plaintiffs in the *Harris* case. However, that is of no import because the breadth of the *Harris* class definition

26  encompasses the Plaintiffs and the putative class members in this case.

27  [3] Liberty Mutual believes and will argue that the class in *Harris* should not be certified and that the Plaintiffs' Motion for Summary Adjudication should be denied. However, that does not change the

28  fact that the matter is currently pending before the California Court of Appeal.

1   ultimately, the class in *Harris* remains certified, the *Harris* plaintiffs will undoubtedly request that a

2   new class notice be issued to Plaintiffs as well as all of the other covered employees who were not

3   working for Liberty Mutual at the time of the original class certification order.

4        Therefore, Defendants respectfully request that the Court maintain the stay and set a further

5   status conference for 120 days so that the parties can report regarding the status of the *Harris*

6   litigation.

7

8   Dated: January 25, 2012

                                     SIDLEY AUSTIN LLP

9

10                            By: _____

11                              Douglas R. Hart

                               Geoffrey D. DeBoskey

12                              Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 2382956v1

REPLY IN SUPPORT OF MOTION FOR STAY

Exhibit A-152




**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, California 90013-1010.

On January 26, 2012, I served the foregoing document described as **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS CONFERENCE STATEMENT AND REQUEST TO LIFT STAY** on all interested parties in this action as follows:

V. James DeSimone, Esq         Michael Rapkin, Esq.
Schonbrun DeSimone Deplow       Law Office of Michael Rapkin
Harris et al                    233 Wilshire Blvd Ste 700
723 Ocean Front Walk            Santa Monica, CA 90401
Venice, CA 90291

I served the foregoing document by Federal Express, a carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by Federal Express, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for. I then placed said envelopes with Sidley Austin LLP personnel for collection and processing by Federal Express following Sidley Austin LLP's ordinary business practices. Pursuant to these practices, with which I am readily familiar, sealed, addressed envelopes are delivered to an authorized courier or driver authorized by Federal Express at 555 West Fifth Street, Los Angeles, California, the same date they are collected and processed.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 26, 2012, at Los Angeles, California.

_____
Allison Castillo

**PROOF OF SERVICE**

Exhibit A-153



Exhibit A-154

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS  HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

10  Attorneys for Plaintiffs

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF LOS ANGELES

14  _____

15  JOE BRAUN, JEFF HAILPERN,          )   Case No: BC 458779
    YOLANDA GARCIA, and EFREN          )
16  GARCIA, on behalf of themselves and others )
    similarly situated                 )   Notice of Ruling
17                                     )
                                       )   Complaint Filed: April 5, 2011
18          Plaintiffs,                )
        vs.                            )
19                                     )   Date: January 30, 2012
    SAFECO INSURANCE COMPANY OF        )   Time: 8:30 a.m.
20  AMERICA, LIBERTY MUTUAL            )   Place: Dept. 13
    INSURANCE COMPANY  and DOES 1      )
21  through 50, inclusive              )
                                       )
22          Defendants.                )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25  _____)

26

27

28
                                   1
                          Notice of Ruling          Exhibit A-155



1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

2    NOTICE THAT:

3        On January 30, 2012, in Department 13, the Honorable Luis A. Lavin presiding, V. James

4    DeSimone of Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP, and Michael

5    Rapkin of Law Offices of Michael S. Rapkin, appearing on behalf of Plaintiffs and Geoffery D.

6    Deboskey, appearing on behalf of Defendants, the Court made the following ruling:

7        The stay on discovery is lifted and the parties are permitted to engage in discovery in this

8    matter so long as it is not duplicative of the discovery previously conducted in the case of *Harris*

9    *v. Liberty Mutual Insurance*, Case No. S156555.

10       The Court set a Status Conference for April 30, 2012 at 8:30 a.m. in Department 13 and

11   the parties are ordered to a Joint Status Conference Statement five days before the Conference.

12

13

14   DATED: February 1, 2012                    Respectfully submitted,

15                                              SCHONBRUN DESIMONE SEPLOW
                                                HARRIS HOFFMAN & HARRISON LLP
16

17                                              LAW OFFICES OF MICHAEL S. RAPKIN

18

19                                              By
                                                      V. James DeSimone
20                                                    Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

**Notice of Ruling**

Exhibit A-156




1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am a resident of the aforesaid county, State of California; I am over the age of 18 years
and not a party to the within action; my business address is 723 Ocean Front Walk, Venice,

4    California 90291.

5      **On February 2, 2012,** I served the foregoing documents described as:

6                          **NOTICE OF RULING**

7    on all interested parties in this action. By placing the ___ original or a _**X**_ true copy thereof
enclosed in a sealed envelope addressed as follows:

8

9    Douglas Hart                         Michael S. Rapkin
dhart@sidley.com                     msrapkin@gmail.com
Geoffrey D. DeBoskey                 Scott B. Rapkin

10   gdeboskey@sidley.com                 scottrapkin@rapkinesq.com
Sidley Austin LLP                    Law Offices of Michael S. Rapkin

11   555 W 5th St, Suite 4000             233 Wilshire Boulevard, Suite 700
Los Angeles, CA 90013                Santa Monica, CA 90401

12                                        *(by e-mail only)*

13

14   _**X**_      **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice,
California.  The envelope was mailed with postage thereof fully prepaid.

15

16   _____      **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to
the addressee(s).

17   _**X**_      **[E-MAIL]** I caused such document to be delivered by email to the
email addresses listed above.

18

19   _____      **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal
express at Venice, California.

20   _____      **[BY FAX]** I transmitted the above document to the above facsimile.

21   _**X**_      **[STATE]** I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

22

23   Executed on February 2, 2012, at Venice, California

24

25

26   Bill Clifton

27

28

Proof of Service                                    Exhibit A-157



Exhibit A-158



1  Douglas R. Hart, SBN 115673
   dhart@sidley.com
2  Geoffrey D. DeBoskey, SBN 211557
   gdeboskey@sidley.com
3  Katherine A. Roberts, SBN 259486
   kate.roberts@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013
   Telephone:  (213) 896-6000
6  Facsimile:  (213) 896-6600

7  Attorneys for Defendants

**CONFORMED COPY**

REC'D
APR 06 2012
FILING WINDOW

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  JOE BRAUN, JEFF HAILPERN, YOLANDA      Case No. BC458779
    GARCIA, and EFREN GARCIA, individually
    and behalf of all others similarly situated,   Assigned to: Hon. Luis A. Lavin
12
              Plaintiffs,
13
         v.                                [PROPOSED] STIPULATED
14                                         PROTECTIVE ORDER REGARDING THE
                                           PRODUCTION OF CONFIDENTIAL
15  SAFECO INSURANCE COMPANY OF           DOCUMENTS AND OTHER
    AMERICA, LIBERTY MUTUAL               DESIGNATED INFORMATION
    INSURANCE COMPANY and DOES 1
16  through 50, inclusive,                 Complaint Filed:    April 5, 2011

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

LA1 2421611v.2

 

TO ALL PARTIES OF RECORD AND THIS HONORABLE COURT:

  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that the producing party deems to be: (1) protected by the right of privacy of Defendants Safeco Insurance Co. of American and Liberty Mutual Insurance Co.'s ("Defendants'") current and former employees; (2) proprietary; or (3) contain trade secrets. As such, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia and Efren Garcia ("Plaintiffs"), through their counsel, on the one hand, and Defendants, through their counsel, on the other, that the Parties will maintain the confidentiality of, and use solely for the purpose of litigating the present lawsuit or other employment-related claims Plaintiffs may pursue against Defendants, any confidential or proprietary information which the Parties mark as "confidential," "proprietary," or "subject to protective order," (hereinafter referred to as "Confidential Information"). The Parties may only mark as Confidential Information the limited information or items that the producing party deems to be (1) protected by the right of privacy, including but not limited to private contact and identifying information, third-party personnel data and information, and other information protected by the right of privacy under Article 1, Section 1 of the California Constitution, (2) proprietary or (3) contain trade secrets. The party designating the material as confidential bears the burden of establishing the confidential nature of the documents.

  Additionally, the Parties agree upon the following, procedures, terms and conditions:

  1. In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

   a. Attorneys of record for the Parties;

2

[PROPOSED] STIPULATED PROTECTIVE ORDER  Exhibit A-160

 

1      b.      Paralegals, secretaries, and/or process servers regularly employed by the

2  Parties' counsel of record;

3      c.      Plaintiffs and Defendants;

4      d.      Experts or paid consultants regarding this litigation;

5      e.      Witnesses in a deposition or at trial who have a specific and necessary case-

6  related reason to review the Confidential Information;

7      2.      All persons identified in sub-paragraphs 1(c) – 1(e) who in the course of this action

8  are given access to Confidential Information, shall be required to read the Stipulation and agree to be

9  bound thereby by executing the "Acknowledgment and Agreement To Be Bound By Protective

10  Order," attached hereto as Exhibit A.

11      3.      Any responses to interrogatories, requests for admissions, or demands for inspection

12  and pleadings that disclose the content of Confidential Information shall be restricted and marked as

13  Confidential Information.

14      4.      If Confidential Information is disclosed during a deposition, counsel of record for the

15  Designating Party shall make arrangements, or when appropriate request the Court to make

16  arrangements, to ensure that only the deponent, counsel for the deponent, court reporter, and

17  Qualified Persons identified in Paragraph 1 above, are present, and ask that such testimony be bound

18  separately and marked "Confidential - Subject to Protective Order" unless otherwise agreed by

19  counsel for all Parties.

20      5.      Confidential Information shall be used solely for the purpose of this action and not for

21  any other purpose.

22      6.      Nothing contained in this Stipulation shall be construed to prejudice the rights of a

23  party to use before the Court or mediator any Confidential Information.  However, before doing so,

24  the party intending to use Confidential Information shall so inform the other party who may request

25  from the Court or mediator appropriate protection for the Confidential Information, including

26  bringing a motion to file under seal any Confidential Information to be filed with the Court, or

27  clearing the hearing room or courtroom of persons not entitled hereunder to such Confidential

28  Information.  Before filing any Confidential Information with the Court, unless exigent

3



1   circumstances exist, the party intending to use the Confidential Information will provide the other

2   party with at least 2 days notice, within which time, the Parties shall meet and confer regarding the

3   need to bring a motion to file under seal, pursuant to California Rule of Court 2.551.

4       7.      Nothing in this Stipulation shall abridge the rights of any party to seek judicial review

5   or to pursue other appropriate judicial action with respect to any ruling made by the Court

6   concerning the issue of the confidential status of Confidential Information.

7       8.      Any objections as to the production or admissibility of the Confidential Information

8   are reserved and are not waived by any terms of this Stipulation and Order.

9       9.      This Stipulation and Order shall not prejudice the right of the Parties: (a) to object to

10   any request to produce Confidential Information; (b) to object to the introduction into evidence of

11   any Confidential Information; (c) to seek additional protective treatment for any Confidential

12   Information; (d) to object to the designation of documents as Confidential Information; or (e) to seek

13   any modification of any provision of this Stipulation and Order either generally or as to any

14   particular Confidential Information by properly noticed motion.  The Parties shall meet and confer

15   regarding any dispute that refers or relates to Confidential Information prior to filing any motion.  If

16   at any time, the non-designating party objects to the designation of any documents or information as

17   confidential, counsel for such party shall inform the designating party in writing of the objection.

18   Thereafter, the Parties shall meet and confer in an attempt to resolve this dispute.  If the dispute

19   cannot be resolved, either party may seek appropriate judicial relief.

20      10.     Legal remedies are inadequate to prevent the use or disclosure of Confidential

21   Information covered by this Stipulation; therefore, the Parties agree that injunctive relief is an

22   appropriate remedy to prevent any person or party from using or disclosing Confidential Information

23   in violation of the Stipulation and Order.  In the event a party, or any other person or entity, violate

24   or threaten to violate any of the terms of this Stipulation and Order, the Parties agree that the

25   producing party, with appropriate notice to the requesting party, may apply to the Court to obtain

26   injunctive relief against any such persons or parties violating or threatening to violate any of the

27   terms of this Stipulation.  In the event a party applies to the Court, the responding party, person or

28   entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a

4



1  claim that the applying party possesses an adequate remedy at law.  The Parties and any other
2  persons subject to the terms of this Stipulation and Order agree that this Court shall retain
3  jurisdiction over them for the purpose of enforcing this order.  The Parties waive and release any and
4  all requirements for a bond or undertaking to support any injunctive relief.

5       11.  Inadvertent disclosure of any Confidential Information during discovery, mediation or
6  trial of this action, or inadvertent disclosure of Confidential Information without appropriate
7  designation, shall be without prejudice to any claim that such material is private and confidential and
8  no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

9       12.  If Confidential Information is disclosed to any persons other than in the manner
10  authorized by this Stipulation and Order, the person or party responsible for disclosure must
11  immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all
12  parties without prejudice to other rights and remedies of any party and make every reasonable effort
13  to prevent further disclosure by it or by the person who receives such information.

14       13.  This Stipulation may be amended by the written agreement of counsel for the Parties
15  to this agreement and any pertinent third parties in the form of an amended stipulation and pursuant
16  to a further order of the Court.  This Stipulation is intended to regulate the handling of the
17  Confidential Information during the entirety of this litigation through appeal and thereafter, and shall
18  remain in full force and effect until modified, superseded or terminated on the record or by
19  agreement of the Parties to this litigation and any pertinent third parties or by order of the Court.

20       14.  Within thirty (30) days after the final disposition of the proceeding, whether through
21  final judgment or otherwise (including all appeals), counsel and any person authorized by the
22  Stipulation to receive Confidential Information shall return or destroy all originals and copies of
23  documents relating or referring to the Confidential Information, except that only attorneys of record
24  shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to
25  discovery requests, responses to request for admission, or deposition transcripts that contain or refer
26  to any Confidential Information to the extent necessary to preserve a litigation file in this case.
27  Confidential Information in such litigation files shall remain sealed and disclosed only in accordance
28  with the terms of this Stipulation and Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER     Exhibit A-163

LA1 2421611v.2

 

15.     Any party may seek an order from the Court to change, modify, amend or rescind this protective order or any parts thereof.

The terms of this Stipulation shall survive and remain in full force and effect after termination of this lawsuit.  The Court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

Dated: April  5 , 2012

SCHONBRUN DeSIMONE SEPLOW HARRIS HOFFMAN & HARRISON, LLP

By _____
        V. JAMES DeSIMONE
        Attorney for Plaintiffs

Dated: April  5 , 2012

LAW OFFICES OF MICHAEL S. RAPKIN

By _____
        MICHAEL S. RAPKIN
        SCOTT B. RAPKIN
        Attorney for Plaintiffs

Dated: April __5__, 2012

SIDLEY AUSTIN LLP

By _Katherine A. Roberts_

DOUGLAS R. HART
GEOFFREY D. DEBOSKEY
KATHERINE A. ROBERTS
Attorneys for Defendants
Safeco Insurance Co. of America and Liberty Mutual
Insurance Co.

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

Exhibit A-165



# Exhibit – A

 

## **EXHIBIT A**

I, _____ [print or type full name] of _____

_____[print or type full address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the Los Angeles

County Superior Court on _____, 2012 in the case of Joe Braun, et al v. Safeco Ins. Co of

America, et al. , Los Angeles County Superior Court Case No. BC 458779.  I am a person or party

specifically identified in Paragraph 2 of the Stipulated Protective Order.  I will not use or disclose

any Confidential Information that is disclosed to me: (1) except to other persons identified in

Paragraph 2 of the Stipulated Protective Order; and (2) for purposes that are directly and solely

related to the litigation.  I do agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.  I further agree to submit to

the jurisdiction of the Orange County Superior Court for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

 

## [PROPOSED] ORDER

The Court, having read and considered the [Proposed] Stipulated Protective Order regarding the protection of Confidential Information, finds good cause appearing in that discovery in this action will be facilitated and thereby,

IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action without prejudice to any motion for modification.

DATED: _____     _____

THE HONORABLE LUIS A. LAVIN
LOS ANGELES COUNTY SUPERIOR COURT JUDGE

LA1 2421611v.2

[PROPOSED] STIPULATED PROTECTIVE ORDER          Exhibit A-168

 

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                                   ) SS

COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, California 90013-1010.

On April 6, 2012, I served the foregoing document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE PRODUCTION OF CONFIDENTIAL DOCUMENTS AND OTHER DESIGNATED INFORMATION** on all interested parties in this action as follows (or as on the attached service list):

| | |
|---|---|
| V. James DeSimone, Esq<br>Schonbrun DeSimone Seplow Harris et al<br>723 Ocean Front Walk<br>Venice, CA 90291 | Michael Rapkin, Esq.<br>Law Office of Michael Rapkin<br>233 Wilshire Blvd Ste 700<br>Santa Monica, CA 90401 |

I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2012, at Los Angeles, California.

Brian Bjans

LA1 2432373v.1

Exhibit A-169



Exhibit A-170

 

1  Douglas R. Hart, SBN 115673
   dhart@sidley.com
2  Geoffrey D. DeBoskey, SBN 211557
   gdeboskey@sidley.com
3  Katherine A. Roberts, SBN 259486
   kate.roberts@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013
   Telephone:  (213) 896-6000
6  Facsimile:  (213) 896-6600
7  Attorneys for Defendants
8
9
10

COPY

ORIGINAL FILED

APR 1 0  2012 e

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JOE BRAUN, JEFF HAILPERN, YOLANDA
GARCIA, and EFREN GARCIA, individually
and behalf of all others similarly situated,

                    Plaintiffs,

            v.

SAFECO INSURANCE COMPANY OF
AMERICA, LIBERTY MUTUAL
INSURANCE COMPANY and DOES 1
through 50, inclusive,

                    Defendants.

Case No. BC458779

Assigned to: Hon. Luis A. Lavin

[PROPOSED] STIPULATED
PROTECTIVE ORDER REGARDING THE
PRODUCTION OF CONFIDENTIAL
DOCUMENTS AND OTHER
DESIGNATED INFORMATION

Complaint Filed:    April 5, 2011

LA1 2421611v.2

 

TO ALL PARTIES OF RECORD AND THIS HONORABLE COURT:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that the producing party deems to be: (1) protected by the right of privacy of Defendants Safeco Insurance Co. of American and Liberty Mutual Insurance Co.'s ("Defendants'") current and former employees; (2) proprietary; or (3) contain trade secrets. As such, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia and Efren Garcia ("Plaintiffs"), through their counsel, on the one hand, and Defendants, through their counsel, on the other, that the Parties will maintain the confidentiality of, and use solely for the purpose of litigating the present lawsuit or other employment-related claims Plaintiffs may pursue against Defendants, any confidential or proprietary information which the Parties mark as "confidential," "proprietary," or "subject to protective order," (hereinafter referred to as "Confidential Information"). The Parties may only mark as Confidential Information the limited information or items that the producing party deems to be (1) protected by the right of privacy, including but not limited to private contact and identifying information, third-party personnel data and information, and other information protected by the right of privacy under Article 1, Section 1 of the California Constitution, (2) proprietary or (3) contain trade secrets. The party designating the material as confidential bears the burden of establishing the confidential nature of the documents.

Additionally, the Parties agree upon the following, procedures, terms and conditions:

1.     In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

a.     Attorneys of record for the Parties;

 

b.     Paralegals, secretaries, and/or process servers regularly employed by the Parties' counsel of record;

c.     Plaintiffs and Defendants;

d.     Experts or paid consultants regarding this litigation;

e.     Witnesses in a deposition or at trial who have a specific and necessary case-related reason to review the Confidential Information;

2.     All persons identified in sub-paragraphs 1(c) – 1(e) who in the course of this action are given access to Confidential Information, shall be required to read the Stipulation and agree to be bound thereby by executing the "Acknowledgment and Agreement To Be Bound By Protective Order," attached hereto as Exhibit A.

3.     Any responses to interrogatories, requests for admissions, or demands for inspection and pleadings that disclose the content of Confidential Information shall be restricted and marked as Confidential Information.

4.     If Confidential Information is disclosed during a deposition, counsel of record for the Designating Party shall make arrangements, or when appropriate request the Court to make arrangements, to ensure that only the deponent, counsel for the deponent, court reporter, and Qualified Persons identified in Paragraph 1 above, are present, and ask that such testimony be bound separately and marked "Confidential - Subject to Protective Order" unless otherwise agreed by counsel for all Parties.

5.     Confidential Information shall be used solely for the purpose of this action and not for any other purpose.

6.     Nothing contained in this Stipulation shall be construed to prejudice the rights of a party to use before the Court or mediator any Confidential Information. However, before doing so, the party intending to use Confidential Information shall so inform the other party who may request from the Court or mediator appropriate protection for the Confidential Information, including bringing a motion to file under seal any Confidential Information to be filed with the Court, or clearing the hearing room or courtroom of persons not entitled hereunder to such Confidential Information. Before filing any Confidential Information with the Court, unless exigent

1  circumstances exist, the party intending to use the Confidential Information will provide the other

2  party with at least 2 days notice, within which time, the Parties shall meet and confer regarding the

3  need to bring a motion to file under seal, pursuant to California Rule of Court 2.551.

4      7.      Nothing in this Stipulation shall abridge the rights of any party to seek judicial review

5  or to pursue other appropriate judicial action with respect to any ruling made by the Court

6  concerning the issue of the confidential status of Confidential Information.

7      8.      Any objections as to the production or admissibility of the Confidential Information

8  are reserved and are not waived by any terms of this Stipulation and Order.

9      9.      This Stipulation and Order shall not prejudice the right of the Parties:  (a) to object to

10  any request to produce Confidential Information; (b) to object to the introduction into evidence of

11  any Confidential Information; (c) to seek additional protective treatment for any Confidential

12  Information; (d) to object to the designation of documents as Confidential Information; or (e) to seek

13  any modification of any provision of this Stipulation and Order either generally or as to any

14  particular Confidential Information by properly noticed motion.  The Parties shall meet and confer

15  regarding any dispute that refers or relates to Confidential Information prior to filing any motion.  If

16  at any time, the non-designating party objects to the designation of any documents or information as

17  confidential, counsel for such party shall inform the designating party in writing of the objection.

18  Thereafter, the Parties shall meet and confer in an attempt to resolve this dispute.  If the dispute

19  cannot be resolved, either party may seek appropriate judicial relief.

20      10.      Legal remedies are inadequate to prevent the use or disclosure of Confidential

21  Information covered by this Stipulation; therefore, the Parties agree that injunctive relief is an

22  appropriate remedy to prevent any person or party from using or disclosing Confidential Information

23  in violation of the Stipulation and Order.  In the event a party, or any other person or entity, violate

24  or threaten to violate any of the terms of this Stipulation and Order, the Parties agree that the

25  producing party, with appropriate notice to the requesting party, may apply to the Court to obtain

26  injunctive relief against any such persons or parties violating or threatening to violate any of the

27  terms of this Stipulation.  In the event a party applies to the Court, the responding party, person or

28  entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a

1    claim that the applying party possesses an adequate remedy at law. The Parties and any other

2    persons subject to the terms of this Stipulation and Order agree that this Court shall retain

3    jurisdiction over them for the purpose of enforcing this order. The Parties waive and release any and

4    all requirements for a bond or undertaking to support any injunctive relief.

5          11.    Inadvertent disclosure of any Confidential Information during discovery, mediation or

6    trial of this action, or inadvertent disclosure of Confidential Information without appropriate

7    designation, shall be without prejudice to any claim that such material is private and confidential and

8    no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

9          12.    If Confidential Information is disclosed to any persons other than in the manner

10   authorized by this Stipulation and Order, the person or party responsible for disclosure must

11   immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all

12   parties without prejudice to other rights and remedies of any party and make every reasonable effort

13   to prevent further disclosure by it or by the person who receives such information.

14         13.    This Stipulation may be amended by the written agreement of counsel for the Parties

15   to this agreement and any pertinent third parties in the form of an amended stipulation and pursuant

16   to a further order of the Court. This Stipulation is intended to regulate the handling of the

17   Confidential Information during the entirety of this litigation through appeal and thereafter, and shall

18   remain in full force and effect until modified, superseded or terminated on the record or by

19   agreement of the Parties to this litigation and any pertinent third parties or by order of the Court.

20         14.    Within thirty (30) days after the final disposition of the proceeding, whether through

21   final judgment or otherwise (including all appeals), counsel and any person authorized by the

22   Stipulation to receive Confidential Information shall return or destroy all originals and copies of

23   documents relating or referring to the Confidential Information, except that only attorneys of record

24   shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to

25   discovery requests, responses to request for admission, or deposition transcripts that contain or refer

26   to any Confidential Information to the extent necessary to preserve a litigation file in this case.

27   Confidential Information in such litigation files shall remain sealed and disclosed only in accordance

28   with the terms of this Stipulation and Order.

 

15.    Any party may seek an order from the Court to change, modify, amend or rescind this protective order or any parts thereof.

The terms of this Stipulation shall survive and remain in full force and effect after termination of this lawsuit.  The Court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

Dated:  April __5__, 2012

                          SCHONBRUN DeSIMONE SEPLOW HARRIS HOFFMAN &
                          HARRISON, LLP

                          By _____
                                       V. JAMES DeSIMONE
                                        Attorney for Plaintiffs

Dated:  April __5__, 2012

                          LAW OFFICES OF MICHAEL S. RAPKIN

                          By _____
                                        MICHAEL S. RAPKIN
                                        SCOTT B. RAPKIN
                                      Attorney for Plaintiffs

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA1 2421611v.2

1  Dated: April __5__, 2012

2

3                          SIDLEY AUSTIN LLP

4

5

6            By  _Katherine A. Roberts_____

7                          DOUGLAS R. HART
                           GEOFFREY D. DEBOSKEY
8                          KATHERINE A. ROBERTS
                           Attorneys for Defendants
9            Safeco Insurance Co. of America and Liberty Mutual
                              Insurance Co.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 2421611v.2

                                  7




# Exhibit – A



# EXHIBIT A

I, _____ [print or type full name] of _____

_____[print or type full address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the Los Angeles

County Superior Court on _____, 2012 in the case of <u>Joe Braun, et al v. Safeco Ins. Co of</u>

<u>America, et al.</u>, Los Angeles County Superior Court Case No. BC 458779. I am a person or party

specifically identified in Paragraph 2 of the Stipulated Protective Order. I will not use or disclose

any Confidential Information that is disclosed to me: (1) except to other persons identified in

Paragraph 2 of the Stipulated Protective Order; and (2) for purposes that are directly and solely

related to the litigation. I do agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order. I further agree to submit to

the jurisdiction of the Orange County Superior Court for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

 

## [PROPOSED] ORDER

The Court, having read and considered the [Proposed] Stipulated Protective Order regarding the protection of Confidential Information, finds good cause appearing in that discovery in this action will be facilitated and thereby,

IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action without prejudice to any motion for modification.

**LUIS A. LAVIN**

DATED: _____4|10|12_____   _____

THE HONORABLE LUIS A. LAVIN
LOS ANGELES COUNTY SUPERIOR COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA1 2421611v.2

**PROOF OF SERVICE**

1

2 STATE OF CALIFORNIA )
                                                  ) SS
3 COUNTY OF LOS ANGELES )

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18

5 years and not a party to the within action.  My business address is 555 West Fifth Street, Los

6 Angeles, California 90013-1010.

7        On April 6, 2012, I served the foregoing document(s) described as **[PROPOSED]**

8 **STIPULATED PROTECTIVE ORDER REGARDING THE PRODUCTION OF**

9 **CONFIDENTIAL DOCUMENTS AND OTHER DESIGNATED INFORMATION** on all

10 interested parties in this action as follows (or as on the attached service list):

11

12 V. James DeSimone, Esq             Michael Rapkin, Esq.
   Schonbrun DeSimone Seplow Harris et al   Law Office of Michael Rapkin
13 723 Ocean Front Walk               233 Wilshire Blvd Ste 700
   Venice, CA 90291                   Santa Monica, CA 90401

14        I served the foregoing document by U.S. Mail, as follows: I placed true copies of the

15 document in a sealed envelope addressed to each interested party as shown above.  I placed each

16 such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP,

17 Los Angeles, California.  Under that practice, the correspondence would be deposited in the United

18 States Postal Service on that same day in the ordinary course of business.

19        I declare under penalty of perjury that the foregoing is true and correct.

20        Executed on April 6, 2012, at Los Angeles, California.

21

22                                            Brian Binns

23

24

25

26

27

28

LA1 2432373v.1

Exhibit A-181



Exhibit A-182

   

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Geoffrey D. DeBoskey, CBN 211557, Katherine A. Roberts, CBN 259486
Sidley Austin LLP
555 West 5th Street, Suite 4000, Los Angeles, CA 90013
TELEPHONE NO.: (213) 896-6122    FAX NO. (Optional): (213) 896-6600
E-MAIL ADDRESS (Optional): gdeboskey@sidley.com
ATTORNEY FOR (Name): Defendants

**COPY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 23 2012

John A. Clarke, Executive Officer/Clerk
By _____
MOSES SOTO      Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Joe Braun, et al.

DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ UNLIMITED CASE ☐ LIMITED CASE | BC458779 |

(Check one):  ☑ UNLIMITED CASE        ☐ LIMITED CASE
(Amount demanded        (Amount demanded is $25,000
exceeds $25,000)        or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 30, 2012      Time: 8:30 a.m.      Dept.: 13      Div.:      Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name):  Defendants Safeco Insurance Company of America, et al.
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  ☑ complaint  ☐ cross-complaint      (Describe, including causes of action):
      This is a putative class action alleging that the Defendants failed to pay all wages owed, provide meal periods, and authorize and permit rest periods.  The lawsuit also alleges various derivative claims.

Page 1 of 6

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Exhibit A-183

 

**CM-110**

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC458779 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants fully deny the allegations and also contend that the matter should not proceed as a class action. Moreover, the Plaintiffs (as well as the putative class they seek to represent) are encompassed within the scope of the class definition of the Liberty Mutual Overtime Cases (JCCP 4234), which has been remanded by the California Supreme Court.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    The Parties need to brief the class certification issue.
    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
    a.  ☑  days *(specify number):* 10 days if individual claims, unknown if the matter proceeds on a class basis.
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☑ by the following:
    a.  Attorney:  Douglas R. Hart
    b.  Firm:  Sidley Austin LLP
    c.  Address:  555 West Fifth Street, Suite 4000, Los Angeles, CA 90012
    d.  Telephone number: 213-896-6000      f.  Fax number: 213-896-6600
    e.  E-mail address: dhart@sidley.com       g.  Party represented: Defendants
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1)  For parties represented by counsel: Counsel  ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** (if available).
    (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit A-184

 

CM-110

| PLAINTIFF/PETITIONER:  Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Safeco Insurance Company of America, et al. | BC458779 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 5

Exhibit A-185

 

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: BC458779 |
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☑ There are companion, underlying, or related cases.
      (1) Name of case:  Liberty Mutual Overtime Cases
      (2) Name of court:  Los Angeles Superior Court
      (3) Case number:  JCCP 4234
      (4) Status: Remanded by California Supreme Court
      ☐ Additional cases are described in Attachment 13a.
   b. A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      The Parties will need to brief the class certification issue.  Defendants also expect to file a Motion for Summary Judgment/Adjudication

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Pre-certification Written Discovery | 10/2012 |
| Defendants | Pre-certification Depositions (non-expert) | 10/2012 |
| Defendants | Pre-certification Depositions (expert) | 10/2012 |

   c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
      The scope of permissible discovery in light of the overlap of claims between the pending Harris matter and this case.

**CASE MANAGEMENT STATEMENT**

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC458779 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 23, 2012

Geoffrey D. DeBoskey

_____    ▶  _____
    (TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶  _____
    (TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

Exhibit A-187

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On April 23, 2012, I served the foregoing document(s) described as **Case Management Statement** on all interested parties in this action as follows (or as on the attached service list):

V. James DeSimone
Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP
723 Ocean Front Walk, Suite 100
Venice, California 90291

Scott Rapkin
Associate
Law Offices of Michael S. Rapkin
233 Wilshire Blvd., Suite 700
Santa Monica, California 90401

☑      (VIA FEDEX) I served the foregoing document(s) by FedEx for overnight delivery. I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with FedEx fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and delivery of express carrier package for delivery with FedEx. Under that practice, the FedEx package(s) would be delivered to an authorized courier or dealer authorized by FedEx to receive document(s) on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2012, at Los Angeles, California.


Brian Binns

Exhibit A-188



Exhibit A-189

4/2d 12

CM-110

 

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael S. Rapkin, SBN 67220<br>Scott B. Rapkin, SBN 261867<br>LAW OFFICES OF MICHAEL S. RAPKIN<br>233 Wilshire Blvd., Suite 700, Santa Monica, CA 90401 | |

TELEPHONE NO.: 310-319-5465   FAX NO. *(Optional):* 310-319-5355

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiffs, Joe Braun, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: Same

CITY AND ZIP CODE: Los Angeles, 90012

BRANCH NAME: Stanley Mosk - Central

PLAINTIFF/PETITIONER: Joe Braun, et al.

DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC 458779 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 30, 2012          Time: 8:30 a.m.     Dept.: 13          Div.:          Room: 630

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiffs, Joe Braun, et al.
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 5, 2011
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      Class Action for: (1) Failure to Pay Overtime Compensation; (2) Failure to Provide Meal and Rest Periods; (3) Waiting Time Penalties; (4) Failure to Provide Accurate Itemized Statements; (5) Unfair Business Practices; and (6) Private Attorney General Act (Cal. Labor Code sections 2698 et seq.)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 1 of 5

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

www.accesslaw.com

Exhibit A-190

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC 458779 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
        See Attachment 4b

☑   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
       The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
       a.   ☐   The trial has been set for *(date):*
       b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Motion for Class Certification

       c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
       The party or parties estimate that the trial will take *(check one):*
       a.   ☑   days *(specify number):* 25 days
       b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
       The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☑ by the following:
       a.   Attorney: V. James De Simone, SBN 119668; Michael D. Seplow, SBN 150183
       b.   Firm: SCHONBRUN DE SIMONE SEPLOW HARRIS  HOFFMAN & HARRISON LLP
       c.   Address: 723 Ocean Front Walk, Venice, CA 90291
       d.   Telephone number: 310- 396-0731                    f.   Fax number: 310- 396-0731
       e.   E-mail address:                                               g.   Party represented:
            ☐   Additional representation is described in Attachment 8.

9.   **Preference**
       ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
       a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
            (1)  For parties represented by counsel: Counsel ☑ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
            (2)  For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.
       b.   Referral to judicial arbitration or civil action mediation (if available).
            (1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
            (2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
            (3)  ☑   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
                 3.811 (b) (2) (Class Action)

CM-110 [Rev. July 1, 2011]                      **CASE MANAGEMENT STATEMENT**                      Page 2 of 5

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC 458779 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If this party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

Exhibit A-192

 

CM-110

| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC 458779 |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Motion for Class Certification; Plaintiffs' also expect to file a Motion for Summary Judgment/Adjudication

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Request for Production of Documents; Interrogatories | June 30, 2012 |
| Plaintiffs | Depositions of PMK at Safeco and Liberty Mutual Insurance | August 31 , 2012 |
| Plaintiffs | Additional Depositions of other witnesses | September 30, 2012 |

   c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:
   The scope of permissible discovery in this case in light of Defendants' objections regarding the discovery in the Harris case.

   In addition, Plaintiffs will be seeking discovery relating to the putative class, including contact information.

CM-110 [Rev. July 1, 2011]            **CASE MANAGEMENT STATEMENT**            Page 4 of 5

Exhibit A-193

 

| | **CM-110** |
|---|---|
| PLAINTIFF/PETITIONER: Joe Braun, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Safeco Insurance Company of America, et al. | BC 458779 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
     See Attachment 18

**19. Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
     The parties have scheduled a meet and confer for April 27, 2012 to discuss Defendant's objections to Plaintiffs' Request for Production of Documents, as well as Defendants' position on discovery relating to the putative class members.

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*   3

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 26

| Scott Rapkin | | ► _(signature)_ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |
| | | ► |
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

Exhibit A-194

**Joe Braun, et al. v. Safeco Insurance Company of America, et al.**
**Case No. BC 458779**


Attachment to Case Management Statement Filed by Plaintiffs for
April 30, 2012 Case Management Conference

4b.   This is a class action case for unpaid wages on behalf of automobile insurance claims representatives employed by Safeco Insurance Company (which was acquired by Defendant Liberty Mutual Insurance in 2008).  Plaintiffs and other similarly situated employees were non-exempt employees who would typically process at least 80 claims per month and the majority of those claims involved less than $3,000 in damages.  The maximum amount of settlement authority on an individual claim was $15,000.  Plaintiffs were closely supervised and their job duties were highly regulated by Safeco.  Plaintiffs were expected to process a large amount of low level claims and had very limited discretion in the manner in which they performed their duties.

In or around January 2009, a few months after Liberty acquired Safeco, Plaintiffs were re-classified as exempt and not paid overtime, even though their job duties remained the same. Moreover, prior to Safeco's acquisition by Liberty, and within four year prior to the filing of the instant lawsuit, even when they were classified as non-exempt, Plaintiffs Braun and Hailpern were required to work off the clock without proper overtime compensation.

Plaintiffs, on behalf of themselves and others similarly situated,  seek unpaid wages, payment for missed meal and rest breaks, as well as penalties, interest and attorneys fees under the Labor Code.

18.   Plaintiffs request that the Court address Defendants' primary objection to many of the documents that Plaintiffs requested in their Request for Production of Documents, originally propounded one year ago, and propounded again after the stay in this case was lifted on or about January 30, 2012.  That objection is that discovery cannot include any matters that Defendants contend are at issue in Harris.

Additionally, Plaintiffs request that the Court determine that the Harris case does not preclude Plaintiffs' from propounding discovery relevant to the putative class members, as that information is directly relevant to whether this case should proceed as a class action.

 

**PROOF OF SERVICE (BY MAIL)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 233 Wilshire Blvd., #700, Santa Monica, CA 90401.

On April 26, 2012, I served the foregoing document(s), described as:

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action by placing a true copy thereof enclosed in an envelope addressed as follows:

Geoffrey D. DeBoskey, Esq.
Katherine A. Roberts, Esq.
SIDLEY AUSTIN, LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

[ X ]   BY MAIL: as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

[X]   BY FAX: I transmitted a true copy of said document(s) by facsimile machine this date from telephone number (310) 319-5355, and no error was reported. Said fax transmission(s) were directed to (213) 896-6600, the fax number provided by Defendants' counsel on their pleadings.

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 26, 2012, at Santa Monica, California.

Scott Rapkin

**PROOF OF SERVICE**



# Rapkin
Law Offices of Michael S. Rapkin

## FACSIMILE TRANSMITTAL COVER SHEET

**DATE:** April 26, 2012

**TO:** Geoffrey D. DeBoskey and Kathryn A. Roberts

**FAX NO.:** 213-896-6600

**NO. of PAGES:** 9 (including cover sheet)

**PLEASE CALL IF YOU HAVE ANY DIFFICULTIES RECEIVING THIS TRANSMISSION**

**FROM:** Scott Rapkin

**MATTER REFERENCE:** *Joe Braun, et al. v. Safeco Insurance Company of America, et al.,* Case No. BC 458779

**DOCUMENT:** Plaintiffs' Case Management Statement

**COMMENTS:**

This facsimile contains privileged and confidential information intended only for use of the individual or entity named above. If the reader and/or receiver of this facsimile is not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is prohibited. If you have received this facsimile in error, please notify us by telephone. Thank you for your cooperation.

*233 Wilshire Boulevard, Suite 700, Santa Monica, California 90401*
*Telephone (310) 319-5465 • Facsimile (310) 319-5355 • www.RapkinEsq.com*

Exhibit A-198



Exhibit A-199

1   V. James DeSimone, SBN 119668
    Michael D. Seplow, SBN 150183
2   SCHONBRUN DE SIMONE SEPLOW
    HARRIS  HOFFMAN & HARRISON LLP
3   723 Ocean Front Walk
    Venice, CA 90291
4   Telephone: 310- 396-0731
    Fax: 310- 396-0731
5
    Michael S. Rapkin, SBN 67220
6   Scott B. Rapkin, SBN 261867
    LAW OFFICES OF MICHAEL S. RAPKIN
7   233 Wilshire Boulevard, Suite 700
    Santa Monica, California 90401
8   Telephone: (310) 319-5465
    Fax: (310) 319-5355
9
10  Attorneys for Plaintiffs

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF LOS ANGELES

13

14
    JOE BRAUN, JEFF HAILPERN,          )   Case No: BC 458779
15  YOLANDA GARCIA, and EFREN          )
    GARCIA, on behalf of themselves and others )
16  similarly situated                 )   Notice of Ruling
                                       )
17                                     )   Complaint Filed: April 5, 2011
               Plaintiffs,             )
18                                     )
        vs.                            )
19                                     )   Date: April 30, 2012
    SAFECO INSURANCE COMPANY OF        )   Time: 8:30 a.m.
20  AMERICA, LIBERTY MUTUAL            )   Place: Dept. 13
    INSURANCE COMPANY  and DOES 1      )
21  through 50, inclusive              )
                                       )
22             Defendants.             )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25

26

27

28

                            1
                     Notice of Ruling

                                        Exhibit A-200



TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:

On April 30, 2012, in Department 13, the Honorable Luis A, Lavin presiding, the Court held a status conference. V. James DeSimone of Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP, and Scott Rapkin of Law Offices of Michael S. Rapkin, appearing on behalf of Plaintiffs and Geoffery D. Deboskey, appearing on behalf of Defendants.   The parties apprised the Court of status of the case, including the status of *Harris v. Liberty Mutual* case, which is set to be decided by the Court of Appeal on or before July 25, 2012.   Plaintiffs counsel indicated that they were attempting to reach an agreement with counsel for the Plaintiffs in *Harris* to exclude the Plaintiffs class in this case, consisting of employees of Safeco Insurance Company, from the class in *Harris*.   After considering these matters, the Court made the following ruling:

1. The Court set a Status Conference for July 11, 2012 at 8:30 a.m. in Department 13.

2. The parties shall submit  a Joint Status Conference Statement on July 6, 2012, which sets forth each side's position regarding discovery, scheduling (including a proposed date for filing a motion for class certification)  and other issues in the case.

3. If the parties determine that they require additional time, they may prepare a joint stipulation to continue the status conference to a later date.


DATED: April 30, 2012

Respectfully submitted,

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

LAW OFFICES OF MICHAEL S. RAPKIN

By_____
Michael D. Seplow
Attorneys for Plaintiffs

Exhibit A-201

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On May 1, 2012,** I served the foregoing documents described as:

**NOTICE OF RULING**

on all interested parties in this action. By placing the ___ original or a **X** true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Hart                          Michael S. Rapkin
Geoffrey D. DeBoskey                  msrapkin@gmail.com
Sidley Austin LLP                     Scott B. Rapkin
555 W 5th St, Suite 4000              scottrapkin@rapkinesq.com
Los Angeles, CA 90013                 Law Offices of Michael S. Rapkin
                                      233 Wilshire Boulevard, Suite 700
                                      Santa Monica, CA 90401
                                      *(by e-mail only)*

**X**      **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

_____      **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

**X**      **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____      **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____      **[BY FAX]** I transmitted the above document to the above facsimile.

**X**      **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2012, at Venice, California

Bill Clifton

Proof of Service

Exhibit A-202



Exhibit A-203

1 | V. James DeSimone, SBN 119668
Michael D. Seplow, SBN 150183
2 | SCHONBRUN DE SIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
3 | 723 Ocean Front Walk
Venice, CA 90291
4 | Telephone: 310- 396-0731
Fax: 310- 396-0731
5 |
Michael S. Rapkin, SBN 67220
6 | Scott B. Rapkin, SBN 261867
LAW OFFICES OF MICHAEL S. RAPKIN
7 | 233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
8 | Telephone: (310) 319-5465
Fax: (310) 319-5355
9 |

10 | Attorneys for Plaintiffs

11 |

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **FOR THE COUNTY OF LOS ANGELES**

14 |

| JOE BRAUN, JEFF HAILPERN, | ) | Case No: BC 458779 |
| YOLANDA GARCIA, and EFREN | ) | |
| GARCIA, on behalf of themselves and others | ) | |
| similarly situated | ) | **NOTICE OF CASE REASSIGNMENT** |
| | ) | **AND OF ORDER FOR PLAINTIFF TO** |
| | ) | **GIVE NOTICE** |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, LIBERTY MUTUAL | ) | |
| INSURANCE COMPANY and DOES 1 | ) | |
| through 50, inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

**Notice of Case Reassignment and of Order for Plaintiff to Give Notice**

NOTICE SENT TO: 

DeSimone, V. James, Esq.
Schonbrun DeSimone Seplow Harris & Hoff
723 Ocean Front Walk
Venice          CA   90291

 **ORIGINAL FILED**

MAY 0 7 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JOE BRAUN ET AL

                        Plaintiff(s),

            VS.

SAFECO INSURANCE COMPANY OF AMERICA ET
                        Defendant(s).

CASE NUMBER

BC458779

Notice of Case Reassignment and of
Order for Plaintiff to Give Notice

**TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:**

YOU ARE HEREBY NOTIFIED that effective June 1, 2012, an order was made that the above-entitled action, previously assigned to Luis A. Lavin, is now and shall be assigned to Barbara A. Meiers as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department 12. (See Chapter 7, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: May 7, 2012

                        John A. Clarke, EXECUTIVE OFFICER/CLERK

                        By _____, Deputy Clerk

Exhibit A-205

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On May 9, 2012,** I served the foregoing documents described as:

### NOTICE OF CASE REASSIGNMENT AND OF ORDER FOR PLAINTIFF TO GIVE NOTICE

on all interested parties in this action. By placing the ___ original or a _X_ true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Hart                          Michael S. Rapkin
Geoffrey D. DeBoskey                  msrapkin@gmail.com
Sidley Austin LLP                     Scott B. Rapkin
555 W 5th St, Suite 4000              scottrapkin@rapkinesq.com
Los Angeles, CA 90013                 Law Offices of Michael S. Rapkin
                                      233 Wilshire Boulevard, Suite 700
                                      Santa Monica, CA 90401
                                      *(by e-mail only)*

_X_         **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

____        **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_X_         **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

____        **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

____        **[BY FAX]**  I transmitted the above document to the above facsimile.

_X_         **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9, 2012, at Venice, California

*Bill Clifton*
Bill Clifton

Proof of Service

Exhibit A-206



Exhibit A-207

1  Douglas R. Hart, SBN 115673
   dhart@sidley.com
2  Geoffrey D. DeBoskey, SBN 211557
   gdeboskey@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
4  Los Angeles, California 90013
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  Attorneys for Defendants


CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 0 6 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Glorieta Robinson

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10 JOE BRAUN, JEFF HAILPERN, YOLANDA       Case No. BC458779
   GARCIA, and EFREN GARCIA, individually
11 and behalf of all others similarly situated,
                                             JOINT CASE STATUS UPDATE
12              Plaintiffs,
                                             Complaint Filed:     April 5, 2011
13        v.
                                             Status Conference Date:  July 11, 2012
14 SAFECO INSURANCE COMPANY OF              Time:  8:30 a.m.
   AMERICA, LIBERTY MUTUAL                   Location:  Department 12
15 INSURANCE COMPANY and DOES 1
   through 50, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LA1 2494614v.1

                                                              Exhibit A-208
                    JOINT CASE STATUS UPDATE

TO THIS HONORABLE COURT:

Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia and Efren Garcia, and Defendants Safeco Insurance Co. and Liberty Mutual Insurance Co., through their counsel of record submit the following Joint Status report in advance of the July 11, 2012 Status Conference.

## I.    Status of Stay

The Court previously stayed this case pending a decision from the California Supreme Court in the related case of *Harris v. Liberty Mutual Insurance*, Case No. S156555.   On January 30, 2012, the Court partially lifted the stay to allow for discovery which would not be duplicative of discovery in the *Harris* case.  In *Harris*, the California Supreme Court remanded the case to the Court of Appeal, which is expected to issue a decision on or before July 25, 2012.

## II.    Discovery

The parties have exchanged a first set of written discovery requests (requests for production and interrogatories) consistent with the partial stay on discovery.   The parties believe that depositions should not be taken until the Court of Appeal issues its decision in *Harris*.

## III.    Proposed Dates for Class Certification Motion

The parties propose that the Court wait until the Court of Appeal issues its decision in *Harris* prior to setting deadlines relating to motions for class certification.   The *Harris* case may be remanded to the Los Angeles Superior Court, Department 323.  In addition, the parties are meeting and conferring over the possible scope of plaintiffs' alleged "off the clock" subclass in an attempt to move that part of the case forward since it does not involve an exemption question.  The parties therefore respectfully request the Court schedule another status conference in 60 days, at which point the Court of Appeal will likely have issued a decision in *Harris*.

1   Dated:  July 6, 2012

2                                          SIDLEY AUSTIN LLP

3

4                                          By: _____

5                                               Geoffrey D. DeBoskey
                                                 Attorney for Defendant

6

7                                          SCHONBRUN DESIMONE SEPLOW HARRIS
                                           HOFFMAN & HARRISON, LLP  By:

8
                                           By: _____
9
                                               Michael Seplow
10                                             Attorney for Plaintiffs

11                                         LAW OFFICE OF MICHAEL S. RAPKIN

12

13                                         By: _____
                                               Scott Rapkin
14                                             Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 2494614v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            ) SS
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, California 90013-1010.

On July 6, 2012, I served the foregoing document(s) described as **JOINT CASE STATUS UPDATE** on all interested parties in this action as follows (or as on the attached service list):

V. James DeSimone, Esq                    Michael Rapkin, Esq.
Schonbrun DeSimone Seplow Harris et al     Law Office of Michael Rapkin
723 Ocean Front Walk                       233 Wilshire Blvd Ste 700
Venice, CA 90291                           Santa Monica, CA 90401

I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2012, at Los Angeles, California.

_____
Kristina Wilcox

LA1 2422694v.1

Exhibit A-211



Exhibit A-212

10/30/12

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 399-7040
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

10 Attorneys for Plaintiffs

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF LOS ANGELES

14

15 JOE BRAUN, JEFF HAILPERN,       )   Case No: BC 458779
   YOLANDA GARCIA, and EFREN       )
16 GARCIA, on behalf of themselves and others )
   similarly situated              )   PLAINTIFFS' STATUS
17                                 )   CONFERENCE STATEMENT FOR
                                   )   NOVEMBER 1, 2012 STATUS
18         Plaintiffs,             )   CONFERENCE
       vs.                         )
19                                 )   Complaint Filed: April 5, 2011
   SAFECO INSURANCE COMPANY OF     )
20 AMERICA, LIBERTY MUTUAL         )
   INSURANCE COMPANY and DOES 1    )   Date:      November 1, 2012
21 through 50, inclusive           )   Time:      8:30 a.m.
                                   )   Department: 12
22         Defendants.             )
                                   )
23                                 )
                                   )
24                                 )

25

26

27

28

                                    1
                     STATUS CONFERENCE STATEMENT

                                              Exhibit A-213

1   Although the Court did not require a Status Conference Statement, Plaintiffs submit

2   this Status Conference Statement to apprise the Court of various matters, including a critical

3   development in the related *Harris v. Liberty Mutual* litigation.

4

5   I.   **UPDATE ON *HARRIS, et al. v. LIBERTY MUTUAL, et. al.,***

6   On October 24, 2012, the California Supreme Court officially denied Defendants'

7   Petition for Review of the Court of Appeal's July 23, 2012 decision in *Harris v. Superior*

8   *Court,* which held that Liberty Mutual's insurance adjusters are non-exempt from the overtime

9   compensation requirements under IWC Wage Order No. 4 (Cal. Code Regs., tit. 8, § 11040

10   (Wage Order 4)).   Previously, there had been a partial stay of this action pending the final

11   appellate decision in *Harris,* which Defendants contended was a related case.

12   Accordingly, at this time, Plaintiffs request that this case be reassigned to Department

13   323 of the Central Civil West Division in which the *Harris* case (also known as *Liberty Mutual*

14   *Overtime Cases,* No. JCCP4234) is pending.   Plaintiffs are concurrently filing a Notice of

15   Related Case, which has also been filed in Department 323, which sets forth the reasons why

16   the cases, which allege overtime violations on behalf of claims adjusters employed by Liberty

17   Mutual, are related.   There is a Status Conference in Department 323 on December 14, 2012,

18   and Plaintiffs respectfully request that the instant case be transferred to Department 323 in

19   advance of that upcoming Status Conference.

20

21   II.   **BELAIRE-WEST LETTER AND NAMES AND CONTACT INFORMATION**
         **OF FOR "OFF THE CLOCK" SUB CLASS.**
22

23   Although this case has been partially stayed pending the outcome of the *Harris* case

24   with respect to the overlapping misclassification claims, the stay on discovery relating to

25   Plaintiffs' "off the clock" claims had been lifted.   Towards this end, Plaintiffs have been

26   working with Defendants to facilitate the mailing of a *Belaire-West* letter to members of the

27   "off the clock" sub-class.   However, there was a dispute regarding whether the named

28

2

**STATUS CONFERENCE STATEMENT**

Exhibit A-214

1    Plaintiffs adequately represented all of the "off the clock" sub class members. Rather than

2    litigate this issue, the parties reached an agreement in principle in which Plaintiffs would be

3    allowed to file a First Amended Complaint, adding three additional named plaintiffs who

4    worked as Automobile Specialists.   On October 22, 2012,  Plaintiffs provided Defendants with

5    the First Amended Complaint and the agreed upon Stipulation; however, as of the date of the

6    filing of this Status Conference Statement, Defendants have not signed the stipulation.

7         Plaintiffs believe that although this case should be reassigned to Department 323, in the

8    meantime, the parties should proceed with the *Belaire-West* notice for the "off the clock" sub

9    class as soon as possible.

10

11

12   DATED: October 30, 2012          Respectfully submitted,

13                                    SCHONBRUN DESIMONE SEPLOW
                                      HARRIS HOFFMAN & HARRISON LLP
14
                                      LAW OFFICES OF MICHAEL S. RAPKIN
15

16
                                      By_____
17                                       Scott Rapkin
                                         Michael Seplow
18                                       Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

                                    3
                    **STATUS CONFERENCE STATEMENT**

                                               Exhibit A-215

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

**On October 30, 2012,** I served the foregoing documents described as:

**PLAINTIFFS' STATUS CONFERENCE STATEMENT FOR NOVEMBER 1, 2012 STATUS CONFERENCE**

on all interested parties in this action. By placing the ___ original or a **X** true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Hart
Geoffrey D. DeBoskey
Katherine A. Roberts
Sidley Austin LLP
555 W 5th St, Suite 4000
Los Angeles, CA 90013

**X**    **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

_____    **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_____    **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____    **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____    **[BY FAX]** I transmitted the above document to the above facsimile.

**X**    **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 30, 2012, at Venice, California

Bill Clifton

Proof of Service

Exhibit A-216



Exhibit A-217

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS  HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 399-7040
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

10 Attorneys for Plaintiffs

11                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         FOR THE COUNTY OF LOS ANGELES

13

14 ───────────────────────────
   JOE BRAUN, JEFF HAILPERN,          )   Case No: BC458779
15 YOLANDA GARCIA, and EFREN          )
   GARCIA, on behalf of themselves and others )  Related Case No.  JCCP4234
16 similarly situated                 )
                                      )
17                                    )
              Plaintiffs,             )   NOTICE OF RELATED CASE
18        vs.                         )
                                      )
19 SAFECO INSURANCE COMPANY OF        )
   AMERICA, LIBERTY MUTUAL            )
20 INSURANCE COMPANY  and DOES 1      )
   through 50, inclusive              )
21                                    )
              Defendants.             )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
   ───────────────────────────

25

26

27        TO THE CLERK OF THE COURT AND TO ALL INTERESTED PARTIES AND

28 THEIR ATTORNEYS OF RECORD:

─────────────────────────────────────────────────
                              1
                    NOTICE OF RELATED CASE
                                            Exhibit A-218

1    PLEASE TAKE NOTICE of the following related cases pursuant to Cal. Rule of Court

2  3.300:

3    *Joe Braun, et al v Safeco Insurance Company*, Case No. BC458779, which is pending in

4  the Los Angeles County Superior Court (Department 12), is related to another action in the Los

5  Angeles County Superior Court, entitled *Liberty Mutual Overtime Cases*, Case No. JCCP4234

6  and assigned to Department 323 of the Central Civil West Division of the Los Angeles Superior

7  Court.  The *Liberty Mutual Overtime Cases* consist of various consolidated cases including

8  *Harris v. Liberty Mutual Group*, Case No. BC 246139, which was filed on March 5, 2001

9  ("*Harris or Liberty Mutual*") in the Los Angeles County Superior Court. The *Harris* Action went

10  up to the Court of Appeal for the Second District in late 2006 and had been pending before both

11  the Court of Appeal and the California Supreme Court for over five years until October 24,

12  2012, when the California Supreme Court denied Defendants' final Petition for Review.  This

13  means that the *Liberty Mutual* action will be remanded to the trial Court.  There is a status

14  conference set in the *Liberty Mutual* case for December 14, 2012 in Department 323.

15    Both the *Braun v. Safeco* action and the *Liberty Mutual Overtime Cases* involve

16  allegations that plaintiffs and other class members who were employed as insurance claims

17  adjusters by Liberty Mutual were mis-classified as non-exempt and denied overtime

18  compensation.[1]  Therefore, the cases should be deemed as related because the cases involve the

19  same parties and the same claims and because having these cases pending before different judges

20  would require substantial duplication of effort.

21

22

23

24

25

---

26  [1] The *Braun* action includes allegations against Safeco Insurance company, which was
acquired by Liberty Mutual in 2008, and which employed Plaintiffs and other class members during
27  the relevant class period.  The *Braun* action also includes allegations that certain plaintiffs were
required to "work off the clock."

28

2

**NOTICE OF RELATED CASE**

1  **I. PROCEDURAL BACKGROUND**

2     **A. The *Harris* action:**

3     The *Harris* action (*Harris v. Liberty Mutual Group*, Case No. BC 246139) was filed on

4  March 5, 2001 in Los Angeles Superior Court by plaintiffs who were claims adjusters at Liberty

5  Mutual. They alleged that they were mis-classified as being exempt and therefore denied

6  overtime compensation. In 2002, the *Harris* action was consolidated with other related cases and

7  was given the case name *Liberty Mutual Overtime Cases*, Case No. JCCP4234. The case was

8  assigned to Department 323 of the Central Civil West Division.[2]   Class certification was granted

9  and a notice was mailed out to class members in late 2004. Thereafter, the trial court granted

10  Defendants' motion to partially de-certify the class. In 2006, the trial court's rulings were

11  appealed to the Court of Appeal for the Second District via writ proceedings. On August 16,

12  2007, the Court of Appeal issued an opinion holding that the claims adjuster class members were

13  non exempt. *Harris v. Superior Court,*, 154 Cal.App.4th 164 (2007) (depublished), Court of

14  Appeal Case Nos. B195121, B195370.

15     On November 28, 2007, the California Supreme Court granted Defendants' Petition for

16  Review and the opinion of the Court of Appeal was vacated. *Id.*   On December 28, 2011, the

17  California Supreme Court issued its opinion in *Harris v Superior Court,*. 53 Cal.4th 170 (2011)

18  The California Supreme Court remanded the case back to the Court of Appeal, which issued a

19  new decision on July 23, 2012, *Harris v. Superior Court*, 207 Cal.App.4th 1225 (2012)

20  (depublished). In its July 23, 2012 ruling the Court of Appeal determined that Liberty Mutual

21  adjusters are non exempt and the class should be certified. *Id.* at 1248-49.

22

23

24     [2]The *Liberty Mutual Overtime Cases* include the following cases: *Harris v. Liberty Mutual*

25  *Insurance Co.*, Los Angles Superior Court, No BC246139 (filed March 5, 2001), *Garner v.*
*Helmsman*, Los Angeles Superior Court, No. BC246140 (filed March 5, 2001), *Smith v. Golden*

26  *Eagle Insurance Corporation*, San Diego Superior Court, No. GIC775135 (filed September 27,

27  2001) and *Butler-Mitchell v. Liberty Mutual Group*, Sacramento Superior Court. No. 01AS06879
(filed November 8, 2001).

28

3

**NOTICE OF RELATED CASE**

Exhibit A-220

1        The Defendants filed a Petition for Review of the Court of Appeal's July 23, 2012

2   ruling. On October 24, 2012, the California Supreme Court denied Defendants' Petition for

3   Review. *See Harris v. Superior Court*, Cal. Supreme Court Case No. S205097. A status

4   conference is presently set for December 14, 2012 in Department 323 in the *Liberty Mutual*

5   *Overtime Cases* action.

6

7      **B. The *Braun* Action.**

8        The *Braun* Action was filed on April 5, 2011 in Los Angeles Superior Court as a putative

9   class action on behalf of insurance claims processors who worked for Safeco Insurance Company

10  and later for Liberty Mutual. Plaintiffs in *Braun* contend that they were not paid overtime by their

11  employer based on claims that they were required to work "off the clock" and also that for certain

12  periods of time they were mis-classified as being "exempt" employees.   In about September

13  2008, Safeco was acquired by Liberty Mutual.

14       At the time Plaintiffs filed the *Braun* action, they also filed a Notice of Possible Related

15  Case, pursuant to CRC 3.300, in which they noted that the *Braun* case had similar allegations of

16  misclassification as the *Harris* case had and also that in both cases Liberty Mutual was a named

17  defendant. However, the *Braun* case involved a defendant, Safeco Insurance Company, which

18  was not acquired by Liberty Mutual until 2008--after the *Harris* case had gone up on appeal and

19  after the class notice in *Harris* had been mailed out.   The *Braun* case also involved allegations

20  that certain employees were required to work "off the clock" without overtime compensation.[3]

21       The Defendants in *Braun* have consistently contended that the *Braun* case was indeed

22  related to the *Harris* or *Liberty Mutual Overtime Cases*. *See* Defendants' Case Management

23  Conference Statements filed August 9, 2011 and April 23, 2012 (noting that *Liberty Mutual*

24  *Overtime Cases*, No. JCCP 4234 are related cases to *Braun*).

25  —————————————

26     [3]On August 23, 2011, at the direction of Judge Lavin in Department 13 (the courtroom where the *Braun* case had been assigned), Plaintiffs resubmitted their Notice of Possible Related Case to

27  Department 323.  However, it appears that Department 323 did not issue a ruling on whether the cases were related, most likely because the *Harris* action was still pending before the appellate

28  courts.

4

**NOTICE OF RELATED CASE**

Exhibit A-221

1    Indeed, on July 25, 2011, Defendants filed a motion to stay the *Braun* case, pending a

2    final decision by the appellate courts in the *Harris* case., on the grounds that there was an overlap

3    between the *Braun* and *Harris* cases. *See* Defendants' Motion to Stay Proceedings at 5:11-13

4    ("In both cases, Liberty Mutual (including its subsidiaries) is the defendant. Plaintiffs' overtime

5    misclassification claim is precisely the same claim alleged in the Coordinated Overtime

6    Proceeding [Liberty Mutual Overtime Cases]."

7       As such, on October 7, 2011, the Court in *Braun* granted Defendants' Motion to Stay.

8    Thereafter, on January 30, 2012, the trial court in *Braun* partially lifted the stay to allow

9    discovery on Plaintiffs' "off the clock" claims. The Court ruled that Plaintiffs in *Braun* could not

10    conduct discovery that overlapped with discovery in *Harris* case, which meant that there could

11    be no discovery relating to the misclassification claims. Indeed, Defendants have consistently

12    taken the position that all of the plaintiffs and putative class members in the *Braun* case are also

13    putative class members in the *Harris-Liberty Mutual Overtime Cases. See* Defendants' Motion

14    to Stay Proceedings, Defendants' Response to Plaintiffs' Status Conference Statement and

15    Request to Lift Stay (filed January 26, 2012).[4] Nonetheless, it must be noted that at the time the

16    class was certified in the *Liberty Mutual Overtime Cases*, Safeco was not a part of Liberty

17    Mutual. Indeed, it appears that the *Braun* case is the only pending case which alleges class wide

18    overtime violations on behalf of former employees of Safeco. Therefore, it is important that

19    these cases be related in order to ensure that the interests of former and current Safeco employees

20    are adequately protected.

21

22

23

24

25

---

26    [4]Further, the class notice in the Liberty Mutual Overtime Cases was directed to "All Non-
Management Employees of Liberty Mutual (including its subsidiaries . . .) who at any time since
27    March 5, 1997, (a) were employed as adjusters, investigators, appraisers or other types of claims
handlers, or performed claims handling activities and b) have been classified as exempt from
28    overtime."

**NOTICE OF RELATED CASE**

Exhibit A-222



III.    **THE *BRAUN* ACTION SHOULD BE RELATED TO THE *LIBERTY MUTUAL OVERTIME CASES.***

Rule 3.300(a) of the California Rules of Court defines related cases as follows:

A pending civil case is related to another pending civil case, or to a civil case that was dismissed with or without prejudice, or to a civil case that was disposed of by judgment, if the cases:

(1)     Involve the same parties and are based on the same or similar claims;

(2)     Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact;

(3)     Involve claims against, title to, possession of, or damages to the same property; or

(4)     Are likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

Here, the Defendants have consistently argued that the *Braun* case is related to the *Liberty Mutual Overtime Cases.* Indeed, the Court in *Braun* granted a partial stay based on Defendants' contention that this case was related to the *Harris* case, which was up on appeal. An analysis of the applicable factors demonstrates that the cases should be deemed related.

First, both the *Braun* case and the *Liberty Mutual Overtime Cases* involve the same parties and are based on the same or similar claims. See CRC 3.300(a)(1). Defendant Liberty Mutual is a party in both cases which involve allegations that insurance adjusters employed by Defendant Liberty Mutual were denied overtime compensation. In particular, both cases involve allegations that plaintiffs and other class members were mis-classified as exempt.[5]

Moreover, as Defendants noted, there appears to be an overlap in the class definitions in the two cases, notwithstanding the fact that Safeco had not yet been acquired by Liberty Mutual at

---

[5] While Plaintiffs in *Braun* noted that "the off the clock" claims in *Braun* were not part of the *Liberty Mutual Overtime Cases,* Plaintiffs acknowledged that both cases involved misclassification claims against Liberty Mutual. Those misclassification claims were stayed in the *Braun* case pending the final outcome of the appeal in the *Harris* case.

6

Exhibit A-223

1   the time the *Harris* case was filed or at the time the class notice was mailed. In addition, the cases

2   arise from the same or substantially identical transactions, incidents, or events requiring the

3   determination of the same or substantially identical questions of law or fact in that there are

4   similar claims about Liberty Mutual's decisions to classify its insurance adjusters as non exempt.

5   CRC 3.300(a)(2). These factors demonstrate that the cases are related.

6        Additionally, both cases are likely for other reasons to require substantial duplication of

7   judicial resources if heard by different judges. See CRC 3.300(a)(4). Given the fact that there is

8   an overlap in membership in both classes, it would be a waste of judicial resources to have these

9   cases heard by different judges. There has already been a great deal of litigation in the *Harris*

10  case and it would be duplicative to have another court do similar work. Indeed, when Judge Lavin

11  issued the stay in *Braun*, he was concerned about this issue and the stay was lifted only with

12  respect to discovery that was unrelated to the issues in the *Harris* case, namely the "off the clock

13  claims." At this point, Plaintiffs in *Braun* have waited a year and a half for the outcome of the

14  *Harris* appeal and have had their case partially stayed based on *Harris*. Now that the *Harris* case

15  has finally been decided by the appellate courts, and is going to be remanded to the Superior

16  Court, it is clear that the *Braun* case, which has overlapping issues with *Harris*, should be deemed

17  related to the *Liberty Mutual Overtime Cases*.

18

19  DATED: October 30, 2012                     Respectfully submitted,

20                                              LAW OFFICES OF MICHAEL S. RAPKIN

21                                              SCHONBRUN DESIMONE SEPLOW
                                                HARRIS HOFFMAN & HARRISON LLP

22

23                                              By

24                                                  Michael D. Seplow
                                                    Attorneys for Plaintiffs

25

26

27

28

---

7

**NOTICE OF RELATED CASE**

Exhibit A-224

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

__On October 30, 2012,__ I served the foregoing document described as:

**NOTICE OF RELATED CASE**

on all interested parties in this action by placing the ___ original or a __X__ true copy thereof enclosed in a sealed envelope addressed as follows:

(SEE ATTACHED SERVICE LIST)

__X__    **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

_____    **[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the addressee(s).

_____    **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

_____    **[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

_____    **[BY FAX]** I transmitted the above document to the above facsimile.

__X__    **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 30, 2012, at Venice, California

_Bill Clifton_
Bill Clifton

Proof of Service

Exhibit A-225

1    **Service List for Braun, et al. v. Safeco Insurance Co., et al, LASC Case No. BC458779**

2                           **Notice of Related Case**

3    Douglas Hart
       Geoffrey D. DeBoskey
4    Katherine A. Roberts
       Sidley Austin LLP
5    555 W 5th St, Suite 4000
       Los Angeles, CA 90013

6

7    Kevin K. Green
       Patrick Joseph Coughlin
       Robbins Geller Rudman & Dowd LLP
8    655 W. Broadway, Suite 1900
       San Diego, CA 92101

9

10   Michael D. Singer
      Cohelan & Khoury
      605 "C" Street, Suite 200
11   San Diego, CA 92101

12   R. Ira Spiro
      Spiro Moore LLP
13   11377 West Olympic Blvd, 5th Floor
      Los Angeles, CA 90064

14

15   Michael Lee Carver
      Law Office of Michael L. Carver
      1395 Ridgewood Drive, Suite 300
16   Chico, CA 95973

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service



Exhibit A-227

*11/7/12*

1  V. James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  SCHONBRUN DE SIMONE SEPLOW
   HARRIS  HOFFMAN & HARRISON LLP
3  723 Ocean Front Walk
   Venice, CA 90291
4  Telephone: 310- 396-0731
   Fax: 310- 396-0731
5
   Michael S. Rapkin, SBN 67220
6  Scott B. Rapkin, SBN 261867
   LAW OFFICES OF MICHAEL S. RAPKIN
7  233 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
8  Telephone: (310) 319-5465
   Fax: (310) 319-5355
9

10 Attorneys for Plaintiffs

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            FOR THE COUNTY OF LOS ANGELES

13

14

15 JOE BRAUN, et al.               ) Case No: BC 458779
                                   )
16         Plaintiffs,             ) [Assigned to the Hon. Barbara Meiers -
       vs.                         ) Department 12]
17                                 )
   SAFECO INSURANCE COMPANY OF     )
18 AMERICA, et al.                 )
                                   )
19         Defendants.             ) **STIPULATION TO ALLOW FILING**
                                   ) **OF FIRST AMENDED COMPLAINT**
20                                 )
                                   )
21                                 )
                                   )
22                                 )
                                   )
23                                 )
                                   )
24                                 )

25

26

27

28

                                   1
**STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT**

Exhibit A-228

1    WHEREAS, Plaintiffs Joe Braun, et al. desire to file a First Amended Complaint, which

2    adds additional named Plaintiffs.  (A copy of the Proposed First Amended Complaint is attached

3    hereto as Exhibit A);

4    WHEREAS, Defendants Safeco Insurance Company of America and Liberty Mutual

5    Insurance Company have agreed to stipulate to the filing of the proposed First Amended

6    Complaint with the understanding that by entering into this stipulation, Defendants are not

7    waiving any affirmative defenses, including affirmative defenses based on the statute of

8    limitations;

9

10   THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants,

11   through their respective counsel of record, THAT:

12

13   1.  Plaintiffs shall be granted leave to file the First Amended Complaint (attached as

14   Exhibit A), which shall be deemed filed upon the Court's approval of this stipulation and

15   execution of the proposed Order.

16

17   2.  By entering into this Stipulation, Defendants do not waive, and expressly reserve, any

18   and all applicable affirmative defenses, including affirmative defenses based on the statute of

19   limitations.  Moreover, Plaintiffs will not use the fact that Defendants stipulated to the filing of

20   the First Amended Complaint to in any way support an argument that a statute of limitations

21   should be tolled or related back for any Plaintiffs or putative class members.  Notwithstanding

22   the foregoing, Plaintiffs reserve the right to argue, if necessary, that the First Amended

23   Complaint relates back to the date the original Complaint was filed.

24

25   3.  Defendants shall have 30 days from the approval of this Stipulation to file their

26   answer or response to the First Amended Complaint.

27

28

2

**STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT**

1

2  DATED: October 22, 2012                    Respectfully submitted,

3                                             SCHONBRUN DESIMONE SEPLOW
                                              HARRIS HOFFMAN & HARRISON LLP
4
                                              LAW OFFICES OF MICHAEL S. RAPKIN
5

6

7  By_____
                                              V. James D. Simone
8                                             Michael D. Seplow
                                              Attorneys for Plaintiffs

9          November 7
   DATED: ~~October 22,~~ 2012

10                                            SIDLEY & AUSTIN LLP

11                                            By_____

12                                            Douglas Hart
                                              Geoffrey DeBoskey
13                                            Attorneys for Defendants

14

15                       [PROPOSED] ORDER

16      The proposed stipulation is approved.  Plaintiffs are granted leave to file the First

17  Amended Complaint (attached as Exhibit A), which shall be deemed filed and served upon

18  Plaintiffs' service of notice of the Court's approval of this stipulation and execution of the
    proposed Order.

19

20      IT IS SO ORDERED.

21

22  DATED: _____

23                                            _____
                                              HON. BARBARA MEIERS
                                              LOS ANGELES SUPERIOR COURT
24

25

26

27

28

                                          3
   STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT

                                                          Exhibit A-230





11/8/11

V. James DeSimone, SBN 119668
Michael D. Seplow, SBN 150183
SCHONBRUN DE SIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: 310- 396-0731
Fax: 310- 396-0731

Michael S. Rapkin, SBN 67220
Scott B. Rapkin, SBN 261867
LAW OFFICES OF MICHAEL S. RAPKIN
233 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 319-5465
Fax: (310) 319-5355

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOE BRAUN, et al. | Case No: BC 458779 |
| Plaintiffs, | [Assigned to the Hon. Barbara Meiers - Department 12] |
| vs. | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al. | |
| Defendants. | **STIPULATION TO ALLOW FILING OF FIRST AMENDED COMPLAINT** |

1

**STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT**

Exhibit A-232



1   WHEREAS, Plaintiffs Joe Braun, et al. desire to file a First Amended Complaint, which

2   adds additional named Plaintiffs.  (A copy of the Proposed First Amended Complaint is attached

3   hereto as Exhibit A);

4   WHEREAS, Defendants Safeco Insurance Company of America and Liberty Mutual

5   Insurance Company have agreed to stipulate to the filing of the proposed First Amended

6   Complaint with the understanding that by entering into this stipulation, Defendants are not

7   waiving any affirmative defenses, including affirmative defenses based on the statute of

8   limitations;

9

10   THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants,

11   through their respective counsel of record, THAT:

12

13   1.   Plaintiffs shall be granted leave to file the First Amended Complaint (attached as

14   Exhibit A), which shall be deemed filed upon the Court's approval of this stipulation and

15   execution of the proposed Order.

16

17   2.   By entering into this Stipulation, Defendants do not waive, and expressly reserve, any

18   and all applicable affirmative defenses, including affirmative defenses based on the statute of

19   limitations.  Moreover, Plaintiffs will not use the fact that Defendants stipulated to the filing of

20   the First Amended Complaint to in any way support an argument that a statute of limitations

21   should be tolled or related back for any Plaintiffs or putative class members.  Notwithstanding

22   the foregoing, Plaintiffs reserve the right to argue, if necessary, that the First Amended

23   Complaint relates back to the date the original Complaint was filed.

24

25   3.   Defendants shall have 30 days from the approval of this Stipulation to file their

26   answer or response to the First Amended Complaint.

27

28

2

**STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT**

Exhibit A-233

1

2 DATED: ~~October 22~~, 2012 *Novemb 8*

Respectfully submitted,

3  SCHONBRUN DESIMONE SEPLOW
    HARRIS HOFFMAN & HARRISON LLP

4

5  LAW OFFICES OF MICHAEL S. RAPKIN

6  By

7  V. James D. Simone

8  Michael D. Seplow
    Attorneys for Plaintiffs

9 DATED: ~~October 22~~, 2012 *November 7*

10  SIDLEY & AUSTIN LLP

11  By

12  Douglas Hart

13  Geoffrey DeBoskey
     Attorneys for Defendants

14

15  [PROPOSED] ORDER

16       The proposed stipulation is approved.  Plaintiffs are granted leave to file the First

17  Amended Complaint (attached as Exhibit A), which shall be deemed filed and served upon

18  Plaintiffs' service of notice of the Court's approval of this stipulation and execution of the

     proposed Order.

19

20       IT IS SO ORDERED.

21

22  DATED: _____

23                              HON. BARBARA MEIERS
                                LOS ANGELES SUPERIOR COURT
24

25

26

27

28

                                3

**STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT**

# EXHIBIT A



1 V. James DeSimone, SBN 119668
2 Michael D. Seplow, SBN 150183
  SCHONBRUN DE SIMONE SEPLOW
3 HARRIS HOFFMAN & HARRISON LLP
  723 Ocean Front Walk
4 Venice, CA 90291
  Telephone: 310- 396-0731
5 Fax: 310- 396-0731

6 Michael S. Rapkin, SBN 67220
  Scott B. Rapkin, SBN 261867
7 LAW OFFICES OF MICHAEL S. RAPKIN
  233 Wilshire Boulevard, Suite 700
8 Santa Monica, California 90401
  Telephone: (310) 319-5465
9 Fax: (310) 319-5355

10 Attorneys for Plaintiffs

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF LOS ANGELES

13

14 JOE BRAUN, JEFF HAILPERN,          ) Case No: BC 458779
15 YOLANDA GARCIA, EFREN GARCIA,      )
   LONNIE COX, AARON DANCHIK,         )
16 HAITHAM BIBI, JOLENE COFFMAN, and  )
   JESSICA PICKERING                  ) FIRST AMENDED COMPLAINT FOR
17                                     ) DAMAGES AND INJUNCTIVE
                                       ) RELIEF
18         Plaintiffs,                 )
           vs.                         ) CLASS ACTION  (California Code of
19                                     ) Civil Procedure §382)
   SAFECO INSURANCE COMPANY OF        )
20 AMERICA, LIBERTY MUTUAL            ) 1.    FAILURE TO PAY
   INSURANCE COMPANY  and DOES 1      )       OVERTIME COMPENSATION
21 through 50, inclusive               )       (CAL.  LABOR CODE § 1194)
                                       )
22         Defendants.                 ) 2.    FAILURE TO PROVIDE MEAL
                                       )       AND REST PERIODS (CAL.
23                                     )       LABOR CODE § 226.7)
                                       )
24                                     ) 3.    WAITING TIME PENALTIES
                                       )       (CAL. LABOR. CODE § 203)
25                                     )
                                       ) 4.    FAILURE TO PROVIDE
26                                     )       ACCURATE ITEMIZED
                                       )       STATEMENTS (CAL.
27                                     )       LABOR CODE § 226)
                                       )
28                                     ) 5.    UNFAIR BUSINESS
                                       )       PRACTICES  (CAL.

                                    1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2                                      **BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.)**

3                      6.    **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §§ 2698 ET SEQ.)**

5

6                       **DEMAND FOR JURY TRIAL**

7

8

9

10

11           JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, EFREN GARCIA, LONNIE

12 COX, AARON DANCHIK, HAITHAM BIBI, JOLENE COFFMAN, and JESSICA

13 PICKERING (individually and collectively referred to as "PLAINTIFFS"), as individuals, and on

14 behalf of themselves and all others similarly situated, complain and allege, on information and

15 belief, the following against DEFENDANTS SAFECO INSURANCE COMPANY OF

16 AMERICA, LIBERTY MUTUAL INSURANCE COMPANY and DOES 1-50 (individually and

17 collectively referred to as "DEFENDANTS"):

18

19                            **JURISDICTION AND VENUE**

20      1.     The Court has personal jurisdiction over DEFENDANTS because they are

21 residents of and/or doing business in the State of California.

22

23      2.     Venue is proper in this Court in accordance with Section 395(a) of the California

24 Code of Civil Procedure because DEFENDANTS, or some of them, reside in Los Angeles

25 County.  Moreover, DEFENDANTS operate locations within this County and have employed

26 and do employ certain PLAINTIFFS in Los Angeles County.   Also, the harms alleged occurred

27

28

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-237



1    in Los Angeles County and other California Counties.

2

3                            **PARTIES**

4        3.       DEFENDANTS SAFECO INSURANCE COMPANY OF AMERICA

5    (hereinafter "SAFECO"), LIBERTY MUTUAL INSURANCE COMPANY (hereinafter

6    "LIBERTY MUTUAL")  and DOES 1 through 50, at all relevant times, were corporations,

7    limited liability companies associations and/or other business entities conducting business in the

8    State of California, including Los Angeles County.  PLAINTIFFS are informed and believe and

9    thereon allege that in or about September 2008, Defendant Liberty Mutual Insurance Company

10   acquired Defendant Safeco Insurance Company of America.

11

12       4.       PLAINTIFFS JOE BRAUN, JEFF HAILPERN, YOLANDA GARCIA, EFREN

13   GARCIA, LONNIE COX, AARON DANCHICK, HAITHAM BIBI, JOLENE COFFMAN, and

14   JESSICA PICKERING at all relevant times, were non-exempt employees of DEFENDANTS and

15   were citizens of the State of California.   PLAINTIFFS and all other similarly situated employees

16   were regularly and systematically denied overtime pay, denied meal and rest breaks and were

17   subjected to other violations of the California Labor Code, Wage Orders of the California

18   Industrial Welfare Commission and similar provisions of California law.

19

20       5.       PLAINTIFF JOE BRAUN was employed by DEFENDANT SAFECO in Los

21   Angeles County from approximately 1982 until March, 2010, whereupon he resigned his

22   employment.  From March 2007 through March 2010, BRAUN worked as a Quality Assurance

23   Re-inspector, also known as a Physical Damage Field Examiner.  At all relevant times, Plaintiff

24   was a resident of Los Angeles County.

25

26       6.       PLAINTIFF JEFF HAILPERN has been employed by DEFENDANT SAFECO

27   from approximately March 1998 until the present. From March 2007 through the present,

28

                                    3
          **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

                                              Exhibit A-238

1   HAILPERN worked as a Quality Assurance Re-inspector, also known as a Physical Damage

2   Field Examiner. At all relevant times, Plaintiff was a resident of Los Angeles County.

3

4       7 .    PLAINTIFF YOLANDA GARCIA was employed by DEFENDANT SAFECO as

5   a Senior Inside Claims Representative from approximately January 2007 through July 2011. At

6   all relevant times, Plaintiff was a resident of Riverside County.

7

8       8.     PLAINTIFF EFREN GARCIA has been employed by DEFENDANT SAFECO as

9   a bodily injury automobile inspector from approximately January 2007 through the present. At

10  all relevant times, Plaintiff was a resident of Riverside County.

11

12      9.     PLAINTIFF LONNIE COX has been employed by DEFENDANT SAFECO as an

13  Auto Specialist 2, also known as a Field Examiner, from approximately July 2005 to the present.

14  At all relevant times, Plaintiff was a resident of Ventura County.

15

16      10.    PLAINTIFF AARON DANCHIK was employed by DEFENDANT SAFECO as an

17  Auto Specialist 2, also known as a Field Examiner, from approximately November 2007 to

18  approximately April 2012. At all relevant times, Plaintiff was a resident of Los Angeles County.

19

20      11.    PLAINTIFF HAITHAM BIBI has been employed by DEFENDANT SAFECO as

21  an Auto Specialist 2, also known as a Field Examiner, from approximately April 2007 to the

22  present. At all relevant times, Plaintiff was a resident of Kern County.

23

24      12.    PLAINTIFF JOLENE COFFMAN was employed by DEFENDANT SAFECO as a

25  Senior Claims Specialist from approximately January 2007 to October 2011. At all relevant

26  times, Plaintiff was a resident of Fresno County.

27

28      13.    PLAINTIFF JESSICA PICKERING was employed by DEFENDANT SAFECO as

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-239

1   a Claims Specialist from approximately January 2008 through March 2012.  At all relevant

2   times, Plaintiff was a resident of Riverside County.

3

4       14.      The true names and capacities of defendants named herein as DOES 1 through 50,

5   inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS,

6   who therefore sue such defendants by such fictitious names.  PLAINTIFFS allege that each of

7   the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the

8   unlawful acts referred to herein.  PLAINTIFFS will amend this Complaint to show the true

9   names and capacities when they have been determined.

10

11      15.      At all times mentioned herein, DEFENDANTS, and each of them, were the

12  agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates,

13  each of the other, and at all times pertinent hereto were acting within the course and scope of

14  their authority as such agents, representatives, employees, successors, assigns, parents,

15  subsidiaries and/or affiliates.

16

17                    **FACTS COMMON TO ALL CAUSES OF ACTION**

18      16.      Throughout their employment with DEFENDANTS, PLAINTIFFS were non-

19  exempt employees who, under California law, are and were entitled to overtime compensation

20  and meal and rest breaks. Nonetheless, DEFENDANTS systematically failed to pay overtime

21  compensation and failed to provide rest and meal breaks to PLAINTIFFS and members of

22  PLAINTIFF CLASS.

23

24      17.      Since March 2007 (and prior thereto), PLAINTIFFS were employed in California by

25  Defendant Safeco Insurance Company of America ("Safeco") to process insurance claims,

26  including automobile property damage claims and homeowners liability claims.  Plaintiffs Braun,

27  Hailpern, Cox, Danchik, and Bibi physically inspected the automobile damage and/or worked

28  with body shops and reported their findings. Plaintiffs Yolanda Garcia, Efren Garcia, and

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-240

 

1  Pickering processed claims involving either involving only property damage or claims that would

2  also include minor bodily injuries as well as property damage.  Plaintiff Coffman processed

3  homeowners liability claims in addition to automobile damage and bodily injury claims.

4  PLAINTIFFS would typically process at least 80 claims per month and the majority of those

5  claims involved less than $3,000 in damages.  PLAINTIFFS were closely supervised and their

6  job duties were highly regulated by Defendants.  PLAINTIFFS were expected to process a large

7  amount of low level claims and had very limited discretion in the manner in which they

8  performed their duties.

9

10       18.     From March 2007 (and prior thereto) until approximately January 2009,

11  PLAINTIFFS and their co-workers were classified by Safeco as non-exempt employees and were

12  entitled to overtime pay for all work in excess of 8 hours per day and 40 hours per week.

13  However, during this time period, despite the fact that they were classified as non-exempt,

14  Plaintiffs Braun, Hailpern, Cox, Danchik, Bibi, and other similarly situated automobile property

15  damage claims inspectors and processors known as Auto Specialists, Field Examiners, or Quality

16  Assurance Re-inspectors worked "off-the-clock."  This "off-the-clock" policy began in or around

17  2001, at which time Plaintiffs were told that they would not be paid for any overtime work and

18  that no overtime would be approved, despite the fact that their job duties regularly required that

19  they work overtime.  In fact, even though the workforce was reduced and, therefore, the amount

20  of overtime hours for the remaining employees increased, PLAINTIFFS were still not permitted

21  to enter their overtime hours into the electronic time management system.  As a result, Plaintiffs

22  Braun and Hailpern and other Quality Assurance Re-inspectors, and Cox, Danchick, Bibi, and

23  other Auto Specialists and Field Examiners,  were regularly required to work "off the clock" in

24  order to complete their job duties.  Moreover, upon information and belief, other claims

25  processors worked many "off the clock" hours.  PLAINTIFFS further allege that this policy of

26  not allowing them to record their overtime hours was enforced through intimidation, including

27  the threat of job termination, and lasted at least until Defendants implemented a policy change in

28  or about June 2010.

6

Exhibit A-241

19.     Effective January 1, 2009, after Safeco was acquired by Defendant Liberty Mutual, Plaintiffs Braun, Hailpern, Cox, Danchik, Bibi, Coffman, Pickering, Yolanda Garcia, Efren Garcia, and other similarly situated claims representatives, claims specialists, auto specialists, field examiners, and Quality Assurance Re-inspectors were re-classified by Defendants from "non-exempt" to "exempt" even though their job duties remained the same and the amount of work that they had to do remained the same or increased.   As a result of this re-classification, Plaintiffs and other similarly situated employees were denied overtime wages, even though they regularly worked more than 8 hours per day and/or more than 40 hours per week, and also regularly were not able to take meal or rest breaks due to their pressing work load.

20.     In or about September 2009, Plaintiffs Braun, Hailpern, Cox, Danchik, Bibi, and other Auto Specialists, Field Examiners, and Quality Assurance Re-Inspectors were re-classified as being "non-exempt" and therefore entitled to overtime.  Furthermore, in October 2010, Yolanda Garcia, along with certain other Safeco automobile property damage claims specialists, was re-classified as being "non-exempt" and therefore entitled to overtime.   However, Plaintiffs Efren Garcia, Coffman, Pickering, and all other claims representatives, including homeowners liability claims adjusters such as Coffman, remain mis-classified as "exempt" and continue to be denied overtime pay by Defendants, even though their primary job duties required them to perform non-administrative duties.

21.     PLAINTIFFS allege that they and other similarly situated claims processors and physical damage inspectors are and were not subject to the Administrative Exemption for several reasons, including but not limited to the following:

    a) they were/are not engaged in work directly related to management policies or general business operations; and/or

    b) they did/do not customarily and regularly exercise discretion and independent judgment; and/or

7

c) they did/do not regularly and directly assist others employed in a bona fide executive or administrative capacity; and/or

d) they did/do not work along specialized or technical lines requiring special training, experience, or knowledge.

Accordingly, PLAINTIFFS and other similarly situated lower level claims processors are not and were not exempt under the Administrative Exemption. (IWC Wage Order 4-2001 section 1(A)(2)).

## CLASS ACTION ALLEGATIONS

22.      PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure Section 382. The class that PLAINTIFFS seeks to represent (herein referred to as " PLAINTIFF CLASS") is composed of DEFENDANTS' employees and former employees who suffered injuries or damages and/or were otherwise denied wages and monies to which they were entitled within the applicable statutes of limitation and is defined as follows:

> All persons who worked for Safeco Insurance Company, whose
> primary job duties were to process automobile insurance claims or inspect
> automobile damage, and whose settlement authority was in
> an amount no greater than $50,000, who were denied overtime
> payments and/or meal and rest breaks to which they were entitled
> pursuant to the California Labor Code, the California Industrial Welfare
> Commission's ("IWC") Wage Orders and all other applicable California
> employment laws and regulations.

The Class includes the following two (2) sub classes:

> **Safeco claims adjusters misclassification sub class:**
>
> This sub class, which includes Plaintiffs Effren Garcia, Yolanda Garcia, Coffman,

and Pickering is defined as:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-243



1    All persons who worked for Safeco Insurance Company, whose

2    primary job duties were to process insurance claims, including,

3    without limitation, automobile property damages claims,

4    automobile property damage claims that also include bodily injury

5    claims, and homeowners liability claims, with a settlement

6    authority no greater than $50,000, who were at any since January

7    2009 mis-classified as being exempt from California's wage and

8    hour laws.

9

10   **Safeco automobile property damage Auto Specialists and Quality Assurance Re-**

11   **Inspectors "off the clock" sub class:**

12       This sub class, which includes Plaintiffs Braun, Hailpern,  Cox, Danchik, and Bibi is

13   defined as:

14       All persons who worked for Safeco Insurance Company, whose

15       primary job duties were to inspect automobile damage and/or work

16       with auto body shops, who were required to work off the clock and

17       therefore denied overtime at any time from March 2007 through at

18       least June 2010.

19

20       23.    The members of the class  are so numerous that joinder of all members would be

21   unfeasible and not practicable.  The membership of the entire class is unknown to PLAINTIFFS

22   at this time; however, it is estimated that the entire class is greater than 100 individuals, but the

23   identity of such membership is readily ascertainable via inspection of the personnel records and

24   other documents maintained by DEFENDANTS.

25

26       24.    There are common questions of law and fact as to the class and sub-classes which

27   predominate over questions affecting only individual members including, without, limitation:

28       A.    Whether DEFENDANTS denied the PLAINTIFF CLASS overtime pay to

9

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Exhibit A-244