LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
|---|---|---|---|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

Present: The Honorable     **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [40]**

## I.     INTRODUCTION

Pending before the Court is Plaintiffs Joe Braun, Jeff Hailpern, Yolanda Garcia, Efren Garcia, Lonnie Cox, Aaron Danchik, Haitham Bibi, Jolene Coffman, and Jessica Pickering's (collectively, "Plaintiffs")[1] Motion for Class Certification.  (Dkt. No. 40.) After considering the papers filed in support of and opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; *see also* C.D. Cal. L.R. 7-15.  For the reasons discussed below, Plaintiffs have not satisfied their burden under Federal Rule of Civil Procedure 23(b)(3) to establish that common questions predominate and a class action is the superior method of adjudication. The Court therefore **DENIES** Plaintiffs' motion.

## II.     BACKGROUND

Plaintiffs seek class certification on behalf of current and former employees of Defendants Safeco Insurance Company ("Safeco") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Defendants").  The putative class includes two categories of insurance claims processors, Claims Adjusters and Automobile Examiners.  (Pls.' Mot. for Class Certification ("MCC") at 1.)  Plaintiffs allege Defendants unlawfully denied these workers overtime compensation and meal and rest

---

[1] Individuals Haitham Bibi and Lonnie Cox withdrew as class representatives on June 2, 2014.  (Dkt. No. 47.)  The Court has not considered their declarations in evaluating whether to certify this putative class action.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
|---|---|---|---|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

breaks in violation of various provisions of the California Labor Code. (*Id.*) Plaintiffs seek certification under Federal Rule of Civil Procedure 23(b)(3) and contend common questions predominate based on: (1) Defendants' uniform practice of misclassifying workers as exempt employees; and (2) Defendants' standardized policies and performance expectations resulting in an "unofficial policy" requiring class members to work overtime and miss meal and rest breaks. (*Id.*)

### A. Factual Background

#### 1. Defendants Safeco and Liberty Mutual

Defendant Safeco provides automobile and homeowners' insurance. (First Am. Compl. ("FAC") ¶¶ 1, 17.) In September 2008, Liberty Mutual Group, Inc. ("Liberty Mutual Group") acquired Safeco. (*See* Judah Dep. 35:25–36:2.) Defendant Liberty Mutual is a subsidiary of Liberty Mutual Group. (*See* Defs.' Opp'n to MCC ("Opp'n") at 2.) After the acquisition, Liberty Mutual Group transferred Safeco employees to positions in job categories used by its subsidiaries and affiliates, effective January 1, 2009. (*See* Miltz Dep. 22:19–23:3.)

#### 2. Facts Common to the Claims Adjusters

Prior to the acquisition and while working at Safeco, the Claims Adjusters served as non-exempt employees. (*Id.* 50:6–14.) After the acquisition and effective January 1, 2009, Liberty Mutual reclassified all of the Claims Adjusters as exempt employees. (*Id.* 50:15–20.) Their job duties, responsibilities, and compensation did not change despite the transition and reclassification. (*Id.* 30:5–25.)

The Claims Adjusters include employees with at least three different job titles— Claims Specialists, Senior Claims Specialists,[2] and Senior Inside Auto Claims Representatives.[3] (Opp'n at 3.) Regardless of the particular job title, Claims Adjusters' primary duties include: (1) receiving claims; (2) verifying coverage or specially (3) investigating and resolving coverage issues; (4) investigating the facts giving rise to the

---

[2] These employees specialize in home and automobile losses with a bodily injury component.

[3] These employees specialize in automobile losses without a bodily injury component.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

claim, including interviewing the insured and witnesses and obtaining police reports; (5) estimating liability and setting reserves;[4] (5) negotiating settlements; and, (7) managing litigation against Defendants and its insureds.  (Powell Dep. 27:6–13; *see also* Powell Decl. ¶ 3.)

The putative class includes those Claims Adjusters with settlement and reserve authority of no greater than $50,000 per claim.  (*See* MCC at i.)  When a Claims Adjuster believes a particular case requires a settlement or reserve that exceeds $50,000, the adjuster may not settle or set aside reserves greater than his or her authority.  (*See* Powell Decl. ¶ 4.)  Rather, the adjuster must recommend the settlement or reserve amount to his or her manager.  (*Id.*)  Managers generally follow these recommendations.  (*Id.*)  Because a Claims Adjuster's settlement and reserve authority pertains to each individual claim, an event resulting in multiple claims of less than $50,000 each could result in an adjuster settling or setting total reserves over $50,000.  (*Id.*)

### 3.  Facts Common to the Automobile Examiners

Like the Claims Adjusters, the Automobile Examiners served as non-exempt employees for Safeco.  (*See* Miltz Dep. 33:10–14, 35:25–36:7.)  The Automobile Examiners worked in two positions, as Auto Specialists and Quality Assurance Re-Inspectors ("QARs").  (Sestito Decl. ¶ 2.)  After the acquisition, Liberty Mutual reclassified the Auto Specialists as exempt workers but did not change their job duties, responsibilities, or compensation.  (Miltz Dep. 28:24–29:20, 41:18–42:4, 88:21–25.)  On September 13, 2010, Liberty Mutual changed the Auto Specialist job title and reverted their status back to non-exempt.  (*Id.* 99:19–100:5.)

Liberty Mutual did not reclassify the QARs after the acquisition.  (*Id.* 33:11–24.)  But some QARs apparently received an inaccurate notice stating they would become exempt workers effective January 1, 2009.  (*Id.* 33:25–34:2, 65:3–69:5; *see also* Braun Decl. ¶ 15; Hailpern Decl. ¶ 4.)  These QARs did not learn about the mistake until September 2010.  (Hailpern Decl. ¶ 4.)  Plaintiffs allege some QARs worked overtime

---

[4] "Reserving" refers to the practice of setting aside funds for claims that will be paid in the future.  (*See* McGlaze Decl. Ex. N.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|----------|------------------------|------|------------------|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

between January 2009 and September 2010 but did not report it because of the mistake about their exemption status.  (MCC at 5.)

### B. Procedural Background

Plaintiffs initiated this matter on April 5, 2011 by filing a complaint in the Superior Court of California, County of Los Angeles.  (Dkt. No. 1 at 13.)  On January 18, 2013, Plaintiffs filed the FAC, alleging six claims for relief: (1) failure to pay overtime compensation in violation of California Labor Code section 1194; (2) failure to provide meal and rest periods in violation of Labor Code sections 226.7 and 512; (3) waiting time penalties under Labor Code section 203; (4) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (5) unfair business practices under California Business and Professions Code section 17200 *et seq.*; and (6) civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code section 2698 *et seq.* (Dkt. No. 1-1 at 17–37; *see also* Dkt. No. 1 at 5–7.)

Defendants removed the matter to this Court on January 28, 2013 under 28 U.S.C. §§ 1441, 1446, and 1453.  (Dkt. No. 1 at 1.)  Defendants alleged diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). [5]  (Dkt. No. 1 at 2.) Plaintiff Joe Braun is a citizen of California (FAC ¶ 4), and Defendants are citizens of New Hampshire and Massachusetts (Dkt. No. 1 at 3).  The FAC added new plaintiffs such that the putative class size exceeds 100 members and the amount in controversy exceeds $5,000,000.  (*Id.* at 4.)

On April 11, 2014, Plaintiffs moved for class certification.  (Dkt. No. 40.)  The proposed class includes all persons who (1) worked for Safeco from April 5, 2007 onward; (2) whose primary duties included (a) processing automobile or homeowners' insurance claims or (b) inspecting automobile damage; (3) whose settlement authority was for amounts no greater than $50,000; and (4) who were denied overtime payments or

---

[5] Under CAFA, federal jurisdiction exists if the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and *any* member of the prospective class is (a) a citizen of a state different from *any* defendant; (b) a foreign state or citizen or subject of a foreign state and any defendant is a citizen of a state; or (c) a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state.  28 U.S.C. § 1332(d)(emphasis added).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

meal and rest breaks in violation of the California Labor Code.  (MCC at i.)  Defendants timely opposed the motion on August 5, 2014.  (Dkt. No. 63).[6]  Plaintiffs replied on October 24, 2014.  (Dkt. No. 76.)[7]

## III.    EVIDENTIARY OBJECTIONS

Defendants raise over three hundred objections to the evidence filed in support of Plaintiffs' Motion for Class Certification.  (*See* Dkt. No. 63-8.)  Defendants object on various grounds, including: (1) relevance; (2) lack of personal knowledge; (3) improper lay opinion testimony; (4) hearsay; and (5) the best evidence rule.  (*Id.*)  On a motion for class certification, a district court "makes no findings of fact and announces no ultimate conclusions on [the plaintiff's] claims."  *Alonzo v. Maximus, Inc.*, 275 F.R.D. 513, 519 (C.D. Cal. 2011) (quoting *Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 616 (C.D. Cal. 2008)) (internal quotation marks omitted).  The court "may consider evidence that may not be admissible at trial."  *Id.* (quoting *Mazza*, 254 F.R.D. at 616) (internal quotation marks omitted).  As a result, the Court need not resolve every evidentiary issue raised by Defendants.  To the extent the Court considers evidence in support of Plaintiffs' motion to which Defendants object, the Court **OVERRULES** the objection.

## IV.    REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, a judicially noticed fact must be one "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *See* Fed. R. Evid. 201(c)(2); *see also In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

---

[6] The Court granted two stipulations extending Defendants' time to oppose and continuing the hearing. (Dkt. Nos. 46, 54.)

[7] The Court granted a third stipulation extending Plaintiffs' time to reply.  (Dkt. No. 68.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

Plaintiffs' Reply requests the Court take judicial notice of Liberty Mutual Holding Company, Inc.'s financial statements for 2012 and 2013.  (Dkt. No. 77 at 1; *see also id.* Ex. A.)  Plaintiffs contend the statements may be judicially noticed because they are public documents.  (*Id.*)  But Plaintiffs have not established that the documents are a public record or that they have been filed with any public office.  Plaintiffs have only established that they are accessible from Liberty Mutual Group's website.  Liberty Mutual Group's website is not a source whose accuracy "cannot reasonably be questioned."  *Cf. Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC" under Rule 201(b)).  Accordingly, the Court declines to take judicial notice of them.  Plaintiffs' request is therefore **DENIED**.

## V.    LEGAL STANDARD

### A. Class Certification Under Rule 23

A party seeking class certification bears the burden of establishing that the prospective class satisfies Federal Rule of Civil Procedure 23(a).  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).  Under Rule 23(a), the party seeking certification must establish all four of the following: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  Fed. R. Civ. P. 23(a).  This requires proof that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*; *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011).

Additionally, a party seeking certification bears the burden of demonstrating it has met at least one of the requirements of Rule 23(b).  *See Valentino v. Carter–Wallace*, 97 F.3d 1227, 1234 (9th Cir. 1996).  Certification should only be granted if, "after a rigorous analysis," the court determines that the prospective class satisfies the requirements of Rule 23(a).  *Wal-Mart Stores*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*,

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|----------|------------------------|------|------------------|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

457 U.S. 147, 161 (1982)) (internal quotation marks omitted). The same principles apply to a Rule 23(b) analysis. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

When reviewing motion for class certification, district courts are generally bound to take the substantive allegations of the complaint as true. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n.7 (9th Cir. 1975)). But "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores*, 131 S. Ct. at 2551. Thus, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* (quoting *Falcon*, 457 U.S. at 161) (internal quotation marks omitted). Ultimately, district courts have "broad discretion to determine whether a class should be certified and to revisit that certification throughout the legal proceedings before the court." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010).

### B. Certification of Subclasses

"When appropriate, a class may be divided into subclasses that are each treated as a class" under Rule 23. Fed. R. Evid. 23(c)(5). Certification of subclasses may be appropriate where, as here, distinct groups of plaintiffs share common issues of law or fact. Where a party seeks to certify subclasses, "each subclass must independently meet the requirements of Rule 23 for the maintenance of a class action." *Sueoka v. United States*, 101 F. App'x 649, 652 (9th Cir. 2004) (internal quotation and citation omitted).

## VI.   DISCUSSION

Plaintiffs' proposed class includes Claims Adjusters and Automobile Examiners. (MCC at i.) Plaintiffs have divided the class into five separate subclasses: (1) a Misclassification Subclass, including all class members who were misclassified as exempt employees at any time since January 1, 2009; (2) an Automobile Examiner Off-the-Clock Subclass, including all class members who were classified as non-exempt but who worked off-the-clock and were denied overtime compensation; (3) a Meal Break Subclass, including all class members who were denied duty-free meal breaks; (4) a Rest

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
|---|---|---|---|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

Break Subclass, including all class members who were denied duty-free rest breaks; and (5) a Waiting Time Penalty Subclass, including all class members who are former employees of Defendants, have not received all wages due upon resignation or termination, and are therefore eligible for waiting time penalties.  (*Id.* at ii.)  The Court begins its analysis with the question of whether Plaintiffs have satisfied Rule 23(a)'s four requirements with respect to the five proposed subclasses.  The Court then considers whether subclass certification is appropriate under Rule 23(b)(3).

### A. Plaintiffs Have Satisfied Rule 23(a) With Respect to Four of the Proposed Subclasses

As discussed above, Plaintiffs must meet Rule 23(a)'s four requirements for class certification.  This requires Plaintiffs to establish (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy with respect to each proposed subclass.  For the reasons discussed below, the Court finds Plaintiffs have satisfied this burden for all of the proposed subclasses except the Waiting Time Penalty Subclass.

#### 1. Numerosity

Numerosity is satisfied if "the class is so large that joinder of all members is impracticable."  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (citing Fed. R. Civ. P. 23(a)).  "The numerosity requirement is not tied to any fixed numerical threshold—it 'requires examination of the specific facts of each case and imposes no absolute limitations.'"  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (quoting *Gen. Tel. Co. of the Nw., Inc*. v. *EEOC*, 446 U.S. 318, 330 (1980)).  Although Rule 23(a) does not require a specific minimum number of class members, Ninth Circuit precedent suggests that numerosity is satisfied when the prospective class includes at least 40 members.  *Id.*

According to Plaintiffs' motion, the proposed class includes 67 Claims Adjusters and 82 Automobile Examiners, totaling 149 class members.  (MCC at 3; *see also* Duval Decl. ¶ 10.)  Defendants do not dispute that Plaintiffs' proposed class satisfies the numerosity requirement.  (*See generally* Opp'n.)  Nevertheless, because Plaintiffs seek certification of five separate subclasses, the Court must consider whether each individual subclass meets the numerosity requirement.  *See Sueoka*, 101 F. App'x at 652.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

The Misclassification Subclass would include at least 67 members because Plaintiffs allege Defendants misclassified all of the Claims Adjusters as of January 1, 2009.[8] (MCC at 4.) Under Ninth Circuit precedent, a subclass of at least 67 members satisfies the numerosity requirement.

Plaintiffs specifically limit the Off-the-Clock Subclass to the Automobile Examiners, including those individuals who worked for Safeco as Auto Specialists and QARs. Plaintiffs allege the former Auto Specialists were misclassified as exempt workers from January 1, 2009 to September 13, 2010. (*Id.* at 4–5.) If Defendants in fact misclassified these workers, they would be entitled to overtime payments under Labor Code section 1194. Plaintiffs also allege the QARs were effectively misclassified during this same period of time because of an inaccurate notice from management. (*Id.*) As a result of the mistake, the QARs did not report overtime hours from January 1, 2009 to September 13, 2010. Finally, Plaintiffs challenge the legality of Defendants' overtime policies as applied to all of the Automobile Examiners. (*Id.* at 9–11, 21–23.) The Off-the-Clock Subclass therefore appears to include all 82 Automobile Examiners. This subclass also satisfies the numerosity requirement.

Plaintiffs maintain that Defendants' company policies resulted in missed meal and rest breaks for both the Claims Adjusters and Automobile Examiners. (*Id.* at 8–9, 23–25.) The Meal Break and Rest Break Subclasses would therefore include all 149 putative class members. Accordingly, each subclass satisfies the numerosity requirement.

By definition, the Waiting Time Penalty Subclass includes only those class members who no longer work for Defendants. (*Id.* at ii.) Plaintiffs' motion indicates that putative class representatives Braun, Coffman, Danchik and Pickering are former employees and therefore potentially eligible for waiting time penalties. (*Id.* at 12.) But the motion does not direct the Court to evidence regarding how many other class members no longer work for Defendants. The Court finds that the four putative class

---

[8] Plaintiffs also allege Defendants misclassified some of the Automobile Examiners. Specifically, Plaintiffs contend Liberty Mutual misclassified the Auto Specialists as exempt employees from January 1, 2009 until September 13, 2010. Plaintiffs have not directed the Court to evidence of how many class members worked as Auto Specialists. But this failure is immaterial to the Court's analysis because the number of Claims Adjusters alone satisfies the numerosity requirement.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
|---|---|---|---|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

representatives identified as former employees are insufficient to satisfy the numerosity requirement. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051–52 (vacating certification of classes containing only seven, nine, and ten members for lack of numerosity). Because Plaintiffs offer no estimate as to the size of this proposed subclass (aside from the four putative representatives), Plaintiffs have failed to establish numerosity with respect to the Waiting Time Penalties Subclass.

### 2. Commonality

Rule 23(a)(2)'s requirement of "common questions of law or fact" can be misleading. *See Wal-Mart Stores*, 131 S. Ct. at 2551–52. The Supreme Court has explained that "[c]ommonality [more accurately] requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* (quoting *Falcon*, 457 U.S. at 157). This is not to imply that members of the prospective class need only claim violations of the same provision of law. *Id.* at 2551. Rather, the class members' claims must depend upon a common contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* The commonality inquiry under Rule 23(a) is "less rigorous" than the predominance inquiry under Rule 23(b)(3). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Indeed, even a single common question may satisfy Rule 23(a)(2). *Wal-Mart Stores*, 131 S. Ct. at 2556.

With respect to the Misclassification Subclass, Plaintiffs claim Defendants misclassified these workers under the administrative exemption. (MCC at 17–21.) The resolution of whether these class members fall within the exemption is a common question "central to the validity of each one of [the subclass's] claims." *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551. Plaintiffs therefore satisfy the commonality requirement.

As to the Off-the-Clock Subclass, Plaintiffs claim Defendants maintained an "unofficial policy" of discouraging Automobile Examiners from reporting overtime. (MCC at 21–23.) Whether this alleged "unofficial policy" in fact exists will drive the resolution of the subclass's claims. *See Jimemez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165–1166 (9th Cir. 2014) (proving whether informal or unofficial policies existed would drive the resolution of plaintiffs' off-the-clock claims).

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

Plaintiffs aver commonality exists within the Meal and Rest Break Subclasses because Defendants maintain uniform practices and policies regarding scheduling and use of company telephones that make it "extremely difficult" for employees to take proper meal and rest breaks, resulting in de facto Labor Code violations. (MCC at 23–24.) Whether these policies exist is a factual question common to the subclasses' claims. Plaintiffs have therefore established commonality with respect to these two subclasses.

### 3. Typicality

Commonality and typicality "tend to merge." *Meyer v. Portfolio Recovery Assocs. LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (2013) (quoting *Wal-Mart Stores*, 131 S. Ct. at 2551 n.5). Both commonality and typicality "serve as guideposts for determining whether, under the particular circumstances, maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* (internal quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Where a party seeks to certify subclasses, certification fails if the "subclass representative is not a member of the subclass he or she seeks to represent." *Sueoka*, 101 F. App'x at 654.

Plaintiffs argue the class representatives are typical because they are all Claims Adjusters or Automobile Examiners, performed the same duties as the rest of the proposed class members, were misclassified as exempt, worked overtime hours without compensation, and missed meal and rest breaks. (MCC at 12.) Defendants do not contest typicality. (*See generally* Opp'n.) Because the alleged injuries suffered by the representatives and class members are identical, Plaintiffs have established typicality for the four remaining subclasses.

### 4. Adequacy

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation and internal quotation marks omitted). Under Ninth Circuit

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

precedent, adequacy depends on the resolution of two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members[,]" and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Defendants do not challenge Plaintiffs or their counsel's adequacy. (*See generally* Opp'n.) The Court is not aware of any conflicts of interest or any reason why Plaintiffs and their counsel will not vigorously advocate on each subclass's behalf. Thus, Plaintiffs have satisfied the adequacy requirement.

### B. Plaintiffs Fail to Establish Predominance Under Rule 23(b)(3)

Plaintiffs seek class certification under Rule 23(b)(3). Certification under this provision is appropriate where (1) common questions "predominate over any questions affecting only individual members," and (2) class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prods., Inc.*, 521 U.S. at 615 (internal quotation marks omitted). The predominance inquiry "tests whether [the] proposed classes are sufficiently cohesive to warrant adjudication by representation" and "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Id.* at 623. In doing so, it "focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

A finding of commonality under Rule 23(a)(2) is insufficient by itself to satisfy Rule 23(b)(3). *Id.* ("[The predominance] analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)."). Nevertheless, predominance does not require that the legal and factual issues be identical across the class. Certification is proper where "[a] common nucleus of facts and potential legal remedies dominates [the] litigation." *Id.*

As discussed below, the Court finds common questions do not predominate. As a result, Plaintiffs cannot establish a class action's superiority. Certification is therefore inappropriate in this matter.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
| --- | --- | --- | --- |
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

### 1.  Common Questions Do Not Predominate the Misclassification Subclass

Plaintiffs assert two predominance theories with respect to the Misclassification Subclass.  First, Plaintiffs argue that collateral estoppel precludes Defendants from re-litigating whether or not the putative class members are exempt administrative employees.  (*See* MCC at 14–16.)  Second, Plaintiffs contend that even if collateral estoppel does not apply, common evidence establishes the putative class members did not primarily engage in exempt duties.  (*See id.* at 17–21.)  The Court first considers whether the administrative exemption presents a predominating common question.  Finding that it does not, the Court then considers whether the collateral estoppel issue predominates.

### a.  The Administrative Exemption Does Not Establish Predominance

The protections afforded under Industrial Welfare Commission Wage Order 4-2001[9] do not apply to administrative exempt employees.  *See* Wage Order 4-2001 § 1(A). The administrative exemption applies where an employee: (1) performs "office or non-manual work directly related to management policies or general business operations" of the employer or its customers; (2) "customarily and regularly exercises discretion and independent judgment;" (3) "performs under only general supervision work along specialized or technical lines" or "executes under only general supervision special assignments and tasks;" (4) "primarily engage[s] in duties that meet the test of exemption;" and (5) earns a monthly salary of at least two times the state minimum wage. *Id.* § 1(A)(2)(a)–(g); *see also Eicher v. Advanced Bus. Integrators, Inc.*, 151 Cal. App. 4th 1363, 1371 (Cal. Ct. App. 2007).  The Wage Order expressly incorporates federal regulations interpreting the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.  See* Wage Order 4-2001 § 1(A)(2)(f).

The incorporated regulations provide that the first condition, requiring a direct relationship between an employee's duties and management policies or general business operations, may be met "by many persons employed as . . . claims agents and adjusters." 29 C.F.R. § 541.205(c)(5).  The phrase "directly related" "includes a wide variety of persons who either carry out major assignments in conducting the operations of the business, or whose work affects business operations to a substantial degree, even though

---

[9] All references to the "Wage Order" refer to Wage Order 4-2001, which is codified at Cal. Code. Regs. tit. 8, § 11040.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|----------|------------------------|------|------------------|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

their assignments are tasks related to the operation of a particular segment of the business." *Id.* § 541.205(c). The phrase "limits the exemption to persons who perform work of substantial importance to the management or operation" of the employer or its customer's business. *Id.* § 541.205(a). Thus, employees holding "run-of-the-mine positions" or engaged in "routine clerical duties" do not qualify for the exemption. *Id.* § 541.205(c)(1) and (2).

Resolution of the second condition, requiring the customary and regular exercise of discretion and independent judgment, depends on the particular facts and circumstances. *Id.* § 541.202(b). Various factors influence the analysis.[10] At a basic level, the employee must have the authority to "make an independent choice, free from immediate direction or supervision," even if a higher level reviews the decision. *Id.* § 541.202(c).

The fourth condition requires that the employee be engaged in exempt duties and activities more than fifty percent of the time. In making this determination, a court must consider "[t]he work actually performed by the employee during the course of the workweek." Wage Order 4-2001 § 1(A)(2)(f). This requires consideration of "the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job." *Id.*

At the certification stage, the Court need not determine whether the administrative exemption in fact applies. Rather, the Court's role is limited to determining whether the

---

[10] Factors to consider include, but are not limited to, the following:

[W]hether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

Claims Adjusters and Automobile Examiners, individually or as a class, meet the exemption's five conditions.  Pursuant to Rule 23(b)(3), the Court considers whether the Misclassification Subclass members' actual work experiences are so similar that determining the exemption's applicability on a class-wide basis "would further the goals of efficiency and judicial economy," or whether those experiences are so distinct that determining the exemption's applicability requires an "individualized inquiry into the manner in which each [employee] actually carried out his or her work."  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944, 946 (9th Cir. 2009).

Plaintiffs contend the issue of whether Defendants misclassified workers as exempt administrative employees predominates.  As common proof of misclassification, Plaintiffs offer evidence that Claims Adjusters (1) are not involved in budgetary decisions aside from those related to a particular claim; (2) do not create policies for handling claims; (3) do not undertake human resources functions; (4) do not set settlement authority for others in the company; (5) do not handle corporate financial planning; (6) do not provide accounting functions; (7) have no authority to bind Defendants or enter into contracts aside from the individual claims they process; (8) are highly regulated and supervised; and (9) do not supervise other employees.  (*See* Powell Decl. 45–102.)[11]  Defendants counter that the exemption issue will require individualized inquiries into the putative class members' actual and expected work duties.  (Opp'n at 11–13.)

Keeping in mind the principles discussed above, the Court considers whether the administrative exemption's applicability is predominantly subject to common proof.  First, the Court considers each of the five conditions set forth under the Wage Order and determines whether Plaintiffs have produced common evidence of each.  Next, the Court considers Plaintiffs' evidence of common policies and procedures to access whether this evidence also establishes predominance.

### i.  The First Condition

---

[11] Plaintiffs contend the Automobile Examiners' duties are "equally removed from Defendants' general business operations" and involve less discretion and independent judgment than the Claims Adjusters' duties.  (*See* MCC at 19 n.12; *see also* Auto Specialists Decls. ¶¶ 3, 4; Hailpern Decl. ¶ 5.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

The first condition asks whether the putative class members perform work "directly related" to Defendants or their customers' management policies or general business operations. Wage Order 4-2001 § 1(A)(2)(a). The work must be of "substantial importance." 29 C.F.R. § 541.205(a). Here, the record demonstrates that this inquiry can only be resolved on an individualized basis. This is because the Claims Adjusters and Automobile Examiners perform a wide variety of tasks with varying degrees of significance to Defendants' operations. Even among the Claims Adjusters, not all proposed class members have the same duties. For example, Declarant Stevens testified that she handled claims for only minor injuries and did not litigate any claims. (*See* Stevens Dep. 18:5–19:9.) In contrast, Declarant Pickering testified that she helped litigate claims and represent Defendant Safeco during mediations and in court. (*See* Pickering Dep. 132:7–139:2.) Moreover, Declarant Lincecum testified that she was responsible for setting reserves (*see* Lincecum Dep. 84:10–12), while Declarant August explained that she never set reserves and had no reserve authority (*see* August Dep. 80:2–13). And Declarant Perrotta testified that her reserve setting responsibility varied over time. (*See* Perrotta Dep. 104:15–25.) In sum, the evidence suggests that some class members performed work of a clerical or "run-of-the-mine" nature, whereas other members' duties were of more importance to the management or operations of Defendants' business. Because of these differences among the members' actual work duties, the first condition is not subject to common proof.

### ii.  The Second Condition

Common proof of whether the class members "customarily and regularly exercise[] discretion and independent judgment" also appears unfeasible. The evidence reflects material differences in the manner in which class members handled investigations, made liability determinations, and negotiated settlements. With respect to the common task of claims investigations, some employees exercised discretion in discharging this duty, while others appear to have followed orders set by Defendants. For example, Declarant Lincecum let the particular facts and her own experience drive each investigation. (*See* Lincecum Dep. 63:3–21.) But Declarant Beas apparently exercised no discretion and abided by Safeco's action plans. (*See* Beas Dep. 77:8–78:12.) The workers also exercised varying levels of discretion and judgment with respect to settlement negotiations. Some employees appear to have exercised little to no discretion and relied on a computer system and company guidelines. (*See* Pickering Dep. 67:11–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 13-00607 BRO (PLAx)** | | Date | November 7, 2014 |
|----------|------|------|------|------|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | | |

68:24; *id.* 91:1–14; *see also* Beas Dep. 54:19–55:23.)  But other workers relied on their own assessment of each case and did not abide by strict rules regarding incremental increases.  (*See* Coffman Dep. 72:10–74:23.)  Given these differences, the degree to which class members exercised discretion and independent judgment does not appear to be subject to common proof.

### iii.  The Third Condition

The exemption's third condition asks whether the employee performs work "requiring special training, experience, or knowledge" or executes "special assignments and tasks" under only general supervision.  Wage Order 4-2001 § 1(A)(2)(d)–(e).  The same evidence demonstrating marked differences in the degree to which class members exercise discretion and independent judgment suggests this inquiry also cannot be resolved on a class-wide basis.  By their own testimony, the proposed class members performed tasks with different degrees of experience and knowledge.  Thus, common proof will not resolve this inquiry.

### iv.  The Fourth Condition

Plaintiffs have not directed the Court to evidence about whether the proposed class members were "primarily engaged" in exempt activities.  *Id.* § 1(A)(2)(f).  After reviewing the record, (*see* Dkt. Nos. 40–44, 63–64, 76, 79), the Court finds the proposed class members' actual work experiences varied to such a degree that it is far from clear whether they performed exempt or non-exempt tasks, let alone performed exempt tasks more than fifty percent of the time.  In light of the differences in the importance of the employees' work and their exercise of discretion and independent judgment, answering this inquiry will likely require individual factual determinations.

### v.  The Fifth Condition

The parties have not directed the Court to evidence regarding the administrative exemption's fifth condition, that an employee earn at least twice the State of California's minimum wage.  Wage Order 4-2001 § 1(A)(2)(g).  Because the Court finds the exemption's first four conditions cannot be resolved on a class-wide basis, the Court need not evaluate this condition.

### vi.  Plaintiffs' Evidence of Common Policies and Procedures

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

The Ninth Circuit has established principles to guide the predominance inquiry where a putative class action involves exemptions under the California Labor Code.  For example, the Ninth Circuit has held that evidence of a company policy under which certain job titles or positions are uniformly classified as exempt is relevant to the predominance inquiry.  *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009).  But regardless of whether such a policy exists, "courts must still ask where the individual employees actually spent their time." *Id.* at 959.  This is because an exemption's blanket application "does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties." *Id.* (quoting *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 603 (E.D. Cal. 2008)) (internal quotation marks omitted).

Centralized rules regarding job duties and responsibilities are also probative of predominance, at least "to the extent they reflect the realities of the workplace," because such rules "suggest a uniformity among employees that is susceptible to common proof." *Id.* at 958–59.  Finally, evidence that proposed class members engage in uniform work duties and experiences favors a finding of predominance and reduces the need for individualized inquiries.  *See Vinole*, 571 F.3d at 947.

The parties dispute the extent to which evidence of Defendants' common policies and procedures demonstrates predominance.[12]  To the extent Plaintiffs argue that Defendants' policies and procedures are sufficient to establish predominance, this argument fails for two reasons.  First, the common policies and procedures establish only broad guidelines for class members' general duties that do not demonstrate the exemption issue is capable of class-wide proof.  For example, Exhibit N is a set of documents used in claims training that discusses Defendant Safeco's method of reserving.  (*See* McGlaze

---

[12] Plaintiffs nominally referenced "common policies and procedures" in their Motion for Class Certification but did not produce any evidence of such policies until filing their Reply.  (*See* McGlaze Decl. Exs. C–II.)  District courts generally should not consider new evidence presented in a reply unless the court gives the opposing party an opportunity to respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (alterations in original) (internal quotation marks omitted).  The Court therefore granted Defendants leave to file a sur-reply and has considered the all of the evidence and papers in ruling on Plaintiffs' Motion for Class Certification.  (Dkt. No. 81.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | | Date | November 7, 2014 |
|---|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | | |

Decl. Ex. N.)  The training module explains that "reserves should be reviewed on a regular basis" (*id.* Ex. N, at 9) and states that an adjuster's "guiding principle" should be to make the "best estimate [of a claim's] most probable outcome based on the information available at the time the reserve is being set" (*id.* Ex. N, at 12).  The module also provides that "[e]ach line of business/department may have different standards and guidelines."  (*Id.* Ex. N, at 11.)  This evidence suggests that Defendants' policies and procedures vested class members with some level of discretion.  But critically, it does not establish the degree to which individual class members actually exercised discretion when handling claims.  It also suggests that an employee's discretion varies depending on his or her department.

Second, Plaintiffs have not adequately explained how these common policies and procedures inform the administrative exemption analysis.  Even assuming the policies applied equally to all members of the Misclassification Subclass, the fact that Defendants expect these members to "follow certain procedures or perform certain tasks does not establish whether [the members] actually are 'primarily engaged' in exempt activities during the course of the workweek, or whether they 'customarily and regularly exercise[] discretion and independent judgment.'"  *See Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011) (internal citations omitted).  As discussed above, the record demonstrates that class members do not engage in uniform work duties and experiences.  Thus, the differences in class members' actual work experiences indicate that individualized rather than common inquiries predominate.  *See Vinole*, 571 F.3d at 947.

**b.  Collateral Estoppel Does Not Establish Predominance**

Collateral estoppel may preclude a party from re-litigating issues decided in prior litigation.  *See Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (Cal. 1999).[13]  Plaintiffs argue that the California Court of Appeal's decision in *Harris v. Superior Court*, 207 Cal. App. 4th 1225 (Cal. Ct. App. 2012) ("*Harris II*") precludes Defendants from arguing that

---

[13] Under California law, collateral estoppel applies where the issue sought to be precluded (1) is "identical to that decided in a former proceeding," (2) was "actually litigated," and (3) was "necessarily decided."  *Id.*  The prior decision must be "final and on the merits," and the party against whom preclusion is sought "must be the same as, or in privity with, the party to the former proceeding."  *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

the administrative exemption applies to the putative class members.[14]  In *Harris II*, the court of appeal found that the plaintiffs were not exempt administrative employees and directed the trial court to grant their motion for summary adjudication of the defendants' administrative exemption affirmative defense.[15]  (*See id.* Ex. B at 1.)

According to Plaintiffs, *Harris II* prohibits Defendants from arguing that the Claims Adjusters and Automobile Examiners are exempt administrative employees, or at least raises a common question of whether collateral estoppel applies.  Defendants primarily argue *Harris II* has no preclusive effect on the instant dispute.  (Opp'n at 17–22.)  At this stage of the proceedings, the Court need not determine the decision's preclusive effect.  Even if the issue of collateral estoppel amounts to a common question shared by the Misclassification Subclass members, it does not predominate over the individualized issues necessary to resolve Plaintiffs' claims.  *See supra* Part VI.B.1.a.  If the Court granted certification to determine the preclusive effect of *Harris II* and found it did not prevent Defendants from arguing the administrative exemption issue, Plaintiffs' claims would require individualized resolution for all the reasons discussed above.  Accordingly, the collateral estoppel issue does not present a "clear justification for handling the dispute on a representative rather than on an individual basis."  *Hanlon*, 150 F.3d at 1022.

### 2.  Common Questions Do Not Predominate the Off-the-Clock Subclass

Under California law, employees must be compensated for all time "during which an employee is subject to the control of an employer," including "all the time the

---

[14] Beginning in 2001, Defendant Liberty Mutual became embroiled in litigation challenging the classification of thirty-nine claims-handling positions (the "*Liberty Mutual Overtime Cases*").  (*See* DeBoskey Decl. ¶ 2.)  The *Liberty Mutual Overtime Cases* was a coordinated proceeding and included *Harris v. Liberty Mutual Insurance Co.*  (*Id.*)  On May 18, 2004,   a Superior Court Judge from Los Angeles County granted class certification for a class of former and current claims adjusters employed by Defendant Liberty Mutual and three of its subsidiaries.  (*Id.* ¶ 3; *see also id.* Ex. A.)  Appellate proceedings before the California Court of Appeal and Supreme Court of California ensued, ultimately resulting in the *Harris II* decision.  (*Id.* ¶ 5.)

[15] On October 24, 2012, the California Supreme Court denied review of *Harris II* and ordered that the decision not be officially published.  (*Id.* ¶ 5.)

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|----------|------------------------|------|------------------|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

employee is suffered or permitted to work, whether or not required to do so." *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 585–87 (Cal. 2000). Plaintiffs' off-the-clock claim requires proof of all three of the following: (1) class members "performed work for which [they] did not receive compensation;" (2) Defendants "knew or should have known that [class members] did so;" and (3) Defendants "stood idly by." *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) (quoting *Adoma v. Univ. of Phoenix, Inc.*, 270 F.R.D. 543, 548 (E.D. Cal. 2010)). "[L]iability hinges on whether employees actually performed" off-the-clock work. *Stiller v. Costco Wholesale Corp.*, 298 F.R.D. 611, 625 (S.D. Cal. 2014).

Plaintiffs contend the Automobile Examiners' off-the-clock claims are susceptible to common proof because of Defendants' official and unofficial policies. (MCC at 9–11.) Plaintiffs point to two official policies. The first requires all overtime to be approved in advance by a manager. (*See* Rapkin Decl. Ex. K.) The second prohibits employees from working before 8:00 a.m. or after 4:30 p.m. (*See* Auto Specialist Decls. ¶¶ 5, 6.) Plaintiffs also identify one "unofficial policy" of managers discouraging employees from requesting overtime. (*See id.* ¶ 10, 11; *see also* Braun Decl. ¶ 11; Hailpern Decl. ¶ 12.) Plaintiffs' theory of predominance is that these policies, along with the Automobile Examiners' job duties, left class members "no choice" but to work overtime without reporting it.

Defendants counter that the off-the-clock claims depend on individualized proof because (1) no company policy uniformly caused Automobile Examiners to work off-the-clock; (2) there is no common proof that Automobile Examiners actually worked overtime; and (3) there is no common proof that Defendants knew about individual examiners' failure to report overtime.

Because an employer's liability hinges on whether employees actually worked off-the-clock, overtime claims often present individualized inquiries. *See, e.g.*, *Reed v. Cnty. of Orange*, 266 F.R.D. 446, 453–54 (C.D. Cal. 2010) (finding that variations in the plaintiffs' time claims would require individualized inquiries and that class treatment would result in "substantial underpayment or overpayment" of certain claims). Nevertheless, district courts have certified class actions alleging off-the-clock claims, particularly where the class is "narrowly defined" and there is evidence of a "controlling

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

company-wide policy." *Jimenez v. Allstate Ins. Co.*, No. LA CV10-08486 JAK, 2012 WL 1366052, at \*19 (C.D. Cal. Apr. 18, 2012), *aff'd* (Sept. 3, 2014).

In *Jimenez*, the district court found common questions predominated where the plaintiffs alleged a company-wide policy discouraging and limiting overtime. *Id.* Because the overtime claims were based on a common "policy to violate the policy," there was "glue holding together the proposed class." *Id.* (internal quotation marks omitted).

Although Plaintiffs similarly allege Defendants' unofficial policy of discouraging overtime resulted in off-the-clock violations, *Jimenez* is distinguishable. Unlike the case in *Jimenez*, Plaintiffs have not produced substantial evidence of a company-wide "policy to violate the policy." Plaintiffs rely on the declarations of various Automobile Examiners, some of whom testified that they believed Defendants discouraged overtime. (*See, e.g.*, Braun Decl. ¶ 11; *see also* Hailpern Decl. ¶ 13.) But others testified that they did not feel discouraged from seeking overtime. (*See* Yamamoto Dep. 78:24–79:9.)

The record also demonstrates the Automobile Examiners' time keeping practices varied. (*See* Dkt. Nos. 40–44, 63–64, 76, 79.) For example, Declarant Yamamoto worked off-the-clock but never sought overtime compensation. (*Id.* 78:8–79:9.) Declarant Fitzwilliam testified that although Defendants never asked or instructed her to work off-the-clock, she did so and did not always request overtime. (Fitzwilliam Dep. 55:8–66:18.) Declarants Hurtado and Danchik also testified to working outside set working hours. Declarant Hurtado did not report this overtime because she did not want to be reprimanded or feel inadequate for failing to finish her work during the workday. (Hurtado Dep. 67:24–76:9.) Declarant Danchik sometimes reported overtime, depending on his manager's mood. (Danchik Dep. 58:21–59:7.) Taken together, these variations suggest that whether and to what extent the class members worked unreported overtime will "necessarily dissolve into a series of mini-trials." *See Lou v. Ma Laboratories, Inc.*, No. C 12-05409 WHA, 2014 WL 68605, at \*4 (N.D. Cal. Jan. 8, 2014). Accordingly, the first element of Plaintiffs' off-the-clock claims does not appear susceptible to common proof.

More importantly, the record establishes that the second and third elements of Plaintiffs' off-the-clock claims—whether Defendants knew workers failed to report overtime and nevertheless "stood idly by"—cannot be readily resolved by common proof.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00607 BRO (PLAx)** | Date | November 7, 2014 |
|---|---|---|---|
| Title | **JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL** | | |

Some testimony indicates that managers knew about and even encouraged unreported, off-the-clock work. (*See* Alten Dep. 41:9–75:6.) But other testimony suggests employees deliberately concealed the fact they worked before or after hours such that their managers would have no reason to know about unreported overtime. (*See* Hailpern Decl. 106:18–108:2; *see also* Fitzwilliam Dep. 60:10–61:17.)

Thus, this case is similar to *Koike v. Starbucks Corp.*, 378 F. App'x 659, 661 (9th Cir. 2010), in which the Ninth Circuit affirmed the district court's denial of class certification where the evidence "show[ed] only that business pressures exist which *might* lead [employees] to work off-the-clock." Based on the Automobile Examiners' own testimony, "individualized factual determinations are required to determine whether class members did in fact engage in off-the-clock work and whether [Defendants] had actual or constructive knowledge of off-the-clock work performed." *Id.* Accordingly, Plaintiffs have failed to carry their burden of showing common questions predominate.

**3. Common Questions Do Not Predominate the Meal and Rest Break Subclasses**

California Labor Code section 226.7 prohibits employers from requiring employees to work during meal and rest periods. Cal. Lab. Code § 226.7(b). Section 226.7 provides penalties for an employer's failure to provide proper meal and rest breaks. *Id.* § 226.7(c). Section 512 sets forth what meal periods are required based on the hours an employee works per day. *Id.* § 512(a).

An employer's duty under section 512 is "to provide a meal period to its employees. The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities[,] and permits them a reasonable opportunity" to take an uninterrupted break without "imped[ing] or discourage[ing] them from doing so." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (Cal. 2012). An employer "is not obligated to police meal breaks and ensure no work thereafter is performed." *Id.* So long as an employer relieves the employee from duty and relinquishes control, it cannot be liable under sections 512 or 226.7. *Id.* at 1040–41.

Plaintiffs assert common questions will drive the resolution of the meal and rest break claims because Defendant Liberty Mutual's time system allows employees to enter missed meal breaks but not missed rest breaks. (MCC at 23; *see also* Auto Specialist

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|---|---|---|---|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

Decls. ¶¶ 14, 15.)  Plaintiffs also aver Defendants' policies resulted in de facto meal and rest break violations.  Company policy prohibits Automobile Examiners, who spend most of their day on the road, from making telephone calls while driving.  (Sestito Dep. 118:5–21.)  But Defendants also expect employees to return all telephone calls the same business day and to keep their company-issued telephones turned on during the workday.  (*Id.* at 119:11–120:24.)  Plaintiffs' theory of predominance is that these policies and expectations, together with the policy limiting the workday from 8:00 a.m to 4:30 p.m., resulted in de facto meal and rest break violations because the class members do not have time to take the breaks required by California law.[16]

In light of the California Supreme Court's clarification in *Brinker* regarding an employer's duty to provide meal and rest breaks, Plaintiffs must establish that Defendants did not relinquish control over the class members or relieve them of their duties.  After reviewing the record, (*see* Dkt. Nos. 40–44, 63–64, 76, 79), the Court finds Plaintiffs have failed to satisfy their burden of showing that common proof is likely to resolve this issue.  The record reflects a wide variety of experiences among putative class members with respect to meal and rest breaks.  For example, Declarant Alten testified that he did not ever take a lunch break.  (Alten Dep. 46:25.)  To the contrary, Declarant Hurtado testified that employees are forced to take a one-hour lunch break every day.  (Hurtado Dep. 76:10–21.)  That she sometimes skipped lunch to avoid feeling inadequate does not establish Defendants prevented her from taking meal or rest breaks.

In sum, Plaintiffs' evidence does not demonstrate Defendants have "a uniform practice of denying employees their meal breaks and/or rest breaks."  *Gonzalez v. Millard Mail Servs., Inc.*, 281 F.R.D. 455, 463–64 (S.D. Cal. 2012) (finding plaintiffs failed to establish predominance or a common policy of preventing break periods where putative class members offered conflicting testimony about missed meal and rest breaks).  Because of the putative class members' varying experiences, the meal and rest break claims are not readily susceptible to common proof.

---

[16] Plaintiffs assert that Claims Adjusters face similar pressures resulting in missed meal and rest break periods.  (MCC at 8–9, 23.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00607 BRO (PLAx) | Date | November 7, 2014 |
|----------|------------------------|------|------------------|
| Title | JOE BRAUN ET AL V. SAFECO INSURANCE COMPANY OF AMERICA ET AL | | |

### C. Plaintiffs Fail to Establish Superiority Under Rule 23(b)(3)

"[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). Whether the Misclassification Subclass members fall within the administrative exemption requires individualized questions of fact and cannot be readily resolved on a class-wide basis. Similarly, the record reflects significant differences among class members' work experiences such that Plaintiffs' off-the-clock, meal, and rest break claims are likely to result in min-trials. Plaintiffs have therefore failed to carry their burden of establishing a class action's superiority.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Class Certification is **DENIED**.

### IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | rf |